UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 05 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S NOTICE OF JUDICIAL ESTOPPEL BASED ON DEFENDANT'S PRIOR ADMISSIONS**

Plaintiff Kisha M. Peters submits this Notice to preserve the record and reinforce that **Defendant Banner Health is judicially estopped** from asserting PHI-based justifications for termination due to its own prior sworn statements.

In its discovery responses, EEOC position statement, and internal review documents (see ECF 170 at pp. 4, 7–10), Banner Health **admitted** that:

- Plaintiff's alleged recording **did not contain any Protected Health Information (PHI)**;
- **No HIPAA breach notification was issued**, nor was it classified as a Category 3 violation;
- The incident was **known to Banner prior to Plaintiff's termination**.

Despite these clear, binding admissions, Defendant continues to invoke the disproven PHI theory in support of the upcoming summary judgment and other dispositive relief.

Under well-established Fifth Circuit precedent:

"**Judicial estoppel** is particularly appropriate where a party has taken a clearly inconsistent

1

position and the court has accepted the earlier position."— *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003)

"A party who has formally asserted a position in a legal proceeding and later adopts a clearly inconsistent position may be estopped to protect judicial integrity."— *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)

Accordingly, Plaintiff requests that the Court take judicial notice of these contradictions and bar Banner Health from asserting or relying upon any PHI-related termination theories, including its after-acquired evidence defense, particularly in light of the fact that Defendant expressly approved Plaintiff's email usage at the time in question and has since admitted that no Protected Health Information was recorded.

Dated: **May 05, 2025**

                                            **Respectfully submitted,**

                                             */s/ Kisha Peters*
                                            **Kisha Peters**
                                            *Plaintiff Pro Se*
                                            2927 Westwood Manor Lane,
                                            Houston, Texas 77047
                                            Kipeters1107@yahoo.com
                                            Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **May 05, 2025**, I served a true and correct copy of Plaintiff's Notice of Judicial Estoppel Based on Defendant's Prior Admissions via **U.S. Certified Mail with Tracking**, in accordance with **Federal Rule of Civil Procedure 5(b)(2)(C)**.

Additionally, Defendant's counsel has access to this document through the CM/ECF system, which automatically serves notice and provides an official copy upon filing.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199