UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

It is indisputably Plaintiff's burden to establish the possible admissibility of the evidence she relies upon in her Motion for Summary Judgment ("MSJ"). She has failed to meet that burden. Plaintiff's Response contains no persuasive law or case citations. Instead, it relentlessly argues – not only against Banner's objections to her evidence, but also against Banner's <u>own</u> summary judgment evidence,[1] and even Banner's affirmative defenses. Her arguments have no authority— they are conclusory outlines that do not acknowledge Banner's objections but instead just reject them. The law contained in Banner's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence ("Motion") is sound and the requested evidence should be excluded.

---

[1] In the very first page of her Response, Plaintiff chooses not to validate her own evidence and instead argues against Banner's evidence contained its MSJ Response. If Plaintiff wanted to object to Banner's evidence, then she should have done so, but the response to *Banner*'s objections is not the place to do it.

1

### I. Banner correctly stated the standards for considering evidence at the summary judgment stage.

Banner's Motion clearly and accurately states the law: a party can object to evidence "that cannot be presented in a form that would be admissible in evidence." [Motion at 2-3] Banner then goes on to show that many of Plaintiff's exhibits cannot be presented in such a form, based on double hearsay, best evidence, and other sound legal principles.

The premise of Plaintiff's counterargument appears to be that the admissibility rules at the summary judgment stage are so lenient as to make these basic evidentiary rules moot. While that may be true for things like basic authentication (which Banner acknowledges in its Motion), that does not mean that the "gloves are off" for summary judgment evidence. Banner stands by the objections raised in its Motion. Double hearsay is still double hearsay unless Plaintiff can explain how that can be cured. The parties still need to present the "best evidence" at this stage according to that very rule. The grounds offered for excluding Plaintiff's evidence are not "hyper-technical" [Resp. at 2] — in most instances, they are common-sensical.

Banner's authority regarding the summary judgment evidence standard is recent case law, right from this district. Plaintiff attempts to attack this case law in her Response's Exhibit A,[2] but her arguments are not persuasive. Plaintiff fails to explain how *Speruzzi*, *Mendiola*, and *Arcineux* are all wrong, despite all being decided in this district in the last four years. Additionally, Plaintiff does not rebut *Nucor*, which clearly states the summary judgment evidence standards for multiple types of evidence. Rather than showing *how* her evidence can be admissible, Exhibit A instead

---

[2] Exhibit A only contains legal argument, which is impermissible for an exhibit. *See LBS Innovations, LLC v. Apple Inc.*, 2020 WL 1433954, at *3 (E.D. Tex. 2020) (criticizing a party for including legal argumentation in exhibits). This is not the first time the plaintiff has flouted this rule. *See* ECF 103, Defendant's Response to Plaintiff's Objection and Motion to Vacate Rulings and Reconsider Discovery Orders, at 4-5. Plaintiff also uses the same tactic to an extreme degree in connection with her recent Reply in Support of Motion for Summary Judgment (*see* ECF 228 at Exs. E-O & U).

reflects only ChatGPT's advice to Plaintiff that she should "show each [exhibit] *can be* [admissible] at trial." [Resp. at 13, Ex. A] Banner agrees—Plaintiff does have that burden. But saying broadly that "everything will be supported by live testimony at trial" does not by itself resolve any of Banner's objections.

**II.     Plaintiff's audio recording evidence has still not been submitted to Banner and Plaintiff has not cured any of the problems identified in Banner's Motion.**

Plaintiff states that Banner claimed "evidentiary surprise" as the basis for its objections to her audio recording evidence. [Resp. at 2] But Banner did not raise a Rule 26 or 37 disclosure argument in its Motion. Instead, the surprise from Plaintiff was her refusal to submit the actual audio files that she relies upon *with her MSJ*. Banner is still not in receipt of these files (and it presumes the Court isn't either),[3] and it is not obligated to rely upon Plaintiff's incomplete rendition of those documents only. *See* Motion at 4 (attacking Plaintiff's transcripts as not being best evidence of the audio recordings). Plaintiff's claimed disclosure of these documents to Banner during discovery is not proof that the same evidence was attached to her MSJ.[4] Banner cannot be compelled to search the entire file for documents that Plaintiff *possibly* could be relying on in her MSJ. The evidence should be attached to the MSJ itself and referenced plainly.

---

[3] Plaintiff attempts to rely on the Court's Order at ECF 69 as the reason she did not file evidence supporting her MSJ. In that Order, the Court did strike Plaintiff's filings of additional exhibits, additional arguments, and errata to her first MSJ. [ECF 69 at 2–4] However, on the next page, the Court made clear that any future MSJ must be filed contemporaneously with all of the evidence it relies upon, and that any evidence which is not *specifically referred to* (by page, line, or paragraph) would not be considered. Thus, there is no excuse for Plaintiff failing to attach all of her evidence to her MSJ.

