UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING DISCOVERY CONFERENCE AND NON-COMPLIANCE WITH ECF 49</u>**

Although the Court has relieved Defendant Banner Health ("Banner") of the burden of having to respond to Plaintiff's filings unless instructed to do so [ECF 205], Banner is compelled to respond to Plaintiff's *Notice Regarding Discovery Conference and Non-Compliance with ECF 49* [ECF 230] to correct the misrepresentations and factual omissions therein.

As the Court is aware, Plaintiff previously sought leave to file a motion to compel Banner to produce additional insurance policy documentation. That motion was denied on June 5 because Plaintiff failed to comply with the Court's discovery procedures. *See* ECF Nos. 215, 221. To remedy that deficiency, Plaintiff requested to schedule a meet-and-confer call with Banner's counsel to discuss her request for "the full insurance policy applicable to Banner Health's potential liability in this action, including all declarations, coverage forms, endorsements, riders and exclusions." On June 13, 2025, Banner's counsel sent a meeting invitation for a call to take place on the afternoon of June 20, 2025. As counsel indicated at that time, "If the issues are resolved before then, we can cancel the conference." [ECF 230, Ex. B]

Plaintiff claims she accepted counsel's invitation for this conference call, but no such acceptance was received by Banner's counsel. Curiously, Plaintiff's claimed "proof" of acceptance is not an email showing same, but "Yahoo email metadata" that she says show that the meeting request was "received and accessed on June 13, 2025 at 11:27 PM CDT and accepted (June 14, 2025 at 04:27 UTC)." [ECF 230 at 3 and Ex. D] But 11:27 PM CDT and 04:27 UTC *are the same exact time*, because UTC (Universal Coordinated Time) is five hours ahead of Central Daylight Time.[1] Further, there is nothing in Exhibit D that shows any transmission from Plaintiff to counsel; rather, using UTC time, the exhibit shows only transmission from counsel's email address to Plaintiff's email address on "Sat, 14 Jun 2025 04:27:15" [*Id.*, p.2]

Plaintiff goes on to complain that Banner's counsel unilaterally cancelled the scheduled June 20 call and misleadingly indicates that counsel's only reason for doing so was Plaintiff's lack of acceptance. Plaintiff also complains that counsel exceeded the Court's limit of one email per week. Neither is true.

On June 19, 2025 at 12:31 pm Arizona time (2:31 CDT), Banner attempted to produce to Plaintiff by email "a complete, unredacted copy of the Chubb excess EPLI policy that is applicable to this lawsuit." Counsel went on to state that, "***Because we believe that production of the policy resolves this dispute, I am going to cancel the call scheduled for tomorrow*** (which you have not yet accepted). If, after reviewing the policy, you believe there are issues remaining to be discussed,

---

[1] "Coordinated Universal Time (UTC) is the primary time standard globally used to regulate clocks and time. It establishes a reference for the current time, forming the basis for civil time and time zones. …UTC has been widely embraced by most countries and is the effective successor to Greenwich Mean Time (GMT) in everyday usage and common applications. … The Network Time Protocol (NTP), designed to synchronise the clocks of computers over the Internet, transmits time information from the UTC system…. [L]ocal time on the east coast of the United States is five hours behind UTC during winter, but four hours behind while daylight saving is observed there" *See* https://en.wikipedia.org/wiki/Coordinated_Universal_Time# (last visited June 27, 2025).

2

please let me know and we can set up another time for a conference." *See* June 19, 2025 emails attached as Exhibit 1 (emphasis added). Counsel's email was bounced back from the Yahoo server on the grounds that "message size exceeds maximum size" – meaning, **Plaintiff did not receive this email**.

Four minutes later, counsel re-sent the original email to Plaintiff, without attaching the policy and with this additional note: "As you can see from the attached message and the one below, my attempt to email the insurance policy to you a few minutes ago has failed – it was rejected by Yahoo due to the size of the attachment. On the assumption that you remain unwilling to use a file sharing folder, I will place a hard copy of the policy in the mail to you today." [Ex. 1] In short, Plaintiff received just one email from counsel on June 19 – the second email, which included the text of the first one that was never delivered to her.

Counsel acknowledges not realizing at the time the follow-up email was sent that there was no USPS mail service that day. Thus, the policy did not go out in the mail until June 20. It should be in Plaintiff's possession by now. As noted in counsel's email to Plaintiff, disclosure of the complete policy should resolve the dispute that was to be the subject of the cancelled phone conference, but if Plaintiff believes otherwise, counsel are available to discuss that with her.

Dated: June 27, 2025

Respectfully submitted,

By: */s/ Jill J. Chasson*
Jill J. Chasson (Arizona Bar #019424)
*Attorney-in-charge, admitted pro hac vice*
Andrew T. Fox (Arizona Bar #034581)
*Admitted pro hac vice*
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004
Telephone: 602.381.5481
Fax: 602.224.6020
jchasson@cblawyers.com
afox@cblawyers.com

>Shira R. Yoshor
>State Bar No. 00788730
>yoshors@gtlaw.com
>Julissa Esquivel
>State Bar No. 24121458
>julissa.esquivel@gtlaw.com
>**GREENBERG TRAURIG LLP**
>1000 Louisiana Street, Suite 6700
>Houston, Texas 77002
>Telephone:  713.374.3613
>Fax:  713.374.3505
>
>*ATTORNEYS FOR DEFENDANT BANNER HEALTH*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on June 27, 2025.

| | |
|---|---|
| Kisha Peters<br>2927 Westwood Manor Ln.<br>Houston, Texas 77047<br>Telephone: 832-782-0199<br>kipeters1107@yahoo.com<br><br>*Plaintiff Pro Se* | ○ via Certified Mail, RRR<br>⊙ via U.S. Mail (First Class)<br>⊙ via Electronic Mail<br>○ via Fax<br>○ via Hand Delivery<br>○ via Messenger<br>○ via E-Filing<br>○ via Federal Express |

*/s/ Jill Chasson*

4