UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**DEFENDANT BANNER HEALTH'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Banner Health ("Banner") respectfully seeks leave to file a sur-reply in opposition to Plaintiff's Motion for Summary Judgment. On June 20, 2025, Plaintiff Kisha Peters filed her Reply in Support of Motion for Summary Judgment ("Reply," ECF 227), in which she advanced new evidence and raised new arguments and issues for the first time.[1] For the reasons explained below, good cause exists to grant leave for Banner to file a sur-reply on the following issues:

(i) New argument for summary judgment on Plaintiff's unpled, unexhausted, and untimely Americans with Disabilities Act ("ADA") claim;

(ii) New argument and evidence in support of summary judgment on Banner's after-acquired evidence defense;

(iii) 19 new exhibits, most of which contain impermissible legal argument; and

(iv) New legal arguments supported by hallucinated case citations and quotations.

---

[1] Plaintiff's Reply even anticipates that Banner is entitled to a sur-reply, as she prophylactically requests a sur-sur-reply to Banner's responses to her new arguments. [ECF 227 at 24]

**Argument**

"[I]t is improper for the movant to sandbag and raise wholly new issues in a reply memorandum." *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. 2011). While "[a]rguments raised for the first time in a reply brief are generally waived," *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010), "granting leave to file a sur-reply in extraordinary circumstances on a showing of good cause is a viable alternative to the general practice to summarily deny or exclude all arguments and issues first raised in reply briefs." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019) (quotation marks and citations omitted). "Generally, 'good cause" exists where the reply brief raises new grounds that were not included in movant's initial motion. Good cause . . . also exists where a party seeks to 'clarify misstatements' contained in the reply brief." *NCMIC Ins. Co. v. Smith*, 375 F. Supp.3d 831, 835-36 (S.D. Ohio 2019) (internal citations omitted). "The Court may grant motions for leave to file a sur-reply in the exercise of its sound discretion." *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 621 F. Supp. 3d 757, 760 (S.D. Tex. 2022).

**I.    Plaintiff Asserts New Arguments for Summary Judgment on an Unpled ADA Claim**

As Banner noted in its Response to Plaintiff's Motion for Summary Judgment (ECF 224 at 17, n.9), other than making a passing reference to the ADA in the introduction and conclusion, Plaintiff's MSJ did not provide any legal argument or evidence in support of granting her summary judgment on an ADA claim. This came as no surprise because neither Plaintiff's original Complaint nor her First Amended Complaint includes any ADA claim.

In her Reply, however, Plaintiff sets out several pages of argument and legal authority in support of putative claims under the ADA for failure to accommodate and retaliation. [ECF 227 at 15-20] Banner should be entitled to respond on the merits, as these arguments were only made for

the first time in the Reply and suffer from multiple defects, including the incurable procedural defect of failure to exhaust administrative remedies. *See Taylor v. Lockheed Martin Aeronautics Co.*, 2025 WL 36174, at *2 (N.D. Tex. 2025) ("Before bringing a claim under the ADA, a plaintiff must file a charge of discrimination with the EEOC."); *McClain v. Lufkin Indus.*, Inc., 519 F.3d 264, 272 (5th Cir. 2008) (finding court must dismiss any claims that fail to show administrative exhaustion). As part of a sur-reply, Banner would submit Plaintiff's original and amended EEOC charges – of which the Court may take judicial notice – to demonstrate that she failed to raise any disability-related claims. *Bustos v. United Parcel Serv., Inc.*, 2020 WL 2529384, at *3 (S.D. Tex. 2020) (finding "the court may take judicial notice of the EEOC charge").

## II.     Plaintiff Belatedly Argues for Summary Judgment on Banner's After-Acquired Evidence Affirmative Defense

Plaintiff's Motion for Summary Judgment failed to put forth any coherent legal argument or evidence for dismissing Banner's after-acquired evidence defense. Accordingly, Banner did not substantively address the issue. [ECF 224 at 17, n.9] Now, for the first time in her Reply, Plaintiff offers a host of arguments in support of dismissal, including alleged lack of disclosure. For example, Plaintiff contends that Banner has identified only two documents in support of its after-acquired evidence defense (Banner-00295 and Banner-02170), and that neither document evidences her sending patient PHI from her Banner email address to her personal email address. [ECF 227 at 1] Both contentions are wrong.

On January 31, 2025, Banner provided its *Response to Plaintiff's Second Request for Production of Documents regarding Defendant's After-Acquired Evidence*, a 24-page response timely disclosing detailed responses regarding its defense and producing more than 500 pages of additional documents. On that same date, Banner also provided its 21-page *Response to Plaintiff's Fourth Request for Production of Documents Regarding Defendant's Corrective Action Plan*

*(CAP) Compliance*, which included numerous responses relating to the after-acquired evidence defense (including Plaintiff's mistaken belief that the CAP referenced in the document's title is relevant to her conduct or Banner's defense).

Moreover, Plaintiff's contention about Banner-00295 and Banner-02170 is false. She conveniently submits only part of these documents, which are 23 pages and 4 pages long, respectively. A review of each complete document demonstrates that Plaintiff transmitted PHI for more than 90 Banner patients to her personal email address. Although Plaintiff's arguments are unserious and belied by the evidence, Banner should be provided with the opportunity to respond.

