UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED
JUN 30 2025
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, | § |
| Plaintiff, | § § § |
| vs. | §  Civil Action No: 4:24-cv-00772 |
| BANNER HEALTH d/b/a BHT BANNER HEALTH OF TEXAS | § § § |
| Defendant. | § § |

### PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO ECF 235

TO THE HONORABLE COURT

Plaintiff Kisha-Marie Peters respectfully moves this Court for leave to file a short response to Defendant's filing, ECF 235, which was submitted in violation of this Court's prior order, ECF 205, relieving Defendant of the obligation to respond to Plaintiff's filings unless expressly instructed by the Court. Plaintiff provides all necessary factual and procedural rebuttal within this motion. **No separate filing will follow.**

Banner's repeated disregard for this Court's authority is now well-documented. In addition to violating **ECF 205**, which clearly states that "**Defendant is not required to respond to any Motion filed by Plaintiff unless instructed to do so by the Court**" — Defendant has consistently ignored procedural mandates. For example, Banner violated ECF 49 (entered August 29, 2024), which requires the parties to engage in a pre-motion meet-and-confer. Despite initially proposing the meeting, Banner unilaterally canceled it, thereby obstructing Plaintiff's

1

ability to comply with the Court's required process and forcing the need for discovery-related relief.

Banner also breached ECF 80 (entered January 6, 2025), which limits both parties to one email per week. These violations are not isolated incidents; rather, they reflect a consistent pattern of **unilateral litigation conduct**, defiance of Court authority, and disregard for procedural order. Plaintiff respectfully preserves these violations in the record for potential appellate review, as Banner's conduct demonstrates a calculated strategy to interfere with judicial administration and to mislead the Court.

The communication Banner referenced in ECF 235 was part of a scheduling process consistent with past practice. Plaintiff accepted the proposed meeting time in good faith through Yahoo email — a method previously used without issue in prior communications. Defendant's effort to now challenge the legitimacy of this communication is a transparent attempt to fabricate procedural disputes in order to cancel the discovery meeting.

This appears to be a deliberate effort to deflect attention from the **indisputable fact** that Defendant's motion for summary judgment fails to meet the burden of proof under Federal Rule of Civil Procedure 56(c). Banner's conduct reflects yet another attempt to mislead the Court and obstruct the fair adjudication of this matter.

Finally, Plaintiff still has not received the full insurance policy as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). While Defendant claimed the document was sent on June 19, 2025, it has not been received as of the date of this motion — **more than 11 days later**. This continued noncompliance highlights Defendant's ongoing disregard of its discovery obligations. More critically, **Defendant has now manufactured procedural disputes and withheld required disclosures** to interfere with the judicial machinery's ability to perform its task of

2

**impartial adjudication**. Banner's actions are not merely negligent — they reflect a pattern of **intentional litigation conduct** designed to **obstruct Plaintiff's ability to fairly present her case**, consistent with the legal standard for **fraud on the court**.

Plaintiff seeks leave for the court to accept this response to ECF 235 to ensure the record accurately reflects these ongoing abuses.

**Relief Requested:**

Plaintiff respectfully requests that the Court:

1. **Accept** Plaintiff's leave, respond to **ECF 235**;
2. **Strike ECF 235** as improperly filed in violation of **ECF 205**;
3. **Issue** appropriate sanctions against Defendant and its counsel under **Federal Rule of Civil Procedure 11(c)** or the Court's inherent authority, including but not limited to a monetary sanction of **$5,000** or any other relief the Court deems just;
4. **Order** Defendant to produce the full insurance policy required under Federal Rule of Civil Procedure **26(a)(1)(A)(iv)** within **seven (7) days** of this Court's order; or,
5. **Alternatively**, deem that Defendant Banner Health shall bear full and exclusive responsibility for satisfying any judgment in this matter, without offset or reliance on any right to shift liability to a third-party insurer or indemnity provider.
6. **Grant** any further relief the Court deems appropriate to preserve the integrity of these proceedings.

**Insurance Responsibility Clause**

Defendant Banner Health has failed to produce a complete copy of its insurance policies as required under **Federal Rule of Civil Procedure 26(a)(1)(A)(iv)**. Accordingly, Plaintiff reserves

3

all rights to enforce any judgment directly against Banner Health, which shall bear full responsibility for satisfying the judgment irrespective of any third-party insurance coverage. Banner Health shall not assert that Plaintiff is required to pursue or exhaust claims directly with any insurance carrier. The obligation to secure payment from any insurer or third-party rests solely with Defendant.

June 30, 2025

                                        **Respectfully submitted,**
                                        */s/ Kisha Peters*
                                        Kisha Peters
                                        *Plaintiff Pro Se*
                                        2927 Westwood Manor Lane,
                                        Houston, Texas 77047
                                        Kipeters1107@yahoo.com
                                        Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I served a true and correct copy of **Plaintiff's Motion for Leave to Respond to ECF 235**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

        **Respectfully submitted,**

        */s/ Kisha Peters*
        Kisha Peters
        *Plaintiff Pro Se*
        2927 Westwood Manor Lane
        Houston, Texas 77047
        Kipeters1107@yahoo.com
        Telephone: 832-782-0199