UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED

JUL 0 2 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE SUR-REPLY (ECF 237), SUPPORTED BY
INDISPUTABLE EVIDENCE OF MATERIAL MISREPRESENTATION**

**TO THE HONORABLE COURT**

**Introduction: ADA Argument is Not New, Not Unpled, and Not Unexhausted**

**1. Actual Notice: (Fraud Upon the Court — Judicial Admissions Contradicted)**

Contrary to Defendant's claim in ECF 237 that Plaintiff's ADA theory was "raised for the first

time," the record reflects judicial admissions and authenticated documentation demonstrating

that Banner had actual knowledge of Plaintiff's disability — see ***ECF 228, p.46 Exhibit S***.

These facts clearly implicate disability-related protections, yet Defendant now falsely claims that

Plaintiff never invoked the ADA, and that any reference to it is new. This is not merely

inaccurate — it is an **intentional misrepresentation** of the record.

Given that Banner Health is represented by seasoned employment counsel with **over 30 years of**

**combined legal experience**, it is not credible for Defendant to claim it lacked notice of the

ADA-related basis for Plaintiff's claims. This misrepresentation is:

1

1. **By officers of the court,**

2. **Directed at the judicial machinery,**

3. **Intentionally false or in reckless disregard for the truth,**

4. **A concealment under a duty to disclose,**

5. **Designed to deceive the Court.**

This satisfies the five-part test for **fraud upon the court** set forth in *Demjanjuk v. Petrovsky*, 10

F.3d 338, 348 (6th Cir. 1993), and affirmed by the late Judge Aldisert in *Herring v. United*

*States*, 424 F.3d 384 (3d Cir. 2005)[1].

The defense's attempt to use this falsehood to obtain leave to file a sur-reply is **procedurally**

**abusive and legally sanctionable**. ECF 237 should be denied with prejudice.

**2. ADA Claims Were Implicitly and Effectively Exhausted**

Federal law does not require a claimant to cite the ADA by name in their EEOC charge. If the

underlying facts would reasonably lead to an ADA-based investigation, the claim is deemed

exhausted. See *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (**5th Cir. 2017**) (exhaustion

requirement is met where claim "grows out of or is reasonably related to the EEOC charge").

Plaintiff's references to medical leave, protected activity, and retaliatory termination more than

satisfy this standard. — **ECF 233 at page 17, Section IX**

**3. Defendant Failed to Move to Dismiss or Strike**

Defendant never filed a Rule 12(b)(6) motion or moved to strike ADA-based allegations as

unexhausted or improperly pled. By failing to raise this in a timely manner, Defendant has

**waived the defense**. Its current attempt to raise exhaustion for the first time in a request for sur-

reply briefing is procedurally improper and should be barred.

## 4. ADA Retaliation Was Addressed in the Original Motion

Plaintiff's Motion for Summary Judgment (**ECF 170**) discussed protected activity, disability-related leave, and the temporal proximity between those events and Plaintiff's termination. The ADA framework was supported by the factual record and presented fairly. The reply brief did not introduce new theories — it rebutted Banner's claim that no protected activity occurred and clarified the legal framework applicable to the undisputed timeline.

## 5. No Sur-Reply Is Warranted

Banner had a full opportunity to brief the ADA claim, exhaustion, and legal sufficiency in its opposition. It failed to do so.

A sur-reply is not a vehicle for relitigating facts or supplementing weak arguments — it is reserved for truly new legal issues. *Doe v. Columbia-Brazoria ISD*, 855 F.3d 681, 685 (5th Cir. 2017). Accordingly, Defendant's motion to file a sur-reply on this issue should be denied.

## 2. Rebutting Banner's Case Law Argument (Reply Brief ≠ New Argument)

Banner cites multiple cases to claim that Plaintiff "sandbagged" by raising new issues in the reply brief. However, **none of those standards apply here**. In fact, the very cases Banner cites actually support **denial** of their motion under the facts of this case.

**Argument Response:**

1. **Weems v. Hodnett** – *2011 WL 2731263 (W.D. La. 2011)*

    - Weems cautions against surprise arguments in reply briefs — but here, Plaintiff's references to protected activity (including ADA-linked events) were present in both the **EEOC filings** and the **original summary judgment motion (ECF 170)**.

