UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY AND
PRE-TRIAL MOTION DEADLINES**

Defendant Banner Health ("Banner" or "Defendant") respectfully moves the Court for an extension of certain deadlines set forth in the Court's January 10, 2025 Amended Docket Control Order ("Order," ECF 84).[1] As grounds therefor, Banner states as follows:

1. The Order sets June 6, 2025 as the deadline for mediation. [ECF 84 at 1] The Order also sets August 29, 2025 and September 30, 2025 as the deadlines for completion of discovery and filing dispositive motions, respectively, and October 17, 2025 as the deadline for filing all other pretrial motions. [*Id.*]

2. By setting the mediation deadline well in advance of the discovery deadline, the Order provided the parties with the opportunity to potentially avoid certain additional expenses for written discovery, expert discovery, and depositions if the mediation were successful, while also

---

[1] In accordance with Southern District of Texas Local Rule 7.2, counsel consulted with Plaintiff by telephone on July 18, 2025 about its intent to seek extension of certain intermediate deadlines. Plaintiff advised that she opposes any extension.

allowing ample time to conduct and complete such discovery after the mediation if it proved unsuccessful.

3. On April 9, 2025, this matter was referred to Magistrate Judge Palermo for a settlement conference, which was promptly set for August 12, 2025 at 9:30 AM. [ECF 154, 155] The Parties are required to submit mediation statements by no later than August 8, 2025 at 12:00 PM. [*Id.*] The chambers for Judge Palermo confirmed that this was the first available date. As a result, there is now a limited two-week period between the mediation date and the close of discovery for the parties to complete remaining discovery if the mediation is unsuccessful.

4. After learning that the mediation would be held in mid-August 2025, Banner considered scheduling Plaintiff's deposition and seeking a Rule 35 examination in advance of the mediation. That has proved unworkable, however, for several reasons. First, a little more than two weeks after the mediation was scheduled, Plaintiff filed her Motion for Summary Judgment (the "MSJ"). Briefing on Plaintiff's MSJ has been extensive, stretching into early July 2025 (and perhaps longer depending on the Court's rulings on pending motions seeking a sur-reply (ECF 237) and a sur-sur reply (ECF 239)). Second, Banner's lead counsel has long had a jury trial scheduled from July 22 through August 1, 2025 in the District of Arizona (Case No. CV23-00192-PHX-SMB), and counsel now also has a preliminary injunction evidentiary hearing set for September 4, 2025 in Maricopa County Superior Court (Case No. CV2025-020483), with an anticipated 8-10 expedited depositions taking place in August.

5. Accordingly, Banner requests a modest six-week extension of the deadlines for completion of discovery and filing dispositive motions, and a shorter extension of the deadline for filing all other pretrial motions, so as to allow sufficient time for completion of discovery (and subsequent filing of discovery-informed motions) in the event the mediation is unsuccessful.

6.     Banner also continues to believe a Rule 35 Examination is warranted in this case and anticipates filing a motion requesting same in short order. Full briefing on the issue seems likely as Banner expects Plaintiff to oppose that request. By granting the modest extension requested herein, there will be ample time for the parties to brief the issue, the Court to issue an order, and (assuming the Rule 35 Motion is granted), for the examination to be conducted before the discovery deadline.

7.     The Order sets February 6, 2026 as the deadline by which the parties must file the Joint Pretrial Order and Motions in Limine, and February 13, 2026 for the docket call. [ECF 84 at 2] Banner ***does not*** seek an extension of either of these deadlines. Accordingly, Banner's request will not affect the penultimate and ultimate deadlines set by the Court in its Order.

For the foregoing reasons, Banner respectfully requests that the Court extend the following deadlines:

- Completion of Discovery from August 29, 2025 to October 10, 2025.
- Dispositive Motions from September 30, 2025 to November 12, 2025.
- All Other Pretrial Motions from October 17, 2025 to November 25, 2025

Dated: July 18, 2025　　　　　　　　　　　　Respectfully submitted,

By: */s/ Jill J. Chasson*
　　Jill J. Chasson (Arizona Bar #019424)
　　*Attorney-in-charge, admitted pro hac vice*
　　Andrew T. Fox (Arizona Bar #034581)
　　*Admitted pro hac vice*
　　**COPPERSMITH BROCKELMAN PLC**
　　2800 North Central Avenue, Suite 1900
　　Phoenix, Arizona  85004
　　Telephone: 602.381.5481
　　Fax: 602.224.6020
　　jchasson@cblawyers.com
　　afox@cblawyers.com

3

        Shira R. Yoshor
        State Bar No. 00788730
        yoshors@gtlaw.com
        Julissa Esquivel
        State Bar No. 24121458
        julissa.esquivel@gtlaw.com
        **GREENBERG TRAURIG LLP**
        1000 Louisiana Street, Suite 6700
        Houston, Texas 77002
        Telephone:  713.374.3613
        Fax:  713.374.3505

        *ATTORNEYS FOR DEFENDANT*
        *BANNER HEALTH*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on July 18, 2025.

| | |
|---|---|
| Kisha Peters<br>2927 Westwood Manor Ln.<br>Houston, Texas 77047<br>Telephone: 832-782-0199<br>kipeters1107@yahoo.com<br><br>*Plaintiff Pro Se* | ○ via Certified Mail, RRR<br>⊙ via U.S. Mail (First Class)<br>○ via Electronic Mail<br>○ via Fax<br>○ via Hand Delivery<br>○ via Messenger<br>○ via E-Filing<br>○ via Federal Express |

        */s/ Tina Johannesen*

4