United States Courts
Southern District of Texas
F I L E D

JUL 21 2025

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S ECF 240 TO EXTEND DISCOVERY DEADLINE BASED ON INDISPUTABLE FACTS**

**TO THE HONORABLE COURT:**

Plaintiff **Kisha Peters** respectfully files this Motion for Leave to File an Opposition to Defendant's Motion to Extend Discovery Deadline (**ECF 240**). On **July 18, 2025**, during a recorded meet-and-confer, **Banner's counsel expressly stated (timestamp 6:55)** their intent to seek a further extension — despite already being granted substantial time under **ECF 84 (Jan. 10, 2025)**:

- Mediation moved from **June 6 to August 12, 2025**
- Discovery deadline extended to **August 29, 2025**
- Dispositive motion deadline extended to **September 30, 2025**

Despite this, **Banner took no meaningful action** from April to July 2025. No depositions. No written discovery. No Rule 35 motion. Instead, **Banner's counsel admitted on the record (timestamp 09:37)** that they **intentionally withheld discovery "to save costs."** (See **Exhibit A**: Authenticated Transcript; **Exhibit B**: Authenticated Affidavit)

1

This was not caused by factors outside Banner's control. It was a **strategic decision** — and under **Fifth Circuit law, strategy is not "good cause."** *S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 535–36 (5th Cir. 2003)

## I. COST-SAVING EXCUSE COLLAPSES UNDER FINANCIAL SCRUTINY

Banner Health is a **$15 billion healthcare giant**, with **net income exceeding $1.1 billion in 2024**, and a consistent upward financial trajectory.[1]

- **Total Assets**: $15.05 billion
- **Net Assets**: $7.83 billion
- **2024 Operating Income**: $362.5 million
- **2024 Net Income**: $1.1 billion (up from $895M in 2023)
- Executives' salaries topping over **8 million dollars**[2]

(See **Exhibits C–D**: Affidavit & Financial Summary)

To suggest that **"cost-saving" prevented compliance** with a Court-ordered schedule — while employing **national litigation counsel** — is facially implausible and an affront to the Court's authority.

**Strategic delay is not "good cause."**

*Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)[3]

*S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 535–36 (5th Cir. 2003)[4]

---

[1] https://projects.propublica.org/nonprofits/organizations/450233470?utm
[2] https://www.beckershospitalreview.com/finance/banner-reports-362-5m-operating-income-2-3-margin-in-2024/
[3] https://case-law.vlex.com/vid/geiserman-v-macdonald-no-884571806
[4] https://law.justia.com/cases/federal/appellate-courts/F3/315/533/632939/

2

## II. Failure of Diligence Under Rule 16(b)(4)

To justify modifying a court's scheduling order, a party must satisfy **all four elements** under **Fed. R. Civ. P. 16(b)(4)**. Banner fails each.

1. **Explanation for Delay**: Banner admitted it intentionally delayed discovery to "save money." That is a **strategic decision**, not an unavoidable circumstance — and it does not satisfy Rule 16's diligence requirement. Delay by choice is not delay by necessity.

2. **Importance of the Discovery**: Banner has identified no new factual issues requiring additional discovery. The very defense it now seeks to develop — the after-acquired evidence theory — was previously declared "complete" (See **Exhibits E:** ECF 60 at 5) and then abandoned. This confirms the request is not tied to any genuinely critical discovery.

3. **Prejudice to Plaintiff**: Another extension would significantly disrupt Plaintiff's trial preparation and compound the prejudice already caused by Banner's repeated delays. This case has been pending for over 18 months. Plaintiff has complied with all orders; further delay serves only to reward obstruction.

4. **Ability to Cure With a Continuance**: A continuance would not cure the prejudice — it would **reward misconduct**. Banner has already received a 91- to 189-day extension, failed to act, and now seeks more time based on issues long resolved. The Fifth Circuit has repeatedly rejected such tactics. (See **Exhibits F–G**: Comparison of Original vs. Amended Schedule & Banner's Proposed Schedule (ECF 75-1)

"Rule 16(b) requires a showing of diligence. Delay caused by strategic decisions or cost-saving measures does not satisfy this standard."

## III. Litigation Misconduct & Pattern of Abuse

3

Banner's litigation strategy is not grounded in zealous advocacy — it is a **pattern of delay, misrepresentation, and abuse of judicial process**. The record shows:

- Banner **falsely claimed** it did not receive Plaintiff's November 2024 recording (ECF 236), despite acknowledging it verbally months prior — and Plaintiff filed certified proof of service.

