UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED

JUL 25 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE TO THE COURT REGARDING SUBPOENAS ISSUED TO THIRD-PARTY MEDICAL BILLING AND BREACH OF CONFIDENCE MEDIATION**

**TO THE HONORABLE COURT:**

Plaintiff **Kisha Peters**, appearing pro se, respectfully submits this Notice to inform the Court of multiple third-party subpoenas issued by Defendant **Banner Health** on or about **July 23, 2025**, to Plaintiff's current and former medical and billing providers. These subpoenas are the subject of **pending objections** and will likely require judicial intervention. Plaintiff respectfully preserves her right to file a **Motion to Quash and for Protective Order** in accordance with **Fed. R. Civ. P. 45(d)(3)** and **Rule 26(c)** and files this notice to ensure the Court is informed of the procedural developments.

**I. FACTUAL BACKGROUND**

1. On **July 23, 2025**, Defendant served or attempted to serve Rule 45 subpoenas to the following third-party providers: (See **Exhibit A:** Subpoenas and **Exhibit B:** Email Confirmation of Plaintiff Medical Records )

1

- **ThriveWorks / Deborah Solomon** – Full records produced by Plaintiff in **November 1, 2024**
- **ThriveWorks / J. Kaye Love** – Full records produced by Plaintiff in **November 1, 2024**

2. On **March 12, 2025, at 1:54 PM**, Plaintiff produced complete medical records for the following providers:
   - **HCA Houston Healthcare – Clear Lake**
   - **HCA Houston Healthcare – Pearland**
   - **Dr. Ghosh, M.D.**

   These records were submitted as **Exhibit B in the Plaintiff's Statement on Mitigation of Damages** and were **clearly marked "Confidential."** (See **Exhibit C:** Email Confirmation)

3. **City Ambulance / CareNow / Clotie Wayland, LCSW** – No request for records was made to Plaintiff. However, Plaintiff disclosed this provider to Defendant on **June 27, 2025**, in compliance with the Court's expert disclosure requirements. Despite this, Defendant issued a subpoena without first requesting records from Plaintiff; the subpoena notice was received on **July 24, 2025**.

   Plaintiff mailed the records to defense counsel by **certified mail** with tracking numbers:
   - **9534 9107 5967 5178 8379 78**
   - **9502 1107 5967 5178 8379 97**

4. On **July 24, 2025**, Plaintiff submitted a written objection to Defendant's counsel, asserting that the subpoenas were **duplicative, disproportionate**, and **burdensome** in

2

violation of **Fed. R. Civ. P. 45(d)(1)** and (d)(3)(A)(iv). (See **Exhibit D:** Email Communication)

5. Due to limited communication protocols governing this matter, Plaintiff is restricted to **one email per week,** as is Defendant. Therefore, Plaintiff intends to file a Motion to Quash and for Protective Order upon expiration of the next communication window if no resolution is reached.

## II. PURPOSE OF THIS NOTICE

This Notice is filed to:

- Preserve Plaintiff's right to seek relief under **Rule 45(d)(3);**
- Inform the Court of pending objections and the status of meet-and-confer efforts;
- Prevent waiver due to communication timing; and
- Ensure the Court is aware of potential prejudice to Plaintiff and third-party providers should enforcement proceed before resolution.

## III. Breach of Mediation Confidentiality and Violation of Rule 408

1. **Defense Waived Confidentiality by Voluntarily Disclosing the $395K Figure**

    On July 24, 2025, defense counsel emailed Plaintiff stating that the April 4, 2024, mediation concluded with the parties at $395,000 and $10,000, respectively, and asserted that these figures "will be the starting points for the upcoming mediation."

    - **Local Rules and Judge's Mediation Orders** (mandate strict confidentiality)
    - **General ADR confidentiality doctrines**
    - **Off-limits for future litigation use** — The parties were **not permitted to disclose what was said or offered,**

3

2. By voluntarily disclosing this mediation figure in a non-confidential communication, Defendant **waived Rule 408(a)'s protection** as to that specific information for this limited purpose. It is well established that **Rule 408's protections can be waived when a party affirmatively introduces or relies on settlement figures outside the mediation process.** See, e.g., *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981).

3. **Permissible Use Under Rule 408(b)**

   Plaintiff references the $395,000 and $10,000 figure solely to **rebut the defense's procedural claim** regarding what constitutes a **"prior position"** under Judge Palermo's Order (**ECF No. 155**). This use is permitted under Rule 408(b), which allows settlement-related information to be introduced for **"another purpose,"** including **clarifying procedural disputes**, demonstrating **litigation tactics**, or **preventing undue prejudice or misunderstanding by the Court.**

4. **Rule 408 Protection**[1]

   Plaintiff objects to Defendant's inclusion of any figures discussed in the prior confidential mediation, which concluded without resolution. Therefore, both are non-binding and protected under **Federal Rule of Evidence 408**. Plaintiff does not waive confidentiality, and expressly reserves all rights regarding the use or disclosure of settlement discussions.

