UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> BANNER HEALTH d/b/a BHT § <br> BANNER HEALTH OF TEXAS § <br> § <br> Defendant. § | Civil Action No.: 4:24-cv-00772 |

**DEFENDANT'S RULE 35 MOTION FOR EXAMINATION**

Pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, Defendant Banner Health ("Banner") respectfully moves this Court to order a psychological examination of Plaintiff Kisha Peters. Plaintiff has placed her mental condition in controversy repeatedly through her filings and in materials produced in discovery, which collectively provide good cause for the examination.

**I.  Rule 35 is interpreted liberally, particularly when a plaintiff affirmatively places her health in controversy.**

Rule 35(a) permits the Court to order a party whose mental condition is "in controversy" to submit to an examination upon a showing of good cause. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013). These two standards are "necessarily related." *Id.* Courts in the Fifth Circuit construes Rule 35 liberally in favor of discovery and the decision to order an examination is left to the discretion of the trial court. *Griffith v. Santillan*, 2019 WL 5396750, at *1 (S.D. Tex. 2019).

A plaintiff can place her mental condition in controversy "through representations made during the course of litigation." *Ornelas*, 292 F.R.D. at 391. Indeed, a plaintiff's pleadings alone

can be sufficient to satisfy the "in controversy" requirement. *Ornelas,* 292 F.R.D. at 391, 394 (reciting standard from U.S. Supreme Court and listing "allegation of specific mental or psychiatric injury or disorder" as one of the ways a plaintiff's mental condition can be placed in controversy); *Suhay v. Amusement Mgmt. Partners, LLC*, 2018 WL 8733163, at *1 (S.D. Tex. 2018) ("Given that plaintiff is seeking to recover for physical and mental injuries, plaintiff's pleadings alone are sufficient to establish the 'in controversy' requirement."); *Griffith*, 2019 WL 5396750 at *1 (quoting injured party's pleadings to find that his physical condition was "in controversy").

Satisfaction of the good cause element "requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." *Ornelas,* 292 F.R.D. at 391. This standard can be met in a variety of ways, such as demonstrating that a plaintiff (1) alleges a "specific mental or psychiatric injury" (*Naranjo v. Cont'l Airlines, Inc.*, 2013 WL 1003485, at *2 (S.D. Tex. 2013)); (2) seeks substantial damages for her alleged emotional injuries (*see Griffith*, 2019 WL 5396750 at *2 (citing plaintiff's "personal injury lawsuit seeking to recover more than $1 million in damages"), and *In re Encore Dredging Partners, LLC*, 2024 WL 5500319, at *3 (S.D. Tex. 2024) (citing plaintiffs' claims for compensatory and punitive damages for psychological injuries of PTSD, anxiety and depression)); and/or (3) intends to call their own treating provider and/or expert witness to support her damages claim. *See Shadix–Marasco v. Austin Reg'l Clinic P.A.,* 2011 WL 2011483, at *2 (W.D. Tex. 2011) (in a Title VII hostile work environment case, citing plaintiff's designation of her treating therapist as a "hybrid fact/expert witness" regarding the extent and cause of her emotional distress in finding good cause for ordering examination).

Importantly, "a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating

2

physicians, are available." *In re Encore Dredging Partners, LLC*, 2024 WL 5500319 at *3. This is because "[a] review of cold medical records is [simply] no substitute for an in-person examination by a doctor." *Id.* (quoting *Griffith*, 2019 WL 5396750 at *2).

**II.    Plaintiff has placed her mental condition in controversy and seeks to hold Banner responsible for her alleged severe emotional distress and mental health conditions, providing good cause for the proposed examination.**

Although courts "typically do not order IMEs when plaintiffs seek 'garden-variety' emotional distress damages," *id*., they:

> will order plaintiffs claiming emotional distress damages to undergo an IME when one or more of the following factors is present: (1) the complaint includes a claim for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional distress; (4) plaintiff offers expert testimony to support the claim of emotional distress; or (5) the plaintiff concedes that her mental condition is "in controversy" for purposes of Rule 35.

*Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013) (citing *Tan v. City and County of San Francisco*, 2009 WL 594238, *1-2 (N.D. Cal. Mar. 4, 2009)).

In *Gavin*, the court concluded that the plaintiff's claim for intentional infliction of emotional distress, allegations that she suffered from a specific mental disorder (depression) that her employer failed to accommodate, and allegations that her employer's conduct caused her to experience severe adverse mental and physical effects were sufficient to find that the plaintiff had placed her mental state in controversy. *Id*. Other courts have reached similar conclusions. *See, e.g., Roberson v. Bair*, 242 F.R.D. 130, 137 (D.D.C. 2007) (plaintiff put her mental condition in controversy in action for employment discrimination by claiming that she suffered from two identifiable forms of mental illness – anxiety and depression – that were allegedly caused by the defendant's discrimination and retaliation); *E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 63 (W.D.N.Y. 2003) (concluding that serious depression is not a "garden variety" form of emotional distress and granting motion for a mental examination).

