UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED
AUG 01 2025
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

COMES NOW Plaintiff Kisha Peters, pro se, and respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), for leave to file this Motion to Quash and for Protective Order. In support thereof, Plaintiff states:

## I. INTRODUCTION

Defendant Banner Health has issued subpoenas to multiple third-party medical and billing providers—many of which are duplicative, harassing, and procedurally deficient. The subpoenas violate Rule 45(d)(1) and (d)(3)(A)(iv), which prohibit imposing undue burden, particularly where the information sought is cumulative of materials already disclosed. Defendant **also** failed to demonstrate necessity or proportionality under Rule 26(b)(1), particularly when the subpoenaed records are already in Defendant's possession. See **Exhibit A: ECF 250.**

## II. BACKGROUND

1. On **June 25, 2025**, Plaintiff filed ECF 250 **formal objection** to Banner's third-party subpoenas. It outlines procedural defects, lack of necessity, and your concern that the

1

subpoenas were **tactically abusive** and intended to create confusion or delay — especially since the documents had already been provided. Undue Burden and Harassment impose unnecessary legal and administrative costs on non-parties.

2. **Fifth Circuit Emphasis on Protecting Against Cumulative and Harassing Discovery**

The Fifth Circuit has consistently emphasized courts' duty to limit cumulative discovery and prevent harassment:

> "District courts must be vigilant to ensure that the discovery process is not abused to harass, cause delay, or needlessly increase litigation costs."
>
> — *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)

Here, Defendant's use of subpoenas is untethered from any claim of material deficiency, and the tone of correspondence (e.g., asserting Plaintiff lacks "standing") reflects a pattern of abuse—not necessity.

### III. Supplemental Evidence Establishing Redundancy and Prior Disclosure

The medical records sought through Defendant's subpoenas — including, but not limited to, those from Thriveworks — have already been produced, authenticated, and are part of the Court's official record. Defendant's effort to re-obtain these same documents through subpoenas is not only redundant but demonstrates a disregard for the discovery already conducted. Specifically:

- **ECF No. 56-3**, at **Page 6, Items #39 and #40**, includes pages 127–131 of authenticated medical records from Thriveworks;

2

- These records are expressly incorporated in **Exhibit A** to **ECF 250 pg. 21: Confirmation Defense possesses records by** jchasson@cblawyers.com Friday, November 1, 2024, at 09:18 PM CDT;
- The email transmitting and authenticating these records has also been previously disclosed and included in Plaintiff's evidentiary submissions.

This documented trail confirms that the subpoenaed material is neither new nor unknown to Defendant. Banner's continued pursuit of these same records via third-party subpoenas imposes an unnecessary burden on non-parties, violates Rule 45(d)(1), and further supports the need for protective relief under Rule 26(c).

**IV. Banner's Strategic Confidence Is Rooted in Judicial Deference, Not Legal Merit**

In a July 31, 2025, email, Banner's counsel boldly asserted:

"We are confident you do not have standing to assert objections to Banner's document subpoenas…"

This confidence is not grounded in the law — which grants standing to litigants to object to subpoenas seeking their personal, privileged, or already-disclosed information — but rather in an observed pattern of favorable rulings Banner has consistently received in this case. Indeed, the official docket reflects that Banner has been repeatedly granted procedural relief, including extensions, discovery modifications, and contested motions, despite instances of noncompliance, fraud on the court, and misrepresentation.

The Plaintiff respectfully acknowledges this pattern and, in the interest of preserving her appellate rights, places on the record that she anticipates the Court will again rule in Banner's favor — even where clear procedural violations have occurred. This motion is therefore not only

3

a good-faith effort to correct procedural abuse under Rules 26 and 45, but also a necessary step to preserve the issue for review by the Fifth Circuit Court of Appeals.

## V. LEGAL BASIS FOR RELIEF

Federal Rule of Civil Procedure 45(d)(3)(A) requires courts to quash or modify subpoenas that:

- Fail to allow a reasonable time to comply;
- Require disclosure of privileged or protected matter; or
- Subject a person to undue burden.

Defendant Banner Health violate both the **spirit and letter** of Rule 45. Even if Banner views the subpoenas as "not discovery," the subpoenas' function — to obtain medical and billing records — places them squarely within the realm of civil discovery. See *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (abuse of subpoenas to circumvent discovery rules warranted quashing and sanctions).

The relief sought is not merely technical: it protects the **judicial process from procedural weaponization** and guards against the creation of appellate error. Where discovery tools are misused not to advance the merits, but to create delay, burden, or strategic posture, courts are empowered — and obligated — to intervene.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. **Quash** the subpoenas issued by Defendant Banner Health to third-party providers, which were served without prior notice and in violation of Rule 45(a)(4)
2. Take **judicial notice of ECF 250**, and acknowledge that the subpoenaed documents—particularly medical and billing records—have already been disclosed, authenticated,and **not subject to duplication through Rule 45**;

4

3. **Enter a Protective Order** barring further third-party subpoenas for duplicative or harassing purposes and prohibiting Defendant from serving future third-party subpoenas absent full compliance with ECF No. 49 and timely notice under Rule 45;

4. **Require that all future third-party subpoenas** be issued only after:

    - Written notice to Plaintiff,
    - A good-faith meet-and-confer effort, and
    - Leave of Court, if contested;

5. **Award such further relief** as the Court deems just and proper, including but not limited to reasonable costs, sanctions, or fee-shifting, pursuant to Rule 26(c)(3) and Rule 45(d)(1).

## CONCLUSION

Defendant's issuance of subpoenas without notice and in disregard of this Court's discovery order constitutes improper litigation conduct. The subpoenas should be **quashed**, and a protective order entered to prevent further procedural violations.

**August 01, 2025**

>   Respectfully submitted,
>   */s/ Kisha Peters*
>   Kisha Peters
>   *Plaintiff Pro Se*
>   2927 Westwood Manor Lane,
>   Houston, Texas 77047
>   Kipeters1107@yahoo.com
>   Telephone: 832-782-0199

5

## CERTIFICATE OF SERVICE

I hereby certify that on **August 01, 2025**, I served a true and correct copy of **Plaintiff's Motion For Leave To File Motion To Quash Subpoena And For Protective Order.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

6