United States Courts
Southern District of Texas
FILED

AUG 04 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § § | |
| Plaintiff, | § § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S CONSOLIDATED RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDERS (ECFs 242, 245, 247, 248, and 249)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff respectfully submits this consolidated objection to the following nondispositive orders issued by Magistrate Judge Christina A. Bryan between July 22 and July 24, 2025:

- **ECF 242** – Order granting Defendant's Motion to Extend Deadlines;

- **ECF 245** – Order denying Plaintiff's Motion for Leave to File Surreply;

- **ECF 247** – Order denying Plaintiff's Motion to Respond to Defendant's Discovery Filing;

- **ECF 248** – Order denying Plaintiff's Motion to Oppose Defendant's Surreply Request;

- **ECF 249** – Order terminating Plaintiff's Motion to Respond to Defendant's Discovery Letter.

Each of these rulings—individually and in combination—constitutes a clear error of judgment and a misapplication of controlling legal standards under Rule 72(a). Together, they reflect a

1

pattern of procedural imbalance that severely impairs Plaintiff's ability to respond to mischaracterizations in the record, complete discovery, and adequately prepare for dispositive motions and trial. The cumulative effect is substantial prejudice, particularly given Defendant's own repeated delays, tactical surreplies, and misuse of discovery channels.

Accordingly, Plaintiff objects to each ruling on the grounds outlined below and expressly preserves all issues stated herein for appellate review pursuant to Fed. R. Civ. P. 72(a) and § 636(b)(1)(A).

**I. OBJECTION TO ECF 242 – Amended Scheduling Order**

Defendant's Motion to Extend Deadlines (ECF 240) relied solely on vague scheduling conflicts (¶ 4), including trial obligations and anticipated depositions unrelated to this matter. The Magistrate's Order (ECF 242) granted the motion **without applying or analyzing the four required "good cause" factors** under *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003):

1. The explanation for failure to meet the deadline;
2. The importance of the extension;
3. The prejudice to the opposing party; and
4. The availability of a continuance to cure such prejudice.

This omission is legally significant. Plaintiff opposed the motion (ECF 241), highlighting repeated defense delays and misconduct consistent with **fraud on the court**, including misrepresentation of evidence and abusive discovery behavior. These concerns were ignored. The Fifth Circuit has squarely held that **busy trial calendars and litigation conflicts do not constitute good cause** under Rule 16:

2

- *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) ("Heavy workload and competing obligations do not constitute good cause.")

- *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) ("The press of other litigation is not an excuse for disregard of scheduling orders.")

By granting a repeated extension without addressing prejudice to Plaintiff or holding Defendant to the proper standard, the Court's order is **clearly erroneous and contrary to law**.

## II. OBJECTION TO ECF 245 – Premature Denial of Plaintiff's Motion to File Surreply (ECF 236)

Plaintiff's Motion for Leave to File Surreply (ECF 236) was filed in **direct response to Banner's Reply (ECF 234)** in support of its Motion to Strike Summary Judgment Evidence (ECF 223). The Reply (ECF 234) raised **material misstatements**, including Banner's claim that it had never received a critical audio recording — a claim disproven by authenticated delivery records and email correspondence.

Plaintiff's proposed surreply was narrowly tailored to address that misrepresentation and demonstrate misconduct consistent with **fraud on the court**. However, Magistrate Judge Bryan denied the surreply (ECF 245) **before issuing any ruling on the underlying motion to strike (ECF 223)**. This is procedurally improper. ECF 245 prematurely rejects a surreply that directly addresses critical evidentiary objections in an active, undecided motion.

Additionally, Plaintiff's Motion for Leave to File Surreply (ECF 236) was submitted in response to material misrepresentations in Defendant's Reply (ECF 234), which sought to suppress key summary judgment evidence by falsely asserting that Plaintiff's audio recordings were unauthenticated and inadmissible.

3

In fact, the recording at issue was **authenticated, referenced, and submitted** to Defendant **during the EEOC stage,** and again as part of this litigation in **ECF 56**. Moreover, **Defendant acknowledged receipt of this audio in contemporaneous email correspondence**, which Plaintiff submitted to the Court with ECF 236.

These facts show that Defendant had the recording in their possession long before filing their Motion to Strike (ECF 223), and knew — or should have known — that their representations in support of striking that evidence were **false and misleading**. This conduct meets the standard for **fraud on the court**, as outlined in *Aoude v. Mobil Oil Corp., 892 F.2d 1115* and *Chambers v. NASCO, Inc., 501 U.S. 32.*

By denying Plaintiff's motion for leave to rebut those misstatements (ECF 245), the Court has allowed an **unfair and distorted record** to persist while a dispositive evidentiary motion remains pending. Plaintiff respectfully objects and preserves her rights to a complete and accurate summary judgment record.

**III. OBJECTION TO ECF 247 – Improper and Unequal Enforcement of ECF 205**

Plaintiff's Motion for Leave (ECF 238) sought permission to respond to Defendant's Response (ECF 235) to Plaintiff's Discovery Noncompliance Notice (ECF 230). While Plaintiff acknowledges that ECF 230 did not include an explicit request for leave as required by the Court's May 9 Order (ECF 205), the Court **neither struck ECF 230 nor instructed Plaintiff to cure the omission**.

Instead, the Court allowed Defendant — who also did **not** request or receive leave — to file a responsive brief (ECF 235). Plaintiff then **complied** with ECF 205 by requesting leave to reply

4

(ECF 238). The Court denied Plaintiff's motion (ECF 247), claiming that ECF 205 permitted Defendant's response and that no further reply was necessary.

