United States Courts
Southern District of Texas
F I L E D

AUG 0 4 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| **Defendant.** | § | |

## MOTION OF LEAVE TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S ECF 253 MOTION FOR RULE 35 EXAMINATION

## PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S ECF 253 MOTION FOR RULE 35 EXAMINATION

Plaintiff, pursuant to Federal Rule of Civil Procedure 35 and the Court's Scheduling Order, respectfully moves for leave to file this Opposition to Defendant's Motion for a Rule 35 Psychological Examination (ECF No. 253). As outlined below, Defendant has failed to satisfy either of the two mandatory elements under Rule 35: (1) that Plaintiff's mental condition is "in controversy," and (2) that there is "good cause" for compelling such an intrusive examination. **Crucially**, Defendant Banner Health has never affirmatively disputed the authenticity or medical basis of Plaintiff's psychological diagnoses. Absent such dispute, and given that the relevant diagnoses are already supported by admissible medical records and treating provider testimony, there is no basis under Rule 35 to compel an invasive psychological examination. The absence of any meaningful challenge to the records on file undermines the claim that Plaintiff's condition is 'in controversy' or that good cause exists for further examination.

1

**This is not a case involving speculative or ambiguous psychological harm.** The emotional distress Plaintiff has endured is directly traceable to Defendant Banner Health's own actions—including false allegations of HIPAA violations, public humiliation, and wrongful termination. Banner has since admitted that it never possessed any audio recording containing Protected Health Information (PHI), thereby conceding that the stated basis for Plaintiff's termination was unfounded. This admission not only confirms the baselessness of the adverse employment action, but also validates the emotional harm Plaintiff experienced as a result of being wrongfully accused and subjected to reputational damage.

A compelled Rule 35 mental examination under these circumstances is both unwarranted and unjust. Defendant's concession undercuts any claim that Plaintiff's mental condition is legitimately "in controversy." Having failed to challenge the authenticity of Plaintiff's medical records, or to designate any rebuttal mental health expert for trial, Banner cannot now invoke Rule 35 as a litigation tool to relitigate facts it has effectively admitted.

### I. Legal Standard: Rule 35 Limitations and the Turner Factors

Under *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964), a Rule 35 mental examination is only permitted when:

1. The plaintiff's mental condition is "in controversy," **and**

2. There is "good cause" for the examination.

Courts apply this standard narrowly. See *Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996).

The **Turner v. Imperial Stores**, 161 F.R.D. 89 (S.D. Cal. 1995), framework adds five specific factors courts weigh in determining whether Rule 35 relief is appropriate:

1. Whether the plaintiff claims ongoing emotional distress;

2

2. Whether the plaintiff has sought or received treatment;

3. Whether the plaintiff intends to offer expert testimony;

4. Whether the plaintiff concedes the mental condition is "in controversy";

5. Whether the information is unavailable through existing records or testimony.

**Key Point:** Courts deny Rule 35 motions when the defendant cannot demonstrate that a new evaluation would yield material, non-duplicative evidence.

Here, none of the factors support Defendant's request:

- Plaintiff has already disclosed **complete therapy records**, clinical diagnoses, and treatment history – **ongoing emotional distress and received treatment**;

- Plaintiff has **not retained a psychiatric expert** or offered expert causation testimony;

- Plaintiff's mental health has **not been placed in controversy** through legal theories or trial strategy;

- Defendant already has full access to Plaintiff's mental health records, affidavits, and provider disclosures. Any further examination would be duplicative, cumulative, and unnecessary.

**Conclusion on Turner Factors:**

Because Plaintiff is not offering expert testimony, has already provided detailed records of treatment, and does not concede that her mental condition is "in controversy," the *Turner* factors weigh heavily against compelling a Rule 35 examination. Defendant cannot demonstrate that additional information from a forensic evaluation would yield new, non-duplicative evidence — as required under *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

- As emphasized in *Roberson v. Bair*, 242 F.R.D. 130, 137 (D.D.C. 2007), and *Boadi v. Center for Human Dev.*, 239 F. Supp. 3d 333, 340 (D. Mass. 2017), when emotional

3

distress is typical of a discrimination case and adequately documented, Rule 35 does not apply.

Accordingly, Defendant has failed to establish either prong of the Rule 35 standard, and their motion must be denied.

