UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS,<br>    *Plaintiff*,<br><br>v.<br><br>BANNER HEALTH D/B/A BHT<br>BANNER HEALTH OF TEXAS,<br>    *Defendant*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:24-cv-772<br>§<br>§<br>§<br>§ |

# **ORDER**

On August 4, 2025, Plaintiff filed consolidated objections to five separate Orders (ECF 242, ECF 245, ECF 247, ECF 248, and ECF 249).[1] ECF 255. Plaintiff's objections are STRICKEN for failure to comply with Federal Rule of Civil Procedure 11, General Order 2025-04, and the Court's April 26 and May 9 Orders.

Plaintiff's Objections cite two cases in support of her contention that the Court erred in finding good cause to extend the discovery, dispositive motion, and pre-trial motions deadline. The two citations and parenthetical quotations are *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) ("Heavy workload and competing obligations do not constitute good cause.") and *Geiserman v.*

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

*MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) ("The press of other litigation is not an excuse for disregard of scheduling orders."). The quoted text cited by Plaintiff in the parentheticals and attributed to the opinions in *Squyres* and *Geiserman* do not appear in either of the cases.

This is not the first time Plaintiff has presented false legal authority to the Court. On April 16, 2024, the Court warned Plaintiff about her use of artificial intelligence and citations to non-existent cases, stating:

> **Plaintiff may not file any document with the Court that was generated by artificial intelligence without ensuring that all of the citations are real and stand for the legal proposition for which they are cited. Failure to comply with the Court's Order may result in sanctions up to and including dismissal of claims.**

ECF 168 at 7 (emphasis in original). Again, on May 9, 2025, the Court addressed Plaintiff's misrepresentation of case law:

> It is ORDERED that Plaintiff take notice of and comply with General Order 2025-04, *In Re: Use of Generative Artificial Intelligence in Court Filings*. It is further **ORDERED that failure to comply with this Order and General Order 2025-04 may result in sanctions up to and including monetary sanctions and recommendation to the district court judge that this case be dismissed.**

ECF 205 at 3 (emphasis in original).[2] In recent filings, presumably to demonstrate compliance with General Order 2025-04, Plaintiff has attached an "AI Use

---

[2] General Order 2025-04 states:

Compliance Statement" acknowledging her use of ChatGPT for the drafting of portions of her motions and "affirm[ing] that the filing was fully reviewed, edited, and approved by Plaintiff, *who accepts full responsibility for its content, accuracy, and citations*." *See e.g.,* ECF 241 at 44 (emphasis added). Notably, Plaintiff did not attach "An AI Use Compliance Statement" to her Consolidated Objections.

Plaintiff has displayed a brazen willingness to disregard Court Orders and the Federal Rules of Civil Procedure. Plaintiff's pro se status does not excuse her conduct. *Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Tr.*, ⸺ F. Supp. 3d ⸺, ⸺, No. 3:25-CV-516-BN, 2025 WL 1408897, at *3 (N.D. Tex. May 15, 2025) ("While courts afford pro se litigants considerable leeway, that leeway does not relieve pro se litigants of their obligation under Rule 11 to confirm the validity of

---

Rule 11 of the Federal Rules of Civil Procedure requires that an attorney or self-represented litigant certifies their claims, defenses, and other legal contentions are warranted by existing law and the factual contentions have evidentiary support. Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence (e.g., ChatGPT, Harvey.AI, generative AI services) without checking the submission for accuracy as certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's independent legal judgment.

Any attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing. See FED. R. CIV. P. 11(c) (providing for imposition of an "appropriate sanction"—including nonmonetary directives, a penalty payable to the court, or payment to the opposing party of attorney's fees and expenses directly resulting from the violation—if, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated).
https://www.txs.uscourts.gov/district/genord.

3

any cited legal authority."); *Schneider v. Harris Cnty. Sheriff's Dep't*, No. CIV.A. H-07-2732, 2008 WL 4692436, at *2 (S.D. Tex. Oct. 21, 2008) ("pro se litigants are not held to lower standards regarding knowledge of the law or compliance with court orders."). A pro se party "who submits fake [quotations] clearly has not *read* those [] cases, which is a violation of Rule 11 of the Federal Rules of Civil Procedure." *Id.* at *2 (emphasis in original). Attempts to "persuade the Court or oppose an adversary" by relying on misleading or nonexistent case law "is an abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024). Plaintiff's conduct in this case, including her continued misrepresentation of case law, wastes judicial resources. As noted by one court in this Circuit:

> [w]hen used carelessly, AI produces frustratingly realistic legal fiction that takes inordinately longer to respond to than to create. While one party can create a fake legal brief at the click of a button, the opposing party and court must parse through the case names, citations, and points of law to determine which parts, if any, are true. As AI continues to proliferate, this creation-response imbalance places significant strain on the judicial system.

*Ferris v. Amazon.com Servs., LLC*, –– F. Supp. 3d ––, ––, No. 3:24-CV-304-MPM-JMV, 2025 WL 1122235, at *1 (N.D. Miss. Apr. 16, 2025).

It is therefore ORDERED that Plaintiff's Consolidated Objections are STRICKEN for failure to comply with the Federal Rules of Civil Procedure, General Order 2025-04, and the Court's Orders. It is further

4

**ORDERED** that if Plaintiff continues to misrepresent case law to the Court, the Court may enter sanctions up to and including monetary sanctions and a recommendation to the district court judge that this case be dismissed.

Signed on August 06, 2025, at Houston, Texas.

*[signature]*
Christina A. Bryan
United States Magistrate Judge