[4] Plaintiff wrongly asserts, with no legal citation, that documents produced in discovery must be objected to at that time, before they are used for any purpose. [Resp. at 2-3] As the Court knows, the scope of discovery is much broader than the scope of admissibility. It is impossible for a party to project how a certain document produced in the middle of discovery might be used by a party months later. That standard is ridiculous and cannot be enforced. The correct standard is stated in Banner's Motion—a party may object once the evidence is used in an MSJ.

Beyond that, these audio recordings still suffer from the problems identified in Banner's Motion. The recordings are still double hearsay. Plaintiff argues in a single sentence that *all* of the Banner employees she supposedly recorded are Banner's managers and employees, and thus, party-opponents. First, even if that were true, that would only provide one hearsay exception—but the recordings of these witnesses are double hearsay, and thus there needs to be an exception for every level of hearsay to be admissible. *Bourne v. Gunnels*, 655 F. Supp. 3d 571, 581 (S.D. Tex. 2023). In other words, even if the statements themselves are not hearsay, the recording still is.

Second, the test to demonstrate that an employee is a party-opponent for the purposes of hearsay is more complex than a simple citation to Rule 801. For the party-opponent exception to apply, a statement must be made "by the party's agent or employee on a matter within the scope of that relationship and while it existed" and "the declarant must be involved in the decision-making process affecting the employment action involved." *Hargett v. Phillips 66 Co.*, 2025 WL 278632, at *5 (S.D. Tex. 2025) (citing *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016)). "This exception does not apply to an employee's statement concerning a termination decision when that employee had nothing to do with that decision." *Fairchild*, 815 F.3d at 967.

Here, Plaintiff fails to explain how her recordings of six separate Banner employees qualify for this exception. Plaintiff has not demonstrated that any of the Banner employees she recorded made each of their statements in the employment relationship and that each declarant was involved in the decision-making process regarding her termination (or any other adverse action). The recordings therefore remain double hearsay.

Plaintiff also fails to explain how her authentication of the recordings meets the higher standard necessary for audio recordings. It is not enough for her to say that "the audio recording

is what I say it is." Under Fifth Circuit authority, she must confirm "the competency of the operator, the fidelity of the recording equipment, the absence of material . . . alterations in the relevant portions of the recording, and the identification of the relevant speakers." *U.S. v. Floyd*, 681 F.2d 265, 266 (5th Cir. 1982). Her Response completes none of these necessary steps, showing that these recordings could not be admissible at trial.

Finally, Plaintiff argues her self-made transcripts do not violate the best evidence rule because "the recordings are in evidence and admissible." [Resp. at 3] There is no source or authority for this circular argument. Plaintiff's *descriptions* of the contents of the recordings are not the best evidence of the recordings, and there is no legal authority stating that "explanatory transcripts" are an exception to that rule. The transcripts should be excluded for the reasons in Banner's Motion.

### III.  Plaintiff's conclusory arguments do not cure the problems with her affidavit evidence.

Plaintiff does not debate that her affidavits contain hearsay or dispute Banner's case law on the matter, but she does argue that her affidavits contain no legal conclusions. [Resp. at 3] Then, without a hint of irony, Plaintiff states that her affidavits "describe[] retaliation, harassment, and discipline." *Id.* That testimony and argumentation is a legal conclusion. *See Thomas v. Atmos Energy Corp.*, 223 F. App'x. 369, 374 (5th Cir. 2007) ("This section of [Plaintiff's] affidavit refers repeatedly to the actions of [manager] as 'retaliation' and states that these actions 'effected a change in the terms and conditions of affiant's employment' . . . We agree with the district court's determination that this portion of [Plaintiff's] affidavit should be excluded because it contains legal arguments and conclusions inconsistent with the requirements of Rule 701.").

Additionally, Plaintiff attempts to rehabilitate Exhibit K ("Bernard's Character Witness Statement") by saying that the affidavit does not give character evidence but instead "contextualizes retaliation and pretext." [Resp. at 4] Plaintiff fails to point to any part of Exhibit

5

K that is not character evidence. It is not clear how this exhibit serves any other purpose when it only contains Bernard's praise of Plaintiff, followed by Bernard's personal experience much after Plaintiff left employment with Banner. Exhibit K is not admissible under Rule 404 and Rule 401.