### III. Plaintiff's Additional Exhibits are Full of Legal Arguments and Objections

Plaintiff's Reply is supported by nearly 90 pages of new exhibits. [ECF 228] Most of Plaintiff's new exhibits (Ex. E through O) purport to be "impeachment" of Banner's declarations. These exhibits are chock full of impermissible legal arguments and evidentiary objections. *See LBS Innovations, LLC v. Apple Inc.*, 2020 WL 1433954, at *3 (E.D. Tex. 2020) (criticizing a party for including legal argumentation in exhibits). Moreover, many of Plaintiff's boilerplate objections plainly do not apply. For instance, Plaintiff repeatedly complains that a declaration failed to authenticate attached documents where the declaration at issue did not attach any documents. [*Compare* ECF 228-8 at 2 (Objection to Myrick) *with* 224-1 at 220-22 (Myrick Decl.); *compare also* 228-11 at 2 (Objection to Bowers) *with* 224-1 at 260-63 (Bowers Decl.)] Banner should be granted leave to correct such misstatements and respond to Plaintiff's objections.

### IV. Plaintiff's New Legal Arguments are Plagued by AI Hallucinations

Plaintiff "has repeatedly cited case law that does not exist" in this matter. [ECF 168 at 5] The Court has warned Plaintiff on multiple occasions that she "may not file any document with the Court that was generated by artificial intelligence without ensuring all of the citations are real

and stand for the legal proposition for which they are cited," and that Plaintiff's "[f]ailure to comply with the Court's Order may result in sanctions up to and including dismissal of claims." [*Id.* at 7; *see also* ECF 205 at 3] Most recently, the Court ordered Plaintiff to "take notice of and comply with General Order 2025-04, *In Re: Use of Generative Artificial Intelligence in Court Filings*," cautioning that "**failure to comply with this Order and General Order 2025-04 may result in sanctions up to and including monetary sanctions and recommendation to the district court judge that this case be dismissed.**" [ECF 205 at 3 (emphasis in original)]

In accordance with General Order 2025-04, Plaintiff's Reply includes an AI Use Compliance Statement, in which she attests that "the filing was fully reviewed, edited, and approved by Plaintiff, *who accepts fully responsibility for its content, accuracy, and citations*." [ECF 227 at 28 (emphasis added)] Despite that certification, the Reply contains several hallucinated legal citations and quotations.[2] [*See, e.g.*, *Id.* at 4 (hallucinated citation for *Elgaghil*); 12 (hallucinated quotation from *Chambers*); 13 (hallucinated quotation from *Cutera*) and 16 (same)] Most egregiously, Plaintiff attributes (in bold, emphasized text) a quote to an appellate case involving Banner, citing to "*Banner Health System v. NLRB*, 867 F.3d 1051, 1054 (D.C. Cir. 2017)." The reporter number and page cites Plaintiff provided actually correspond with *Does v. Gillespie*, 867 F.3d 1034, 1054 (8th Cir. 2017). Unsurprisingly, *Gillespie* **does not** include the

---

[2] Unfortunately, this isn't the first time in this litigation that Plaintiff has relied on hallucinated case quotations. Although resolved by the Court before Banner was required to respond, Plaintiff's Motions filed at ECF 178-180 contain more than 15 fabricated quotations. *See, e.g.*, ECF 178 at 1-2 (*Hall* and *Superior Crewboats*), 3 (*Product Fabricators*, *Fields*, *Old Chief*, *Brown*, *Chambers*, and *Zuke*); 179 at 6 (*Neitzke*, *Cooter & Gell*, *Christian*, *Brubaker*, *Cullen*); 180 at 4 (*Fuentes*); and 180-1 at 12 (*Kaiser* and *Skidmore*).

Plaintiff also continues to rely on fake case quotations in filings for which she has attested to her compliance with General Order 2025-04. On June 30, 2025, Plaintiff filed her *Motion for Leave to File Sur-Reply in Response to Defendant's ECF 234*, attaching as Exhibit E her AI Use Compliance Statement. [ECF 236 at 50] Despite accepting full responsibility for the content and accuracy of her filing, Plaintiff's Motion includes multiple hallucinated quotations. *See* ECF 236 at 4-5 (parenthetical quotation from *Rozier* is hallucinated); *id.* at 5, n.2 (quote from *Demjanjuk* starting with "as a scheme" is hallucinated).

5

quotation supplied by Plaintiff. Worse still, *Banner Health System v. NLRB* is a real case, and a review of the decision at its proper citation, 851 F.3d 35 (D.C. Cir. 2017), confirms that the quotation provided by Plaintiff is fabricated.

## Conclusion

For the reasons stated above, good cause exists for a sur-reply to allow Banner both to respond to new arguments and evidence and reply to misstatements contained in the Reply.

Dated: July 1, 2025

Respectfully submitted,
By: */s/ Jill J. Chasson*
Jill J. Chasson (Arizona Bar #019424)
*Attorney-in-charge, admitted pro hac vice*
Andrew T. Fox (Arizona Bar #034581)
*Admitted pro hac vice*
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004
Telephone: 602.381.5481
Fax: 602.224.6020
jchasson@cblawyers.com
afox@cblawyers.com

Shira R. Yoshor
State Bar No. 00788730
yoshors@gtlaw.com
Julissa Esquivel
State Bar No. 24121458
julissa.esquivel@gtlaw.com
**GREENBERG TRAURIG LLP**
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone:  713.374.3613
Fax:  713.374.3505

*ATTORNEYS FOR DEFENDANT BANNER HEALTH*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on July 1, 2025.

| | | |
|---|---|---|
| Kisha Peters | ○ | via Certified Mail, RRR |
| 2927 Westwood Manor Ln. | ⊙ | via U.S. Mail (First Class) |
| Houston, Texas 77047 | ⊙ | via Electronic Mail |
| Telephone: 832-782-0199 | ○ | via Fax |
| kipeters1107@yahoo.com | ○ | via Hand Delivery |
| | ○ | via Messenger |
| *Plaintiff Pro Se* | ○ | via E-Filing |
| | ○ | via Federal Express |

*/s/ Jill J. Chasson*