    - No new legal theory was introduced — only clarification and rebuttal.

---

[1] See https://caselaw.findlaw.com/court/us-3rd-circuit/1117550.html

2. **Jones v. Cain**, 600 F.3d 527 (5th Cir. 2010)

   - Even Jones affirms the general rule that new arguments in reply may be waived — which cuts **against** Banner's claim for a sur-reply. If they believe something new was introduced, **their remedy is waiver**, not supplemental briefing.

3. **Silo Restaurant**, 420 F. Supp. 3d 562 (W.D. Tex. 2019)

   - Silo confirms that sur-replies are reserved for *extraordinary circumstances* with a *showing of good cause*.

   - No such cause exists here — Banner simply regrets not briefing exhaustion earlier. That's not "extraordinary."

4. **NCMIC Ins. Co. v. Smith**, 375 F. Supp. 3d 831 (S.D. Ohio 2019)

   - NCMIC addresses sur-replies only when a reply introduces genuinely **new grounds** — not when it **responds to factual misrepresentations** or elaborates on arguments already presented.

   - Plaintiff's reply clarified factual links and cited the proper statute. That's rebuttal, not sandbagging.

5. **Global Tubing, LLC v. Tenaris**, 621 F. Supp. 3d 757 (S.D. Tex. 2022)

   - This court confirmed that granting sur-replies is **entirely discretionary**, and is not warranted when the movant is **merely seeking to improve or redo earlier arguments**.

## I. No "New" ADA Claim Was Raised — Banner's Argument Is Misleading and Legally Unsupported

Banner's assertion that Plaintiff improperly raised an ADA claim for the first time in her reply is factually inaccurate, procedurally waived, and legally unsupported.

4

## 1. Plaintiff's ADA-Related Claims Were Exhausted Through the EEOC Process

Plaintiff's EEOC charges (***Exhibit A***) described:

- The use of FMLA/STD leave due to emotional distress; Retaliation after reporting

   discrimination; A hostile work environment impacting her health.

These facts are sufficient to trigger ADA protections. Under controlling Fifth Circuit precedent:

"The exhaustion requirement is satisfied if the claim grows out of or is reasonably related to the

EEOC charge."— *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017).

## 2. Plaintiff Raised ADA-Related Retaliation and Accommodation Theories Throughout the Record

Contrary to Banner's claim, Plaintiff referenced medical distress and suicidal ideation resulting

from workplace retaliation on **June 29, 2022** — months before filing an EEOC complaint.

Banner acknowledged this in internal records and still failed to engage in the interactive process

or provide support. This satisfies the ADA's "notice" requirement, and rebutting Banner's

denials in Plaintiff's reply brief (ECF 227) is entirely appropriate.

## 3. Banner Waived Any Exhaustion Argument

Exhaustion is an affirmative defense. Banner failed to assert this defense in its summary

judgment response, nor did it move to strike any ADA-related content. It is now waived:

"Exhaustion is an affirmative defense, and failure to timely raise it constitutes waiver."

— *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011).

## 4. Legal Theory Labels Are Not Required in EEOC Charges

Banner's assertion that Plaintiff's complaint omitted ADA claims is incorrect as a matter of law.

Courts assess the factual basis of a claim — not its legal label. Plaintiff's facts clearly implicate

disability-related retaliation: "Courts consider the factual substance of the charge, not the precise

legal theory."— *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 331–32 (5th Cir. 2012).

## 5. Banner's Cited Cases Are Inapplicable

Banner's reliance on *Taylor* and *McClain* is misplaced. Those cases involved plaintiffs who

failed to allege any facts supporting ADA claims. Here, Plaintiff disclosed medical distress,

requested leave, reported retaliation, and identified Banner's inaction.— all within the ADA

framework.

## 6. *Bustos* Affirms Judicial Notice — Not Substantive Exhaustion

Banner's citation to *Bustos v. UPS*, 2020 WL 2529384 (S.D. Tex. 2020), is also misleading.