- **Banner violated multiple Court Orders, including ECF 84 and ECF 205.** Under ECF 205, Banner was explicitly instructed not to respond to Plaintiff's motions unless directed by the Court. Yet they filed unauthorized responses and improperly raised, resolved issues. Banner also violated ECF 84, which limited communications to one email per week — a restriction the defense repeatedly ignored. These actions reflect not only noncompliance but also a disregard for the Court's authority and procedures.

- Banner **fabricated basis for discovery extensions**, while admitting on the record their delay was to "save money," not due to unforeseen events.

- Banner has **abandoned its only remaining affirmative defense** — the after-acquired evidence doctrine — after previously declaring its investigation "complete" (ECF 60), and has presented no facts to support it under *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995).

- Banner **attempts to relitigate resolved issues**. Their motion rests on the **false premise** that discovery remains incomplete. However, every major dispute — has been fully litigated and resolved by court orders (see ECF 108, 209, 213, and 236).

- Banner **already authenticated the documents it now seeks to challenge**. In a recorded November 21, 2024, meeting (ECF 236, Ex. B), Banner's counsel explicitly stated: *"We stand behind all documents produced throughout this litigation."* This is a binding party

4

admission under FRE 801(d)(2)(A) and authenticates the record under FRE 901(b)(1) and (b)(4). Their current motion contradicts their own recorded statements and is legally barred.

- Depositions Are Discretionary — Not a Justification for Delay, Strategic delay is not diligence — *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). There is no legal, procedural, or factual basis to extend discovery

These actions violate core tenets of candor, procedural fairness, and Rule 11 obligations. They also rise to the level of **fraud on the Court** when a party knowingly makes false representations or conceals material facts with the intent to manipulate judicial outcomes.

"Fraud on the court occurs where a party corrupts the judicial process itself, such as by repeated misrepresentations or bad-faith litigation conduct." — *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) — *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)

"Due process is violated when one party is effectively denied a fair opportunity to present their case because of repeated procedural sabotage by the opposing side."— *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)

Banner's legal team — with decades of experience — cannot claim ignorance. Their conduct reflects **intentional abuse of process**, not error or oversight. This Court has been more than accommodating. It is time to draw the line.

## IV. Banner's Other Court Conflicts and Misuse of the Mediation Schedule Do Not Justify Delay

Banner's claim that it was "unworkable" to conduct discovery due to Plaintiff's summary judgment motion and counsel's unrelated out-of-state trial obligations is both legally insufficient and factually unsupported — particularly from a firm with over 30 years of litigation experience.

5

Banner once again sought an extension — which the Court not only granted but extended **46 days** — more than double the standard 21-day period. (See **Exhibit H**: ECF 204)

These are internal resource decisions, not external barriers: "A scheduling conflict with other litigation is not good cause under Rule 16 when the party had ample opportunity to plan and act earlier."— *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)

Additionally, Banner now claims that the Court left "only a limited two-week period" between mediation (Aug. 12, 2025) and discovery close (Aug. 29, 2025). But the record shows otherwise.

- The Court referred this case to mediation on April 9, 2025 (ECF 154) and set the mediation date the very next day (ECF 155).

- Banner had over **four months** to complete discovery before mediation.

The post-mediation window was never intended to **start** discovery. It was structured to **finalize** remaining tasks — assuming the parties had used their time diligently. Banner did not. That is not good cause. It is strategic neglect.

## V. BANNER IS NOT LITIGATING IN GOOD FAITH — ONLY TO AVOID LIABILITY

Banner Health's request for a discovery extension under the guise of "cost-saving" is not only factually indefensible — it is a calculated pretext for delay. No party with **$15+ billion in assets** and nearly **$1 billion in annual profit** can credibly claim financial hardship as a barrier to litigation compliance.

Throughout this case, Banner has rejected every opportunity for resolution, instead adopting tactics of obstruction:

- **EEOC Mediation**: Banner refused to settle despite being in possession of exculpatory evidence disproving any PHI violation, and terminated Plaintiff's employment within 48 hours after declining mediation. (See **Exhibits I–J**: Banner EEOC 0042 & Affidavit)

6

- **Second Mediation Opportunity**: April 2, 2024, Banner refused to resolve the dispute despite confirmation from Plaintiff's previous counsel, Kalandra Wheeler (Wiley Wheeler, P.C.), that no PHI was identified in the referenced recording.

- **During Discovery**: Banner fabricated claims and misrepresented the evidentiary record to justify procedural delay.