5. **Violation of Discovery Procedures Under ECF 49**

   Banner failed to comply with the Court's discovery order (ECF No. 49), which requires a

---

[1] Banner's unsolicited disclosure of a prior mediation figure—offered during a confidential, court-facilitated session that concluded without agreement—violates the spirit and letter of Federal Rule of Evidence 408, as well as established principles of mediation confidentiality. Plaintiff did not consent to this disclosure and continues to assert Rule 408 protection over all prior mediation communications.

good-faith meet-and-confer before initiating unilateral discovery action. Without seeking leave or identifying any deficiency, Banner issued third-party subpoenas for records already produced—and authenticated. No pre-dispute letter was filed, making this conduct inconsistent with the Court's directives and violative of Rule 45(d)(1)'s prohibition against undue burden. Accordingly, Banner's actions appear inconsistent with the discovery framework mandated by Judge Bryan and impose undue burden in violation of Fed. R. Civ. P. 45(d)(1).

6. **Ongoing Pattern of Litigation Abuse and Misrepresentation**

   Banner's current conduct reflects a continuing pattern of litigation abuse, discovery manipulation, and misrepresentation, as previously documented in **ECF Nos. 236 and 207**. In **ECF 207**, Defendant falsely alleged that Plaintiff failed to disclose witnesses. Plaintiff's detailed response in **ECF 211** fully refuted those claims and confirmed that the disclosures had been made.

   Likewise, **ECF 236** addressed another instance where Banner misrepresented the discovery record—this time falsely claiming it had not received the employment-related audio recording. Plaintiff presented indisputable evidence that the recording had already been produced and was in Banner's possession before it attempted to mislead the Court. Together, these incidents reveal a sustained litigation strategy marked by procedural misconduct and attempts to distort the record—conduct that not only undermines judicial efficiency but borders on bad-faith abuse of process.

7. **Judicial Concern About Repeated Violations Without Sanction**

   Banner is represented by a litigation team with over three decades of federal practice experience. Their repeated procedural violations are not accidental—they are calculated

5

efforts to manufacture discovery disputes, circumvent standing court orders, and create artificial issues where none exist. This includes violations of **ECF No. 49** (discovery dispute procedures) and **ECF No. 155** (mediation protocol), among others.

Despite this pattern of litigation misconduct, the Court has yet to impose sanctions. The absence of consequences has emboldened Banner to persist in its noncompliance, effectively rewarding behavior that undermines judicial integrity and imposes unnecessary burdens on both Plaintiff and the Court.

This is not ordinary litigation error—it is strategic abuse of process by seasoned counsel who should know better.

8. **Lack of Good Faith Undermines Upcoming Mediation**

   In light of this conduct, **Plaintiff believes that the upcoming mediation is unlikely to proceed in good faith.** The defense has already shown a willingness to distort prior proceedings and mischaracterize confidential discussions for strategic gain. Their July 23, 2025 email—which falsely asserts the Plaintiff's operative position—confirms a bad-faith effort to anchor future negotiation to a **non-binding number** that was never accepted or formalized with a **session that ended without resolution.**

   This pattern of misrepresentation casts serious doubt on whether Defendant intends to participate in the August 12 mediation in compliance with the Court's directive that both parties engage in meaningful, good-faith negotiations. Accordingly, Plaintiff brings this matter to the Court's attention now, to preserve the integrity of the process and prevent further misuse of mediation proceedings for tactical advantage.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

6

1. **Take judicial notice** of this filing and the procedural objections raised concerning Defendant's improper subpoena practices and breach of mediation confidentiality;

2. **Permit Plaintiff to file a Motion to Quash and/or for Protective Order**, following expiration of the current weekly communication restriction;

3. **Consider entering a short stay** on subpoena enforcement of the disputed subpoenas to prevent unnecessary burden on third-party providers and preserve Plaintiff's rights pending resolution.

**July 25, 2025**

           **Respectfully submitted,**
           */s/ Kisha Peters*
           Kisha Peters
           *Plaintiff Pro Se*
           2927 Westwood Manor Lane,
           Houston, Texas 77047
           Kipeters1107@yahoo.com
           Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **July 25, 2025**, I served a true and correct copy of Plaintiff's Motion For Leave To File Notice To The Court Regarding Subpoenas Issued To Third-Party Medical Billing And Breach Of Confidence Mediation.

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

8