Plaintiff's pleadings, disclosures, and discovery responses in this case provide substantial evidence that she has placed her mental condition in controversy. Plaintiff alleges far more than a claim of "garden variety" emotional distress. She identifies specific mental health conditions that she claims have been caused by Banner's conduct and resulted in substantial and continuing emotional injuries, for which she seeks an astronomical sum in damages. For example:

- **First Amended Complaint (ECF 23).** Plaintiff alleged that as a result of alleged race discrimination and retaliation by Banner, she has "sustained damages, including … emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life." *Id.* ¶ 158.

- **Motion for Summary Judgment (ECF 170).** Plaintiff alleged in her April 28, 2025 motion that "Banner's conduct . . . caused Plaintiff severe emotional distress, culminating in emergency hospitalization [and] psychiatric trauma," and she submitted a selection of medical records, including "[e]mergency room admissions, psychiatric and neurological evaluations, and diagnoses of trauma-related disorders" as "Medical Documentation of Severe Emotional Harm." *Id.* at 16, 19 and Ex. S.

- **Plaintiff's Affidavits.** Plaintiff has sworn to a number of affidavits placing her mental condition at issue. For instance, as part of Plaintiff's March 12, 2025 *Statement of Mitigation of Damages*, she provided an affidavit stating that since her termination from Banner, she has suffered from "major depressive disorder," "severe anxiety disorder," "panic attacks," and "suicidal ideation." She also describes having a "medical emergency" in February 2025 that required hospitalization, an event she contends "was a direct result of the continuous distress, financial hardship, and emotional trauma inflicted by Banner Health's wrongful termination, retaliation, and procedural injustices in this litigation." *See* **Exhibit A**, Excerpts from Plaintiff's Statement of Mitigation of Damages.

- **Plaintiff's Disclosure Statements.** In supplemental disclosure statements, Plaintiff identified multiple treating providers that are expected to testify about her "symptom presentation following workplace retaliation and emotional trauma" and "long-term mental health impairments." *See, e.g.,* **Exhibit B**, Excerpts from Plaintiff's Ninth Supplemental Disclosure Statement dated June 20, 2025 (listing Deborah Solomon, a Psychiatric Mental Health Nurse Practitioner, and Clotie Wayland, LCSW, as well as two physicians, Drs. Marcello and Ghosh, whom she describes as having "experience in rapidly assessing and treating patients with catastrophic injuries"). Notably, Ms. Wayland had not previously been identified by Plaintiff. On June 27, 2025, Plaintiff served a 63-page *Designation of Expert and Fact Witnesses* document in which, for the first time, she designated her identified therapists and

4

- physicians as "Medical and Psychological Experts (Non-Retained)" and not just "individuals likely to have discoverable information." *See* **Exhibit C**, Excerpt from Plaintiff's Designation of Expert and Fact Witnesses.

- **Plaintiff's Damages and Employability Impact Statement.** On June 27, 2025, Plaintiff served Banner with a document titled *Damages and Employability Impact Statement*, in which she states that she seeks **Three Hundred Million Dollars ($300,000,000)** in past and future emotional distress damages for "psychological trauma, panic-induced medical emergencies, and lasting neurological and emotional injury" purportedly caused by Banner. As Plaintiff also acknowledges in this document, she initially claimed $550 million for emotional distress damages. *See* **Exhibit D**, Excerpt from Plaintiff's Damages and Employability Impact Statement.

The same facts cited above also support the conclusion that good cause exists for the Court to order a mental examination. *See Gavin*, 291 F.R.D. at 165 n.3 (observing that, "where plaintiffs squarely put their mental condition in controversy and allege continuing emotional distress as a result of the defendant's action, courts frequently merge the 'in controversy' and 'good cause' requirements and order the IME," and citing cases).

Additionally, there is no question that Banner is entitled to explore issues of causation (both of the underlying mental health conditions and of Plaintiff's alleged damages), as well as the extent of Plaintiff's claimed emotional harm, as part of defending against Plaintiff's claims. *See, e.g., Quigley v. T-Mobile USA, Inc.*, 2022 WL 3013196, at *5 (C.D. Cal. 2022) ("Defendant is entitled to learn facts through discovery relevant to challenging Plaintiff's claim that she has suffered 'significant emotional distress' and that it was Defendant who caused that harm."); *Roberson*, 242 F.R.D. at 137 ("Defendant has the right to challenge Plaintiff's claim that she was harmed and that Defendant was the source of that harm, and to secure from whatever source available information that will challenge that claim."). Plaintiff claims that her severe emotional distress and long-term mental health impairments were caused by Banner and that she had no prior mental health history, diagnosis or treatment. Banner reasonably seeks to have a qualified professional explore these issues through a review of relevant records and examination of Plaintiff.