This ruling is clearly erroneous. ECF 205 does not authorize responsive filings without court approval; it merely says Defendant is "not required" to respond. There is no order granting Defendant leave to file ECF 235, which makes that filing equally unauthorized. Plaintiff, by contrast, complied with ECF 205 in seeking leave for a reply.

This selective enforcement created a **procedural imbalance**:

- Plaintiff's improper filing (ECF 230) was overlooked,
- Defendant's improper response (ECF 235) was accepted,
- But Plaintiff's compliant request for reply (ECF 238) was denied.

The result was an unbalanced record where Defendant's mischaracterizations went unchallenged and Plaintiff was barred from clarifying material discovery disputes. This outcome is **inconsistent with Rule 72(a)** and violates principles of adversarial fairness.

## IV. OBJECTION TO ECF 248 – Denial of Plaintiff's Opposition to Defendant's Motion for Leave to File Surreply

Plaintiff respectfully objects to the Court's July 23, 2025, Order (ECF 248) denying Plaintiff's Motion for Leave to File an Opposition to Defendant's Motion for Leave to File a Surreply (ECF 239), pursuant to Rule 72(a).

Although the Court retains discretion to limit briefing, Plaintiff's ECF 239 submission directly rebutted serious factual misrepresentations raised by Defendant in ECF 237. The Court denied Plaintiff's request on the ground that she had not demonstrated "exceptional or extraordinary circumstances" for additional briefing. However, the context of the motion makes clear that

Defendant's Surreply (ECF 237) itself rested on **a false claim of new arguments,** and attempted to relitigate Plaintiff's reply evidence through mischaracterization.

Importantly, the Court **denied Defendant's Surreply Request (ECF 237) on the same day (see ECF 246),** rendering Plaintiff's motion to oppose it functionally moot. However, **Plaintiff's Motion (ECF 239) was denied on the merits**, not dismissed as moot — a distinction that may result in procedural prejudice unless corrected or clarified.

**Key Grounds for Objection:**

1. **ECF 239 Provided Material Clarification**

    Plaintiff's Motion supplied evidence that the alleged "new" arguments and exhibits in her Reply (ECF 227 and 233) were in fact timely disclosed and known to Defendant well in advance. It included authenticated EEOC audio, email acknowledgments, and prior court filings (e.g., ECF 56), undermining the factual basis for Defendant's request.

2. **The Denial Prevented Plaintiff From Addressing Fraud-on-the-Court Allegations**

    Plaintiff's response brief (ECF 239) pointed out materially false representations in Defendant's filing — including misstatements about what documents were produced and when, as well as false claims about authentication of evidence. Denying her the opportunity to put this on the record undercuts her ability to rebut those accusations.

3. **Adversarial Fairness**

    The Court's simultaneous denial of both parties' motions (ECF 237 and 239) gave the appearance of symmetry, but it resulted in the **Plaintiff being denied the chance to rebut accusations** that, while ultimately unacted on, remain part of the record in ECF 237. Plaintiff's responsive brief should have been allowed to preserve the adversarial balance and clarify the record.

6

4. **Preservation for Appeal**

> To the extent the denial of ECF 239 is construed as a rejection of Plaintiff's factual clarifications and evidentiary rebuttals, Plaintiff objects under Rule 72(a) and preserves her right to appellate review. She also notes that these materials are necessary to contest any future evidentiary exclusion stemming from Defendant's ECF 223 Motion to Strike.

## V. OBJECTION TO ECF 249 – Termination of Plaintiff's Motion to Respond to Discovery Dispute

Plaintiff objects to the Court's July 24, 2025, Order (ECF 249), which terminated as moot Plaintiff's Motion for Leave to Respond to Defendant's Discovery Letter (ECF 211). On May 13, 2025, the Court entered a binding discovery order (ECF 209) based solely on Defendant's unopposed letter (ECF 207), without permitting Plaintiff to file a response or contest the allegations. When Plaintiff moved to respond (ECF 211), the Court declined to consider it, citing prior entry of ECF 209.

This procedure deprived Plaintiff of her right to be heard on a discovery dispute that carried the threat of significant sanctions — including evidence preclusion and dismissal under Rule 37(b). The order effectively adopted Defendant's version of events without adversarial input, and then barred Plaintiff from correcting the record.

Plaintiff objects under Rule 72(a) and respectfully preserves this issue for appeal based on procedural due process and the improper denial of a fair opportunity to respond to potentially dispositive discovery allegations.

7

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, each of the challenged orders is clearly erroneous or contrary to law within the meaning of Rule 72(a). Plaintiff has complied with all deadlines and has acted in good faith throughout this litigation. In contrast, Defendant has repeatedly manipulated procedural mechanisms for tactical advantage, often to Plaintiff's detriment.

Plaintiff acknowledges that the District Court has previously overruled similar objections, stating that the Magistrate Judge's orders were neither clearly erroneous nor contrary to law. Nonetheless, Plaintiff files this objection in good faith to preserve her rights for appellate review under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

Accordingly, Plaintiff respectfully requests that this Court:

- **SUSTAIN** her objections (ECF 242, 245, 247, 248 and 249);
- **SET ASIDE** or modify the corresponding orders;
- **DENY** further scheduling extensions unsupported by all four *S&W* factors; and
- **ENTER** any further relief necessary to preserve the integrity of the pretrial process.

**August 04, 2025**

                                                   Respectfully submitted,
                                                   */s/ Kisha Peters*
                                                   Kisha Peters
                                                   *Plaintiff Pro Se*
                                                   2927 Westwood Manor Lane,
                                                   Houston, Texas 77047
                                                   Kipeters1107@yahoo.com
                                                   Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 04, 2025**, I served a true and correct copy of **Plaintiff's Consolidated Rule 72(A) Objection to Magistrate Judge's Orders (ECFs 242, 245, 247, 248, and 249)**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199