## II. Banner Has Forfeited the Right to Use Any Mental Health Witness at Trial — Including Dr. Erin Nelson

Banner failed to serve a timely and compliant Rule 26(a)(3) "Designation of Expert and Fact Witnesses," which was due on **August 1, 2025**, under the Court's Scheduling Order. Although Banner submitted a **Sixth Supplemental Disclosure** dated **July 31, 2025,** that document does **not satisfy** the formal requirement to designate which witnesses it **intends to call at trial**. This is not a minor procedural oversight—it is a **material violation** of the discovery rules with significant evidentiary consequences. Under **Federal Rule of Civil Procedure 37(c)(1)**:

*"A party that fails to provide information or identify a witness as required by Rule 26(a)... is not allowed to use that information or witness to supply evidence... at trial, unless the failure was substantially justified or is harmless."*

As of the disclosure deadline:

- **Banner did not designate Dr. Erin Nelson** as a testifying expert;
- **Banner did not identify any mental health expert** to testify at trial;
- **No fact witnesses were listed** to challenge Plaintiff's medical diagnoses, psychiatric history, or ADA causation.

**The result is clear:** Banner has forfeited the right to use Dr. Nelson—or any other mental health witness—at trial. This failure also undercuts the core premise of Banner's **Rule 35 motion,**

4

which is based on the purported need for mental health evidence at trial that **Banner has now abandoned.**

Moreover, this omission reveals that Banner's Rule 35 motion is **not driven by legitimate evidentiary need,** but rather functions as a **litigation tactic** aimed at profiling, intruding upon, or discrediting Plaintiff without fulfilling reciprocal discovery obligations.

The Court should view Banner's failure to disclose testifying witnesses as strong evidence that the Rule 35 request is made in **bad faith.** Accordingly, the motion must be **denied in full,** or, at minimum, **strictly limited in scope** consistent with the standards of Rule 35 and fairness in litigation.

## III. BANNER CANNOT DEMONSTRATE "GOOD CAUSE" — THEY ALREADY POSSESS THE EVIDENCE

Courts require more than preference or convenience — they require a **need for new, material evidence.** See *Winstead v. Lafayette Cty. Bd. of Comm'rs*, 315 F.R.D. 612, 615 (N.D. Fla. 2016). Good cause is **not met** when the movant already has:

- Therapy and mental health records;

- Declarations describing distress;

- Medical documentation substantiating harm;

- Audio recordings and direct HR statements confirming events and harm.

This is **not** a case of vague causation or ambiguous injury — the distress stems from a well-documented and now **conceded** false allegation (that Plaintiff possessed PHI), which Banner has failed to prove, and even admitted no such PHI ever existed in their custody.

## IV. BANNER'S DESIGNATION OF DR. NELSON AS AN EVALUATOR — NOT A TESTIFYING EXPERT — EXPOSES STRATEGIC MISUSE OF RULE 35

5

Dr. Erin Nelson was disclosed **only** as a potential evaluator under Rule 35. She was:

- Not designated as an expert under Rule 26(a)(2),

- Not listed as a trial witness,

- Not supported with any written report or summary of findings (due August 1, 2025).

Courts have emphasized that **forensic psychologists** are often retained **to impeach credibility**, not assess treatment or causation. See **APA Guidelines for Forensic Psychology (2013)**.

Rule 35 cannot be weaponized to introduce **otherwise inadmissible credibility attacks** or serve as a proxy for expert disclosure procedures.

## V. IF AN EXAM IS ORDERED, LIMITS ARE REQUIRED TO PREVENT PREJUDICE

If the Court permits any examination, Plaintiff requests:

- A neutral, non-forensic, court-appointed examiner;

- One-hour maximum, conducted over Zoom;

- No credibility testing, childhood trauma, or personality inventories;

- No testimony permitted unless ordered admissible after an evidentiary hearing;

- Full unredacted recording and copy to Plaintiff within 5 business days.

See: **Exhibit E**: Plaintiff's Proposed Protective Order Under Rule 35(A)

## VI. CONCLUSION

Banner's failure to:

- Actively contest Plaintiff's diagnoses,

- Disclose expert witnesses or rebuttal testimony,

- Serve a timely Designation of Expert and Fact Witnesses,

6

… confirms that this motion is **not about medical necessity** or clarification. It is a last-minute litigation tactic meant to **harass**, discredit, and divert attention from **Banner's own misconduct**, which has been admitted and documented.

Given Defendant's procedural noncompliance, lack of designated rebuttal witnesses, and admissions concerning the false basis for Plaintiff's termination, this case presents no legitimate justification for a compelled mental examination. Plaintiff's mental health evidence is fully documented, legally sufficient, and uncontested. Defendant's Rule 35 motion must be denied in its entirety—or strictly limited to prevent misuse.

**August 04, 2025**

> **Respectfully submitted,**
> _/s/ **Kisha Peters**_
> Kisha Peters
> _Plaintiff Pro Se_
> 2927 Westwood Manor Lane,
> Houston, Texas 77047
> Kipeters1107@yahoo.com
> Telephone: 832-782-0199

7

## CERTIFICATE OF SERVICE

I hereby certify that on **August 04, 2025,** I served a true and correct copy of **Motion of Leave to File Plaintiff's Opposition to Defendant's ECF 253 Motion for Rule 35 Examination.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.