### IV. Banner withdraws its objections to the EEOC position statement exhibits.

Banner objected to Plaintiff's use of excerpts from Banner's EEOC position statement as hearsay and noted that a hearsay exception must be provided for the position statements to be admissible. [Motion at 8-9] Plaintiff has responded that the position statements can be considered party admissions. While Plaintiff provided no authority for that argument, on review, Banner agrees that the documents can be analyzed in that light and therefore withdraws its objections to Exhibits B(1), E, H, and N. Banner maintains its objection to Exhibit Q (which is allegedly a recording of Banner's counsel).

### V. The Exhibit C timeline is just written argument, not an appropriate summary.

Plaintiff attempts to save her Exhibit C ("Plaintiff's Timeline") by arguing that it "summarizes evidence already submitted in the record." [Resp. at 4] Rule 1006 requires more than that. The rule requires that the "proponent make the underlying originals or duplicates available for examining or copying"—but Exhibit C does not say at all what underlying documents it references or relies upon. It cannot be determined if the documents Plaintiff is allegedly summarizing are even admissible (as required by Rule 1006(a)), or why such writings cannot conveniently be examined without summary (as also required by the rule). Plaintiff does not identify any of the documents that Exhibit C supposedly references or where they appear in the MSJ record; her general statement that they are "already submitted and cited in the record" [Resp. at 4] is insufficient. *See Tierra Caliente Music Group, S.A. de C.V. v. Ser-Ca Discos, Inc.,* 2022 WL 20344511, at *18 (S.D. Tex. 2022) (excluding a Rule 1006 summary and noting "[the witness]

6

attests to the availability of the underlying evidence, but his generalized description of it does not permit the Court to ascertain its competence."). Exhibit C should be excluded.

## VI. A response to Banner's Motion is not the appropriate place for Plaintiff to argue against the merits of the after-acquired evidence defense or for sanctions.

Plaintiff's Response takes a turn on pages 6–9, where she begins to argue the merits of Banner's after-acquired evidence defense, which she falsely claims Banner "never pled" and only "introduce[d] at the summary judgment stage," while simultaneously citing to Banner's December 2024 Motion for Leave to Amend Answer to add the defense. [Resp. at 6-7 & Ex. B]. She then requests that the Court not only deny Banner's Motion, but grant affirmative relief in the form of precluding Banner from presenting the defense (and any supporting evidence) and imposing monetary sanctions. Banner's Motion has nothing to do with these arguments and Section IV of Plaintiff's Response is completely out of place.

As an initial matter, "[r]equests for affirmative relief must be made in a motion, not in the response." *Washington v. Trump*, 768 F. Supp. 3d 1239, 1281-82 (W.D. Wash. 2025); *see also Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 578 (D. Ariz. 2024) ("[T]o request a new claim for relief for the first time in a response brief is not the appropriate procedure."); *12260 Group, LLC v. Indep. Specialty Ins. Co.*, 705 F. Supp. 3d 1335, 1345 (M.D. Fla. 2023) ("When a party seeks relief imbedded in a response or reply, as here, the issue has not been raised properly."); *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 336 (D. Kan. 2020) ("Generally, requests for affirmative relief must be made by a motion, not raised in a response brief.") Therefore, the Court should disregard Plaintiff's arguments on the after-acquired evidence defense and its related exhibits (Exs. B–E). Plaintiff's attempt to turn her Response into a completely separate motion should not be allowed; alternatively, if the Court does wish to decide

7

the merits of the after-acquired evidence defense within this briefing, Banner requests that the Court allow it to reply on that topic separately.

Plaintiff's argument on sanctions suffers from the same problem and is also conclusory — it fails to explain with any specificity how Banner possibly violated Rule 11 or how Banner has "weaponized" what Plaintiff falsely alleges is "nondisclosure." "Rule 11 sanctions are only appropriate where filings lack evidentiary support or legal basis." *Vitatoe v. Kipp, Inc.*, 2025 WL 1688108, at *10 (S.D. Tex. 2025), *R&R adopted* 2025 WL 1685241 (S.D. Tex. 2025). Under that standard, Plaintiff must show "facts or controlling law" that establish Banner and its counsel have acted wrongly. *Id.* (describing *Zawislak v. Mem'l Herman Health Sys.*, 2022 WL 4358097, at *1 (S.D. Tex. 2022) as "denying a motion for sanctions where plaintiff did not specify a legal basis for sanctions."). Plaintiff fails to specify what action by Banner is sanctionable. She cites no case nor any evidence which would make Banner's Motion baseless, as the arguments in Banner's Motion were warranted by existing law. Her Rule 11 argument should be denied.