*Bustos* simply affirms that the Court may take judicial notice of EEOC charges. **It does not

support the conclusion that the ADA claim here was unexhausted** — especially where the

ADA-related facts were clearly presented and preserved. Banner's attempt to stretch *Bustos* into

a basis for a sur-reply is both legally and factually unsupported.

## 7. EEOC and Banner Were on Actual Notice of ADA-Related Disability via Banner-0091

Finally, Plaintiff submitted document (***Exhibit B***) **Banner-0091** to the EEOC as part of the

administrative record. This document — produced and **Bates-labeled by Banner in discovery**

— includes Plaintiff's explicit written statement: **"I think of SI every day"** (Bullet #4),

confirming mental health distress tied to workplace treatment. The submission of this statement

to the EEOC constitutes actual notice of Plaintiff's disability-related condition and supports

ADA coverage and retaliation claims.

Because this disclosure occurred prior to litigation and was included in materials available to

both the EEOC and Banner, it further confirms that the ADA issues raised in Plaintiff's reply are

not "**new**." They are embedded in the EEOC record and judicially cognizable under *Patton*.

6

Banner's attempt to argue otherwise is factually incorrect and procedurally manufactured to delay the proceedings.

**II. Plaintiff Fully Addressed the After-Acquired Evidence Defense — Banner's Sur-Reply Is Based on a Misrepresentation of the Record: Chose Not to Address It at all**

1. Banner's assertion that Plaintiff first raised the after-acquired evidence issue in her reply is not just wrong — it is **demonstrably false and materially misleading**. Plaintiff's **Motion for Summary Judgment (ECF 170)** directly and repeatedly challenged the legal and evidentiary basis of the defense. Banner's current argument, which falsely suggests otherwise, misrepresents the record and improperly seeks to relitigate issues it previously chose not to address. See **Exhibit C**, ECF 170: After Acquired Evidence citations.

Plaintiff's reply (ECF 227) merely restated and clarified these existing points, using evidence and declarations to highlight contradictions and lack of legal sufficiency. This is squarely within the permissible scope of reply briefing under federal practice.

Banner's request for a sur-reply should be denied with prejudice. It is based on a **false factual premise**, improperly seeks a second bite at the apple, and reflects a pattern of procedural abuse that undermines judicial efficiency a strategic omission that **does not entitle it to a do-over** via sur-reply.

**2. Banner Misstates Its Discovery Compliance — and Misuses the Sur-Reply Process**

Banner's claim that it produced "500 pages" of documents is irrelevant; **volume does not equal compliance**. Its summary judgment motion (ECF 224) relied solely on **Banner-00295 and Banner-02170**, which fail to show:

- Any actual PHI transmission; Any policy violation; Any termination basis under **McKennon**.

7

If other documents were relevant, Banner should have cited them in their **operative pleading** —

not attempt to introduce them now via improper sur-reply.

### 3. Banner's Attempt to Reopen Argument Is Procedurally Barred

Banner's original motion relegated the after-acquired defense to a footnote (n.9), offering no

legal analysis. Plaintiff responded accordingly — and Banner chose not to engage.

Courts reject sur-replies as "**tactical do-overs**. "A sur-reply is not warranted where a party

merely failed to address a legal issue earlier."— *Murray v. TXU Corp.*, 2005 WL 1313412, at *4

(N.D. Tex. May 27, 2005).

### III. Plaintiff's Exhibits Are Proper, Timely, and Directly Responsive — Not Legal
### Argument or Improper Evidence

Banner claims Plaintiff's exhibits submitted in support of her reply (ECF 228) are "chock full of

impermissible legal arguments and objections." This claim is both overstated and legally

incorrect. See *Exhibit D.* Plaintiff's reply exhibits are procedurally appropriate, substantively

admissible, and directly tied to the evidentiary flaws in Banner's declarations. Banner's

complaints reflect disagreement with the strength of the rebuttal — not its propriety. Their

motion for leave should be denied.

### IV. Banner's Attempt to Relitigate the AI Citation Issue Is Procedurally Barred and
### Legally Misguided

Banner's renewed focus on alleged AI-generated "hallucinations" misrepresents the nature of

ECF 205 and the Court's guidance. This issue has been **resolved and closed by the Court**, and

Banner's attempt to revive it now is an improper tactic to justify a sur-reply.