- **Discovery Misrepresentation of PHI to Mislead the Court:** Banner designated routine time stamps as "Confidential - PHI" in ECF 228 Exhibits C & D. This labeling was not only inaccurate but misleading — seemingly intended to deceive the Court to manufacture liability or obstruct proceedings, it is not a clerical mistake; it is a material misrepresentation. See *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345 (5th Cir. 1978) (fraud on the court includes the suppression or misrepresentation of material facts).

- **At Summary Judgment**: Banner abandoned its only remaining affirmative defense — the after-acquired evidence theory — despite previously claiming the investigation was complete.

- **Pre-Mediation**: Rather than prepare for the Court-ordered August 12, 2025, mediation, Banner has demonstrated a lack of basic understanding and engagement with the process — consistent with its ongoing pattern of delay.

- **Pre-Mediation Misconduct:** During the July 18, 2025, meet-and-confer, Banner's counsel admitted they were unaware of the requirement to exchange settlement demands, as expressly required by ECF 155 (**Timestamps**: 06:22, 06:40, 06:47).

- **Repeatedly Resisted Resolution**: Banner ignored both the EEOC's early resolution efforts and the Court's broader settlement framework.

- **Submitted Fraudulent Factual Claims**: From the outset, Banner made material misrepresentations to the Court about discovery compliance and evidence delivery — conduct already documented in the court official docket and Anticipated Bad Faith Conduct by Defendant.

These are not the actions of a party acting in good faith. They reflect a **coordinated effort to obstruct litigation**, suppress material facts, and exhaust judicial resources through delay — not to reach adjudication on the merits. Banner's **failure to read** and comply with the Court's mediation order further confirms that it is not preparing for mediation in good faith, but rather **positioning itself for additional delay**.

These actions demonstrate more than procedural neglect. They reflect **reckless disregard for the truth**, intentional obstruction, and a coordinated attempt to avoid liability by undermining the Plaintiff's claims for back pay, front pay, and statutory remedies.

This pattern violates the principles of **Rule 11**, undermines **Rule 16(b)** scheduling orders, and implicates controlling precedent concerning **bad-faith litigation conduct**. See *Chambers v. NASCO*, 501 U.S. 32 (1991); *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993).

**Relevant Authority:**

- **Fed. R. Civ. P. 11(b)(1)–(3)** prohibits making representations to the Court for improper purposes (e.g., to cause delay), and requires that all factual contentions have evidentiary support.

- **Fed. R. Civ. P. 16(f)** permits sanctions where a party fails to participate in good faith in pretrial activities, including mediation or scheduling compliance.

- **Fed. R. Civ. P. 37(b)(2)(A)** allows the Court to impose sanctions, including evidentiary preclusion, for failure to comply with a discovery order.

8

- **28 U.S.C. § 1927** authorizes sanctions against attorneys who "unreasonably and vexatiously" multiply proceedings.

- **ABA Model Rule 3.3(a)(1)** (Candor Toward the Tribunal) prohibits a lawyer from making false statements of fact or law to the court. *Sierra Club v. Cedar Point Oil Co.,* 73 F.3d 546, 571 (5th Cir. 1996): "[C]ounsel's duty of candor is not optional; it is mandatory and essential to the integrity of judicial proceedings."

## VI. FUTURE MEDIATION IS LIKELY FUTILE BASED ON INDISPUTABLE PATTERN OF BAD FAITH

Given the undisputed pattern of obstruction and misrepresentation, Plaintiff has **no reasonable belief** that Banner Health will attend the upcoming August 12, 2025, mediation in good faith. This conclusion is not speculative — it is based on a documented history of fraudulent litigation conduct and repeated refusal to resolve the matter despite having exculpatory evidence in its possession prior to the filing of this lawsuit.

This conduct demonstrates that Banner is not litigating with the intent to resolve the case — but rather to delay adjudication, suppress accountability, and exhaust Plaintiff's ability to prosecute her claim. The Court should therefore treat Banner's mediation posture with appropriate skepticism and weigh this history in considering both **scheduling relief and sanctions**.

## VII. Conclusion: Fraud on the Court and Breach of Ethical Duties

Banner's conduct has surpassed zealous advocacy and entered the realm of fraud on the court — a term the Fifth Circuit and Supreme Court reserve for behavior that "corrupts the judicial process itself." See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944); *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993).

Banner has:

- Made false representations about discovery compliance;

- Denied receiving materials it was indisputably served and acknowledged;

- Cited "cost-saving" as a false pretext for strategic delay;

- Misled the Court to obtain unwarranted extensions.

This is not error. It is calculated litigation misconduct — a violation of Rule 11, ABA Model Rule 3.3 (candor to the tribunal), and a pattern of abuse designed to obstruct resolution.