5

**III.     Banner's requested examination is reasonable.**

Rule 35(a) permits the Court to order a party whose mental condition is "in controversy" to submit to an examination by "a suitably licensed or certified examiner." Banner has selected Dr. Erin Nelson, a forensic psychologist with more than 20 years of experience who is licensed in Arizona, California and New Mexico, to conduct an examination of Plaintiff. Dr. Nelson has conducted similar examinations on many occasions and is eminently qualified to do so here. As reflected in Dr. Nelson's biography and curriculum vitae (attached as **Exhibit E**), she is both a practicing psychologist and a medical educator. Her clinical experience includes the treatment of adults in both inpatient and outpatient settings. She has testified in and/or consulted on cases involving a wide range of issues, including wrongful termination, discrimination, personal injury, and emotional distress. In the education setting, she is the Associate Dean for Physician Communication at the Texas Christian University Anne Burnett Marion School of Medicine, where she is also the Director of the Psychological and Behavioral Science curriculum and an Associate Professor of Medical Education. Dr. Nelson is also an Associate Professor at the University of Arizona College of Medicine – Phoenix in the Departments of Psychiatry and Bioethics and Medical Humanism.

Dr. Nelson is currently available to conduct the examination on one of the following dates: August 28, August 29, September 2, or September 5. The examination will take place via Zoom. The examination will relate to Plaintiff's diagnoses and damages allegedly caused or exacerbated by Banner. Consistent with other examinations ordered by courts in this District, it will include a semi-structured psychological interview and objective personality testing. *See Shadix–Marasco,* 2011 WL 2011483 at *5 (ordering examination that included administration of two "routine, objective psychological tests which are widely used by mental health experts to assess an individual's personality traits and symptoms"); *Naranjo v,* 2013 WL 1003485, at *3 (S.D. Tex.

2013) (ordering examination by psychiatrist regarding "any specific mental or psychiatric injuries that [plaintiff] claims are attributable to any act or omission of [defendant]"); *Rodriguez v. Pictsweet Co.*, 2008 WL 2019460, at *3 (S.D. Tex. 2008) (ordering examination by forensic psychiatrist and approving inclusion of a general diagnostic battery, mental status evaluation, neuropsychological evaluation, and general psychiatric examination); *see also Quigley,* 2022 WL 3013196 at *6 (approving of examination of plaintiff in employment discrimination case that would last approximately five hours, include "a detailed interview, mental status examination, and appropriate, generally accepted standardized psychological testing and screening cognitive assessment," and be audio-recorded by the examiner).

Plaintiff should reserve a full day to spend with Dr. Nelson, but the examination may not take the full day. No third parties may be present for the examination; however, as is her practice, Dr. Nelson will make audio and video recordings of the exam that will be provided to Plaintiff, and she will prepare the written report required by Rule 35(b).

### IV. Conclusion

Plaintiff has put her mental condition at issue and there is good cause for her to attend a Rule 35 examination. Banner requests that the Court order such an examination by Dr. Nelson, as described above and to take place on one of the dates identified above.

Dated: July 31, 2025

Respectfully submitted,

By: */s/ Jill J. Chasson*
    Jill J. Chasson (Arizona Bar #019424)
    *Attorney-in-charge, admitted pro hac vice*
    Andrew T. Fox (Arizona Bar #034581)
    *Admitted pro hac vice*
    **COPPERSMITH BROCKELMAN PLC**
    2800 North Central Avenue, Suite 1900
    Phoenix, Arizona  85004
    Telephone: 602.381.5481
    Fax: 602.224.6020
    jchasson@cblawyers.com
    afox@cblawyers.com

    Shira R. Yoshor
    State Bar No. 00788730
    yoshors@gtlaw.com
    Julissa Esquivel
    State Bar No. 24121458
    julissa.esquivel@gtlaw.com
    **GREENBERG TRAURIG LLP**
    1000 Louisiana Street, Suite 6700
    Houston, Texas 77002
    Telephone:  713.374.3613
    Fax:  713.374.3505

    ***ATTORNEYS FOR DEFENDANT BANNER HEALTH***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on July 31, 2025.

| | |
|---|---|
| Kisha Peters<br>2927 Westwood Manor Ln.<br>Houston, Texas 77047<br>Telephone: 832-782-0199<br>kipeters1107@yahoo.com<br><br>*Plaintiff Pro Se* | ○ via Certified Mail, RRR<br>⊙ via U.S. Mail (First Class)<br>⊙ via Electronic Mail<br>○ via Fax<br>○ via Hand Delivery<br>○ via Messenger<br>○ via E-Filing<br>○ via Federal Express |

*/s/ Tina Johannesen*