**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com


**Respectfully submitted,**

_/s/ Kisha Peters_
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

8

**Exhibit A – Plaintiff's Affidavit (Statement of Mitigation of Damages, March 12, 2025)**

- This sworn affidavit accurately reflects Plaintiff's emotional distress based on contemporaneous medical treatment and provider documentation.

- The conditions described (e.g., major depressive disorder, anxiety, panic attacks) are **based on DSM-5 diagnoses made by treating professionals** (e.g., PMHNP-BC Solomon).

- The reference to the February 2025 emergency visit is supported by medical records from Dr. Thomas Marcello, ER physician, and subsequent neurosurgical findings by Dr. Subrata Ghosh.

- **Purpose**: To support Plaintiff's claims for emotional distress damages, consistent with FRE 701 and 803(4); **not intended as a waiver of privilege** or to introduce retained psychiatric expert testimony.

**Exhibit B – Ninth Supplemental Disclosure (June 20, 2025)**

- Plaintiff did identify **Deborah Solomon (PMHNP-BC), Clotie Wayland (LCSW), Dr. Thomas Marcello**, and **Dr. Subrata Ghosh** as individuals with direct, contemporaneous knowledge of her **mental health and physical condition** following Banner's alleged retaliation and wrongful termination.

- Each of these individuals was disclosed in accordance with **Fed. R. Civ. P. 26(a)(2)(C)** as **non-retained treating providers**, not retained experts. Their testimony is limited to:

  - Diagnoses rendered in the course of care,

  - Symptom progression directly observed,

  - Medical referrals and clinical notes generated in the ordinary course of treatment.

9

- At no point has Plaintiff sought to elicit expert causation opinions outside the permissible scope of Rule 26(a)(2)(C).

Plaintiff's Eleventh Disclosure has been revised to fully align with her June 27, 2025, *Designation of Expert and Fact Witnesses*. This amendment serves to streamline issues for trial, confirm witness consistency, and reflect a reduced damages calculation totaling **$613,061,517.59,** demonstrating Plaintiff's good faith participation and a narrowed scope of claims based on substantiated, admissible evidence.

**Exhibit C – Updated Designation of Expert and Fact Witnesses (Originally Served June 27, 2025; Updated as of August 4, 2025)**

Plaintiff originally served a 63-page Designation of Expert and Fact Witnesses on June 27, 2025, which clearly delineated between fact witnesses, non-retained experts, and treating providers in accordance with Federal Rule of Civil Procedure 26(a)(2)(C).

- Pursuant to Fed. R. Civ. P. 26(e), Plaintiff expressly reserved the right to supplement or amend her disclosures. In accordance with that reservation and to ensure the most accurate presentation of witness roles, Plaintiff updated the Designation as of **August 4, 2025**, and served the revised document on Defendant.

- Plaintiff's identification of witnesses simply reflects their treatment-based expertise and anticipated testimony based on care rendered in the ordinary course of medical or psychological services.

- This classification does **not** trigger the expert report requirements under Rule 26(a)(2)(B), as these witnesses are not retained for litigation purposes and will testify solely based on observations, diagnoses, and treatment already provided.

10

- Plaintiff's updated designation remains timely under the applicable discovery rules and Court orders.

**Exhibit D – Damages and Employability Impact Statement (Updated August 4, 2025)**

Plaintiff acknowledges that her original emotional distress damages claim was previously set at $550–600 million. However, after a full review of the legal precedent, evidentiary record, and in consultation with binding case law such as *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426 (3d Cir. 2009), Plaintiff voluntarily reduced her emotional distress damages claim to **$300 million** in the updated Damages and Employability Impact Statement dated June 27, 2025.

This reduction was not arbitrary but reflects Plaintiff's ongoing commitment to act in good faith and align her claims with the substantiated medical, psychological, and factual evidence produced in discovery. Plaintiff expressly reserves the right to further amend or supplement this calculation as additional evidence becomes available, as permitted under Federal Rule of Civil Procedure 26(e).

Accordingly, the reduction in damages reflects:

- Plaintiff's review of governing legal standards and case law;
- A desire to streamline the claims for trial;
- An effort to demonstrate proportionality, good faith, and credibility in seeking redress for substantial emotional harm supported by medical documentation and witness testimony.

Defendant's characterization of this reduction as inconsistent or opportunistic is incorrect and disregards both the procedural rights under Rule 26 and the purpose of ongoing disclosure—to clarify and refine claims based on the evolving evidentiary record.