Aside from its substantive deficiencies, Plaintiff's request for Rule 11 sanctions fails to comply with the requirements of that rule. Rule 11 requires that any motion for sanctions "be made separately from any other motion," and that the party moving for sanctions serve the motion on the opposing party and provide a period of at least 21 days for "the challenged paper, claim, defense, contention, or denial" to be "withdrawn or appropriately corrected" before filing the sanctions motion with the court. Fed. R. Civ. P. 11(c)(2); *see also Bellard v. Aguilar*, 2025 WL 307210, at *5 (S.D. Tex. 2025) (courts will not entertain a request for Rule 11 sanctions that is improperly included in another motion or pleading).

Plaintiff also misuses Rule 37. The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information. *Rios v. Texas Christian*

*Univ.*, 348 F.R.D. 606, 609 (N.D. Tex. 2025). "The purpose of Rule 37(c)(1) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 808 (S.D. Tex. 2015). For the Court to impose sanctions under Rule 37, there must be a violation of a discovery order. *Bayoil, S.A. v. Polembros Shipping Ltd.*, 196 F.R.D. 479, 482 (S.D. Tex. 2000); *Connelly v. Veterans Admin. Hosp.*, 2014 WL 2003093, at *4 (E.D. La. 2014) (holding the same and noting that, without a violated discovery order, "any sanction must stem from the Court's inherent power" instead of Rule 37).

It is not clear what Plaintiff believes was disclosed late or how Banner is weaponizing such a disclosure. If Plaintiff is arguing that the Court should exclude the after-acquired evidence defense and related evidence under Rule 37 due to non-disclosure, then that is a non-starter. Plaintiff opposed Banner's motion to amend its answer to add the defense in December 2024 (*see* ECF 62), and she has relentlessly opposed the defense in multiple filings since then (*see, e.g.*, ECF 129, 139, 148-149, 173, and 179). She has been acutely aware of Banner's defense for more than half a year. Plaintiff also implicitly acknowledges that she has received discovery material from Banner related to the defense – in another filing (ECF 227) submitted on the same day as her Response, she attempts to explain away some of that evidence.[5]

This is at least the seventh time that Plaintiff has requested sanctions against Banner's counsel. *See* ECF 141, 160, 163, 175, 179, 182. Each time has been baseless, and Banner requests that the Court order that the Plaintiff not allege sanctions frivolously. *See Yan v. State Bar of Texas*, 2023 WL 6883668, at *1 (N.D. Tex. 2023), *R&R adopted*, 2023 WL 6884154 (N.D. Tex. 2023)

---

[5] The defense is also irrelevant at this stage. Banner briefly addressed the defense in its summary judgment response brief only because Plaintiff continues to mischaracterize it as a change in Banner's original reason for her discharge in 2022 and to cite it as alleged evidence of pretext.

9

("The repeated, unwarranted filing of motions for sanctions against an attorney is a serious matter, which the Court will not continue to tolerate. If Plaintiff files any future frivolous motions for sanctions, the undersigned will recommend appropriate sanctions against Plaintiff.").

## VII. Conclusion

Plaintiff's Response fails to cure nearly all of the objections identified in Banner's Motion. Banner stands by its objections and asks the Court to exclude Exhibits A, A(1), A(2), B, C, D(1), F, K, L, O, O-1 M, P, Q, and R from its consideration.

Dated: June 27, 2025

Respectfully submitted,

By: */s/ Jill J. Chasson*
Jill J. Chasson (Arizona Bar #019424)
*Attorney-in-charge, admitted pro hac vice*
Andrew T. Fox (Arizona Bar #034581)
*Admitted pro hac vice*
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Telephone: 602.381.5481
Fax: 602.224.6020
jchasson@cblawyers.com
afox@cblawyers.com

Shira R. Yoshor
State Bar No. 00788730
yoshors@gtlaw.com
Julissa Esquivel
State Bar No. 24121458
julissa.esquivel@gtlaw.com
**GREENBERG TRAURIG LLP**
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: 713.374.3613
Fax: 713.374.3505

***ATTORNEYS FOR DEFENDANT BANNER HEALTH***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on June 27, 2025.

| | |
|---|---|
| Kisha Peters | ☐ via Certified Mail, RRR |
| 2927 Westwood Manor Ln. | ☉ via U.S. Mail (First Class) |
| Houston, Texas 77047 | ☉ via Electronic Mail |
| Telephone: 832-782-0199 | ☐ via Fax |
| kipeters1107@yahoo.com | ☐ via Hand Delivery |
| | ☐ via Messenger |
| *Plaintiff Pro Se* | ☐ via E-Filing |
| | ☐ via Federal Express |

*/s/ Tina Johannesen*

11