8

## 1. ECF 205 Did Not Impose a Requirement to Include AI Certifications

In ECF 205, the Court instructed Plaintiff to "take notice of and comply with General Order 2025-04, In Re: Use of Generative Artificial Intelligence in Court Filings." That order **does not mandate** inclusion of a formal AI use statement in filings — only **caution** under Rule 11 and a duty to review submissions. The Court **declined to impose sanctions,** strike filings, or require additional briefing. Plaintiff's decision to include AI compliance statements in plaintiff filing is **voluntary and precautionary** — not legally compelled. See *Exhibit E*

## 2. Plaintiff's Reply Was Submitted Under Certification and Good Faith

In good faith and out of caution, Plaintiff included AI compliance certifications. Each filing was independently reviewed, and accurate citations were confirmed. Banner now attempts to resurrect the issue as a basis for sur-reply is legally flawed and unsupported

## 3. Alleged Citation Errors Don't Warrant Sur-Reply

Banner has not demonstrated that any challenged citation is material to Plaintiff's claims or summary judgment. The record — including admissible declarations, EEOC documents, recordings, and legal authorities — stands on its merits. As the Court held in *Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*, "The court may deny leave to file a sur-reply where it would... serve no legitimate purpose..." — on point here

## 4. Banner's Accusation Against *Rozier* and *Demjanjuk* Is Baseless

Banner's claim that *Rozier v. Ford Motor Co.* and *Demjanjuk v. Petrovsky* were "hallucinated" is demonstrably false. These are real, controlling decisions, cited in *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005), authored by the late Judge Aldisert. Mischaracterizing them as fictional is not mere error — it is a **reckless misrepresentation to the Court** and also proof of fraud on the court. see https://law.justia.com/cases/federal/appellate-courts/F3/10/338/583855/.

**CONCLUSION:**

Plaintiff strongly objects to the defense's claim that cited authorities were "hallucinated." This allegation is demonstrably false and reckless. The referenced cases were directly drawn from the late Hon. Judge Ruggero J. Aldisert's opinion in *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005) — a controlling precedent on fraud upon the court. To mischaracterize citations grounded in Judge Aldisert's jurisprudence is not mere error, but a willful misrepresentation that exemplifies the very abuse *Herring* sought to deter. **Honorable Judge Ruggero J. Aldisert**, was one of the most respected jurists of his era, and his work continues to shape federal jurisprudence. see https://caselaw.findlaw.com/court/us-3rd-circuit/1117550.html.

**RELIEF REQUESTED**

1. **Denial With Prejudice**: That Defendant's Motion for Leave to File a Sur-Reply (ECF 237) be denied with prejudice based on materially false representations of law and fact.

2. **Judicial Notice of Fraud Upon the Court and Rule 11 Sanctions**: That the Court take judicial notice and issue sanctions under Fed. R. Civ. P. 11, or initiate disciplinary review based on defense counsel's pattern of bad-faith litigation conduct.

3. **Any Other Relief Deemed Just**: That the Court grant any further relief necessary to preserve the integrity of these proceedings and prevent continued abuse of process.

**July 02, 2025**

> **Respectfully submitted,**
> ***/s/ Kisha Peters***
> Kisha Peters
> *Plaintiff Pro Se*
> 2927 Westwood Manor Lane,
> Houston, Texas 77047
> Kipeters1107@yahoo.com
> Telephone: 832-782-0199

10

## CERTIFICATE OF SERVICE

I hereby certify that on **July 02, 2025**, I served a true and correct copy of **Plaintiff's Opposition to Defendant's Motion for Leave to File Sur-Reply (ECF 237), Supported by Indisputable Evidence of Material Misrepresentation**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.


**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com


　　　　　　　　　　　　**Respectfully submitted,**

　　　　　　　　　　　　 */s/ Kisha Peters*
　　　　　　　　　　　　 Kisha Peters
　　　　　　　　　　　　 *Plaintiff Pro Se*
　　　　　　　　　　　　 2927 Westwood Manor Lane
　　　　　　　　　　　　 Houston, Texas 77047
　　　　　　　　　　　　 Kipeters1107@yahoo.com
　　　　　　　　　　　　 Telephone: 832-782-0199

11