"Litigation conduct that undermines the integrity of the proceedings constitutes good cause for sanction or denial of equitable relief." — *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)

This is not a case of financial hardship — Banner is a multibillion-dollar entity. It is a case of institutional stonewalling. There is no "good cause" under Rule 16(b)(4) for further extension.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

1. **GRANT** leave to file this opposition in anticipation of Banner's expected motion;

2. **DENY** any such motion to extend the discovery deadline;

3. **FIND** that no good cause exists under Fed. R. Civ. P. 16(b)(4); and

4. **CONSIDER** Banner's conduct as grounds for sanctions and evidentiary preclusion.

**July 21, 2025**

**Respectfully submitted,**
 */s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 21, 2025**, I served a true and correct copy of **Plaintiff's Motion for Leave to File Opposition to Defendant's ECF 240 To Extend Discovery Deadline Based on Indisputable Facts**

on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**. Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

_/s/ Kisha Peters_
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

11

# EXHIBIT A

Excerpted Transcript – July 18, 2025 Meet-and-Confer Recording
Authenticated by Plaintiff's Affidavit, Exhibit B
URL:
**https://drive.google.com/file/d/1vOOOb7VrYXHwS4C2WUnJuf9UnKS0xHyd/view?usp=s
haring**

---

**0:04 – Ms. Peters:**
"Hello, Ms. Peters speaking."

**0:08 – Attorney Chasson:**
"Hi, Ms. Peters, this is Jill and Andrew calling. I'm hoping you got the invitation for this time."

**6:55** – Defense counsel admits:
"We're going to be asking the court to move a couple of deadlines by six weeks… to finish discovery."

**9:17** – Plaintiff responds:
"The Court already changed the schedule and gave defense more time to finish what you needed."

**9:37** – Defense counsel further states:
"…we had delayed doing some of the discovery we wanted to do because of the mediation to try to save some expenses."

**9:54** – Plaintiff replies:
"You're trying to save money for a company that's a nonprofit, which I've already pulled that data. So, saving an organization — a nonprofit organization that's making billions of dollars each year — trying to save them money to do that when they're bringing in that type of overhead."

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

AFFIDAVIT OF AUTHENTICATION OF RECORDED MEETING (July 18, 2025)

STATE OF TEXAS

COUNTY OF BRAZORIA

BEFORE ME, the undersigned notary public, on this day personally appeared Kisha-Marie

Peters, who, being duly sworn, deposed and stated as follows:

1. **Identity and Competence**: I am the Plaintiff in the above-captioned action. I am over 18

   years of age, of sound mind, and competent to testify. This affidavit is based on my

   personal knowledge.

2. **Nature and Length of Recording**: On **July 18, 2025**, I recorded a scheduled telephone

   meeting that lasted approximately **11 minutes and 19 seconds**. The meeting was

   conducted in connection with this litigation.

3. **Participants**: I participated in the call with **Jill J. Chasson** and **Andrew Fox**, legal

   counsel for Defendant **Banner Health**, concerning matters directly related to this lawsuit.

1.

4. **Accuracy**: The recording is a true and accurate reflection of the conversation as it occurred. The content has not been altered, edited, redacted, or enhanced in any way.

5. **Preservation and Chain of Custody**: The recording has been securely preserved in its original format and remains unaltered from the time it was made.

6. **Transcript**: A transcript of the recorded meeting is attached to Plaintiff's motion as **Exhibit A**.

7. **Material Statements**: During the call:

   o At **timestamp 06:55**, Banner's attorney states an intention to seek leave from the Court to extend discovery.

   o At **timestamp 09:37**, Banner's attorney admits they delayed discovery as a cost-saving measure.

   These admissions are directly relevant to Defendant's anticipated motion to extend deadlines.

8. **Public Link to Recording**:

   A true and correct copy of the recording is accessible at the following secure URL:

   https://drive.google.com/file/d/1vOOOb7VrYXHwS4C2WUnJuf9UnKS0xHyd/view?usp=sharing

9. **Voice Identification**: I personally recorded the call and am fully familiar with the voices of Ms. Chasson, Mr. Fox, and myself, based on prior direct communications. I created and maintain the original audio file.

10. **Relevance to Proceedings**: These statements are offered to authenticate the recording and to support Plaintiff's anticipated opposition to any motion seeking further discovery time.

2

11. **Legal Basis for Admission**:

This affidavit is submitted in support of authentication and admissibility under:

- **Federal Rule of Evidence 901(b)(1)** – as testimony by a witness with knowledge that a matter is what it is claimed to be;

- **Federal Rule of Evidence 801(d)(2)(D)** – as a statement offered against an opposing party and made by its agent or employee on a matter within the scope of that relationship.

12. **Firsthand Knowledge and Review**: I have reviewed the recording and transcript and can attest that both accurately reflect the substance and tone of the July 18, 2025 conversation.

13. **Affirmation**: I affirm under penalty of perjury that all information herein is true and correct.

**FURTHER AFFIANT SAYETH NOT.**

Executed on this **19th** day of ~~July~~, **2025**.

Signature: _____

Kisha Peters

**SWORN TO AND SUBSCRIBED BEFORE ME**, the undersigned authority, on this _19_ day of _July_____, **2025**, by **Kisha Peters**, who personally appeared before me, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and affirmed that the foregoing statements are true and correct.

_____
**Notary Public Signature**

**Printed Name:** _Derick Davenport_

**Notary Public, State of Texas**
**My Commission Expires:** _August 21, 2027_



D'ERICK DAVENPORT
Notary Public, State of Texas
Comm. Expires 08-21-2027
Notary ID 134517557

3

June 19, 2025

Respectfully submitted,
 /s/ *Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

4

## CERTIFICATE OF SERVICE

I hereby certify that on **July 21, 2025**, I served a true and correct copy of **Affidavit of Authenticating of Recorded Meeting (July 18, 2025)**
Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON
### DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| **Defendant.** | § | |

## AFFIDAVIT OF KISHA PETERS AUTHENTICATING PUBLIC RECORDS

**STATE OF TEXAS**

**COUNTY OF BRAZORIA**

**BEFORE ME**, the undersigned notary public, on this day personally appeared **Kisha-Marie Peters**, who, being duly sworn, deposed and stated as follows:

1. **Identity**: I am the Plaintiff in the matter *Peters v. Banner Health*, Case No. 4:24-cv-00772, pending in the United States District Court for the Southern District of Texas.

2. **Competency**: I am over the age of eighteen and competent to testify to the matters set forth herein. This affidavit is based on my personal knowledge and my direct review of the referenced documents.

3. **Purpose**: This affidavit is submitted to authenticate public financial records and corporate filings produced by Defendant Banner Health, a nonprofit healthcare organization, for the purposes of trial and other proceedings.

1

4. **Document Description**: The records consist of Banner Health's publicly available IRS Form 990 filings and consolidated financial disclosures for the fiscal years 2015 through 2024. These include, but are not limited to:

   - IRS Form 990s filed with the Internal Revenue Service;

   - Publicly released audited financial summaries accessed from credible sources such as ProPublica and Becker's Hospital Review;

   - Revenue, expenses, net income, and net assets as reported by Banner Health for each applicable year.

5. **Public Availability**: These documents are published and maintained by federal and state agencies and are publicly accessible through trusted sources including:

   - https://projects.propublica.org/nonprofits/

   - https://www.beckershospitalreview.com/

6. **Relevance**: These financial disclosures are relevant to material issues in this case, including Banner Health's representation of financial constraints and its credibility in asserting "cost-saving" as grounds for litigation delay. These records further support Plaintiff's opposition to Banner's anticipated request to extend discovery and demonstrate its capacity to pay damages.

7. **Authentication Basis**: These records are self-authenticating under **Federal Rule of Evidence 902(5)** (official publications) and further authenticated by this affidavit under **Rule 901(b)(1)** (testimony of a witness with knowledge). They are also admissible as:

   - Statements of a party-opponent under **FRE 801(d)(2)**;

2

- Business records under **FRE 803(6),** to the extent Banner Health or its representatives created or adopted these reports.

8. **Access and Verification**: The full IRS Form 990s referenced herein are accessible in their original form via ProPublica and may be furnished in hard copy or digital format as part of **Plaintiff's Second Trial Binder**. I reviewed and compiled the specific financial entries, and no alterations have been made to the source documents.

9. **Authenticity**: The documents referenced are true and correct copies of public records filed by Banner Health with government authorities and disseminated to the public.

12. **Submission**: These records have been incorporated into Plaintiff's authenticated exhibits for trial. As publicly available financial disclosures, they are not confidential and do not require sealing or a protective order.

13. **Affirmation**: I affirm under penalty of perjury that all information herein is true and correct.

**FURTHER AFFIANT SAYETH NOT.**

Executed on this **19th** day of **July**, 2025.

Signature: _____
Kisha Peters

**SWORN TO AND SUBSCRIBED BEFORE ME**, the undersigned authority, on this _19_ day of _July_____, **2025**, by **Kisha Peters**, who personally appeared before me, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and affirmed that the foregoing statements are true and correct.

_____
**Notary Public Signature**

**Printed Name:** _____



D'ERICK DAVENPORT
Notary Public, State of Texas
Comm. Expires 08-21-2027
Notary ID 134517557

3

**Notary Public, State of Texas**
**My Commission Expires:** *August 31, 2027*

**June 19, 2025**

                                    Respectfully submitted,
                                     */s/ Kisha Peters*
                                    Kisha Peters
                                    *Plaintiff Pro Se*
                                    2927 Westwood Manor Lane,
                                    Houston, Texas 77047
                                    Kipeters1107@yahoo.com
                                    Telephone: 832-782-0199

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **July 21, 2025**, I served a true and correct copy of **Affidavit of Kisha Peters Authenticating Public Records**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.


**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com


**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5

# EXHIBIT D

## Banner Health Financial Summary (2015–2023)

*Extracted from IRS Form 990 filings (available via ProPublica and IRS.gov) and* Becker's Hospital Review, March 14, 2025

| Year | Revenue | Expenses | Net Income | Net Assets |
|------|---------|----------|------------|------------|
| 2024 | $15,600,000,000 | $15,200,000,000 | $1,100,000,000 | $7.83 billion (est.) |
| 2023 | $9,479,573,911 | $8,672,348,619 | $807,225,292 | $7,827,547,998 |
| 2022 | $8,495,325,836 | $8,128,108,942 | $367,216,894 | $6,993,800,040 |
| 2021 | $8,751,255,377 | $8,082,987,870 | $668,267,507 | $7,575,506,639 |
| 2020 | $7,472,338,143 | $6,985,175,186 | $487,162,957 | $7,015,002,296 |
| 2019 | $7,138,466,898 | $6,456,059,999 | $682,406,899 | $6,801,614,954 |
| 2018 | $6,767,434,029 | $6,040,816,623 | $726,617,406 | $5,949,335,450 |
| 2017 | $6,471,226,738 | $5,798,241,480 | $672,985,258 | $5,836,008,529 |
| 2016 | $6,326,720,478 | $5,774,727,529 | $551,992,949 | $4,958,862,572 |
| 2015 | $5,873,490,598 | $5,428,669,563 | $444,821,035 | $4,564,619,166 |

# EXHIBIT E

that party "from the earliest days of [the] lawsuit." *BMSH*, 2024 WL 4229312 at *2 (citing *Ultra Premium Servs., LLC v. OFS Int'l, LLC*, No. 4:19-CV-02277, 2019 WL 13191627, at *2 (S.D. Tex. Dec. 18, 2019).

Here, Banner does not seek to add any new parties – only an affirmative defense. Banner did not know when it filed its Answer to Plaintiff's First Amended Complaint in June 2024 that Plaintiff had sent PHI to herself at her personal email address, in violation of Banner's privacy policies. This information was discovered in August 2024, during document review for the litigation. Counsel then undertook to investigate whether Banner had sufficient evidence to support all elements of the after-acquired evidence defense. Without revealing privileged communications or attorney work product, Banner can say that this investigation required substantial internal research and was not completed prior to the October 4 deadline for amending pleadings, but it is completed now. As such, Banner has been diligent in pressing its defenses against Plaintiff's claims and has good cause for seeking amendment at this stage of the litigation. *See Buice v. Gwinnett Cty. Sheriff's Office*, CV No. 1:22-CV-2366-SCJ-CCB, 2023 WL 11909751, at *2 (N.D. Ga. June 2, 2023) (finding that defendant showed good cause to amend answer to add after-acquired evidence affirmative defense where defendant learned during plaintiff's deposition that plaintiff had made a "covert recording" of a workplace meeting in violation of department policy).

**2.      The amendment is important as it allows Banner to fully defend itself, affecting Plaintiff's potential remedies at trial.**

Courts have found that amendments are important where they "potentially provide additional grounds" for recovery or "directly affect a party's prospects of ultimate recovery." *BMSH*, 2024 WL 4229312 at *3 (citations omitted). Banner's proposed amendment would allow Banner to assert the "after-acquired evidence" defense, which does not affect liability but limits the back and front pay damages a plaintiff may recover in employment disputes if the employer

# EXHIBIT F

**Comparison of Original vs. Amended Schedule**

| Event | Original Deadline | Amended Deadline (ECF 84) | Extension Granted |
|---|---|---|---|
| Expert Designation | March 28, 2025 | June 27, 2025 | +91 days |
| Responsive Experts | May 2, 2025 | August 1, 2025 | +91 days |
| Discovery Cutoff | May 30, 2025 | August 29, 2025 | +91 days |
| Dispositive Motions | June 30, 2025 | September 30, 2025 | +91 days |
| Pretrial Motions | June 30, 2025 | October 17, 2025 | +109 days |
| Joint Pretrial Order | August 1, 2025 | February 6, 2026 | +189 days |
| Docket Call | August 8, 2025 | February 13, 2026 | +189 days |

# EXHIBIT G

**Banner's Proposed Schedule**

| Description | Current Deadline | Proposed New Deadline |
|---|---|---|
| Identification of experts by the party with the burden of proof on the issue and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B). | March 28, 2025 | June 27, 2025 |
| Identification of responsive experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B). | May 2, 2025 | August 1, 2025 |
| COMPLETION OF DISCOVERY | May 30, 2025 | August 29, 2025 |
| MEDIATION or SETTLEMENT CONFERENCE BEFORE THE MAGISTRATE JUDGE | None (but required to be completed) | June 13, 2025 |
| DISPOSITIVE MOTIONS | Thirty (30) days after the mediator or magistrate judge declares an impasse in settlement discussions | September 30, 2025 |
| ALL OTHER PRETRIAL MOTIONS INCLUDING MOTIONS IN LIMINE | June 13, 2025 | October 17, 2025 |
| JOINT PRETRIAL ORDER | August 1, 2025 | October 31, 2025 |
| DOCKET CALL | August 8, 2025 @ 3:00 p.m. | November 7, 2025 |

# EXHIBIT H

Case 4:24-cv-00772    Document 204    Filed on 05/09/25 in TXSD    Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
May 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KISHA PETERS,                           §
    *Plaintiff*,                      §
                                      §
v.                                      §         CIVIL ACTION NO. 4:24-CV-00772
                                      §
BANNER HEALTH D/B/A BHT                 §
BANNER HEALTH OF TEXAS,                 §
    *Defendant*.                      §

## **ORDER**

Before the Court is Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment.[1] ECF 183. The discovery deadline is not until August 29, 2025. ECF 84. Further, Plaintiff's Motions seeking to bar certain defenses and exclude evidence (ECF 177-80) are still pending, the outcome of which may affect the Court's ruling on Plaintiff's Motion for Summary Judgment (ECF 170). The Court finds there is good cause to extend Defendant's deadline to respond to Plaintiff's Motion for Summary Judgment. It is therefore

ORDERED that Defendant's deadline to respond to Plaintiff's Motion for Summary Judgment is extended to on or before twenty-one (21) days after the Court rules on Plaintiff's Motions ECF 177, 178, 179, and 180. It is further

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

# EXHIBIT I

| Date | Event | Name |
|------|-------|------|
| Tue Nov 08 16:01:27 EST 2022 | Respondent mediation reply: Declined | Respondentportal User |
| Tue Nov 08 16:01:10 EST 2022 | Please select a response to the Mediation Offer on this page by October 26, 2022. If you choose ?No?, please provide a statement of your position on the issues covered in the charge, with any supporting documentation by November 10, 2022.For guidance on how to best prepare your Position Statement, please review Effective Position Statements, as EEOC has revised its procedures related to the content and release of position statements, effective January 1, 2016. You may be notified at a later date to respond to a Request for Information | Respondentportal User |
| Tue Nov 08 16:01:07 EST 2022 | Respondent logged in | Respondentportal User |
| Tue Nov 08 09:28:57 EST 2022 | The Charging Party has Downloaded Document. Type: Charge of Discrimination, FileName:540-2022-03982_ChargeOfDiscrimination.pdf | Publicportal User |
| Mon Oct 31 01:53:22 EDT 2022 | The Charging Party has Downloaded Document. Type: Evidence Provided by Charging Party, FileName:Racial Discrimination Letter Against Banner Health Kmpeters 06292022.docx | Publicportal User |
| Mon Oct 31 01:52:47 EDT 2022 | The Charging Party has Downloaded Document. Type: Evidence Provided by Charging Party, FileName:Racial Discrimination Letter Against Banner Health Kmpeters 06292022.docx | Publicportal User |
| Fri Oct 28 16:09:36 EDT 2022 | The Charging Party has Downloaded Document. Type: Evidence Provided by Charging Party, FileName:Racial Discrimination Letter Against Banner Health Kmpeters 06292022.docx | Publicportal User |
| Fri Oct 28 16:04:50 EDT 2022 | The Charging Party has Downloaded Document. Type: Evidence Provided by Charging Party, FileName:Discrimination Adverse Actions Examples.docx | Publicportal User |
| Wed Oct 26 12:48:04 EDT 2022 | The Charging Party has Downloaded Document. Type: | Publicportal User |
| Wed Oct 26 12:47:42 EDT 2022 | The Charging Party has Downloaded Document. Type: | Publicportal User |

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**AFFIDAVIT OF AUTHENTICATION OF EEOC EVIDENCE (DEFENDANT
DECLINED MEDIATION)**

STATE OF TEXAS

COUNTY OF BRAZORIA

BEFORE ME, the undersigned notary public, on this day personally appeared **Kisha-Marie
Peters**, who, being duly sworn, deposed and stated as follows:

1. **Identity and Competency:** My name is **Kisha Peters**. I am the Plaintiff in *Peters v.
   Banner Health*, Civil Action No. 4:24-cv-00772, currently pending in the United States
   District Court for the Southern District of Texas. I am over the age of 18, of sound mind,
   and fully competent to make this affidavit.

2. **Personal Knowledge:** This affidavit is based on my personal knowledge and firsthand
   review of the documents described herein. I have personally reviewed and preserved
   these records in connection with this litigation.

1

3. **EEOC Proceedings:** I filed a formal charge of discrimination with the **U.S. Equal Employment Opportunity Commission (EEOC)** on **October 6, 2022**, which was later amended on **December 2, 2022**. The EEOC assigned Charge No. **540-2022-03982** to my case.

4. **Authenticating Documents EEOC-0042:** The documents marked **EEOC-0042** are true and correct copies of official records reflecting Banner Health's refusal to mediate and its subsequent termination of my employment two days later, despite its possession of evidence disproving the allegations used to justify that termination.

5. **Source and Chain of Custody:** I received these documents directly from Defendant **Banner Health** through its discovery production, specifically labeled **OneDrive_1_8-16-2024.**

6. These documents were also part of the EEOC's investigative file, which I requested the full, unredacted version.

7. **Federal Rules Compliance:** I submit this affidavit pursuant to:

   - **Federal Rule of Evidence 901(b)(1)** – Testimony of a witness with knowledge; and
   - **Federal Rule of Evidence 801(d)(2)** – Statements offered against a party and made by its agent or representative.

8. **Use in Trial:** These documents are being submitted as authenticated exhibits and included in Plaintiff's second trial binder for evidentiary purposes, including but not limited to establishing **motive, supporting claims of fraud on the court, intentional malice, reckless disregard for the truth,** the **timing and pretextual nature of Plaintiff's termination,** and **Banner Health's prior knowledge of exculpatory**

2

**evidence**. These records are central to Plaintiff's claims of wrongful termination and willful misconduct and are critical to rebutting any asserted defenses.

9. **Relevance to Speedy Trial and Good-Faith Mediation:** The timing and content of these documents are also relevant to Plaintiff's right to a just and efficient resolution of this matter. This document supports Plaintiff's position that Defendant failed to engage in good-faith efforts to mediate or resolve the dispute when presented with material exculpatory evidence during the EEOC proceedings. These records further demonstrate that Defendant's delay tactics—including its attempt to seek extended discovery—have prejudiced Plaintiff and undermined the principles of judicial economy and the right to a fair and timely trial.

**FURTHER AFFIANT SAYETH NOT.**

Executed on this **19th** day of **July**, 2025.

Signature: _____
                    **Kisha Peters**

**SWORN TO AND SUBSCRIBED BEFORE ME**, the undersigned authority, on this **19** day of **July**, 2025, by **Kisha Peters**, who personally appeared before me, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and affirmed that the foregoing statements are true and correct.

_____
**Notary Public Signature**

Printed Name: _____

**Notary Public, State of Texas**
**My Commission Expires:** _____

July 19, 2025



D'ERICK DAVENPORT
Notary Public, State of Texas
Comm. Expires 08-21-2027
Notary ID 134517557

3

Respectfully submitted,
 /s/ Kisha Peters
Kisha Peters
Plaintiff Pro Se
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

4

## CERTIFICATE OF SERVICE

I hereby certify that on **July 21, 2025**, I served a true and correct copy of **Affidavit of Authentication of EEOC Evidence (Defendant Declined Mediation)**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 /s/ Kisha Peters
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5

# EXHIBIT K

## GENERAL ORDER 2025-04 DISCLOSURE (AI USE COMPLIANCE STATEMENT)

Pursuant to **General Order 2025-04,** Plaintiff discloses that portions of this filing were drafted with the assistance of a generative AI tool (ChatGPT). Plaintiff affirms that the filing has been **fully reviewed, edited, and approved** by the undersigned and that Plaintiff **accepts full responsibility** for its content, accuracy, and citations.

22