UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 06 2025
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE UNTIMELY EXPERT TESTIMONY AND WITNESS TESTIMONY NOT PROPERLY DISCLOSED**

Pursuant to **Fed. R. Civ. P. 37(c)(1)** and the Court's Scheduling Order, Plaintiff respectfully moves to exclude **(1)** all untimely expert testimony or reports from Defendant Banner Health, and **(2)** any fact or non-retained expert witnesses not properly disclosed under Rule 26.

## I. BACKGROUND

The Court set a firm deadline of **August 1, 2025**, for Defendant to serve its expert disclosures and any reports required by **Rule 26(a)(2)(B)**. As of the filing of this motion:

- **No expert report** has been served, received by mail, or filed.

- Defendant has **not identified any treating provider, fact witness, or non-retained expert** with a summary of opinions under **Rule 26(a)(2)(C)**.

- Dr. Erin Nelson was named in **ECF 253** as a proposed Rule 35 examiner. However, Banner submitted only a CV and general intent to evaluate Plaintiff — **not a signed expert report** as required for testifying experts.

1

## II. LEGAL STANDARD

### A. Rule 26(a)(2)(B) Requires a Full Written Report

A party offering expert testimony must serve a **written report signed by the expert**, including a statement of opinions, basis, data considered, exhibits, qualifications, compensation, and prior testimony.

### B. Rule 37(c)(1) Mandates Exclusion

"If a party fails to provide information or identify a witness as required by Rule 26(a)… the party is **not allowed to use** that information or witness… **unless** the failure was **substantially justified** or **harmless**."

This rule applies not only to experts, but also to **fact witnesses or non-retained experts** improperly disclosed. See *Barrow v. Greenville ISD*, 202 F.R.D. 480 (N.D. Tex. 2001).

## III. ARGUMENT

### A. No Rule 26(a)(2)(B) Report for Dr. Nelson

- Banner did **not serve a timely report** for Dr. Nelson by August 1.
- A CV and intent to examine Plaintiff under Rule 35 **do not qualify** as an expert report.
- Plaintiff has no ability to prepare, depose, or challenge Dr. Nelson's expected opinions.
- This omission is **neither substantially justified nor harmless**, and warrants exclusion.

### B. No Identification of Treating or Fact Witnesses Under Rule 26(a)(2)(C)

- Defendant failed to serve any disclosure identifying:
    - Treating providers they intend to call at trial,
    - Summaries of expected opinions or scope of testimony,
    - Compliance with Rule 26(a)(1)(A)(i) or Rule 26(a)(2)(C).
- This prevents Plaintiff from preparing rebuttal evidence or filing motions in limine.

2

- The prejudice is substantial, and **exclusion is mandatory** under Rule 37(c)(1).

## IV. REQUEST TO DISMISS BANNER'S DEFENSES OR CLAIMS WITH PREJUDICE

In the alternative, and to preserve appellate rights, Plaintiff requests that the Court consider **dismissal with prejudice** of Banner's remaining defenses and potential counterclaims based on:

- **Fraud on the Court, ECF 234** including material misrepresentations regarding its possession of Plaintiff's PHI and EEOC-submitted recordings; ECG 236

- **Repeated discovery abuses and misuse of process**, including improper subpoenas for documents already produced and unsupported Rule 35 motion;

- **Abandonment of key defenses**, including "after-acquired evidence," which Banner raised but failed to defend at summary judgment or support with expert disclosures;

- **Complete failure to disclose any testifying expert**, in violation of Rule 26(a)(2), despite relying on expert testimony as part of its discovery posture.

Such conduct meets the threshold for dismissal under **Rule 37(b), Rule 41(b)**, and the Court's **inherent authority** to address litigation misconduct. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

## V. Fraud on the Court and Discovery Misconduct

Banner represented to this Court that it had not received the audio recordings central to Plaintiff's claims. However, Plaintiff's August 4, 2025 filing (ECF 236) includes a **November 21, 2024** email recording in which Banner's counsel **expressly acknowledges receipt** of the audio. Moreover, Banner itself previously produced **that identical recording in their** EEOC discovery production—**Bates-labeled EEOC 0062–0106 through EEOC 0123**—confirming their possession. This deliberate misrepresentation constitutes **fraud on the court** and justifies sanctions or dismissal under the Court's inherent authority.

3

Moreover, Banner has issued subpoenas for **mental health and medical records** that were **already produced and received by Banner** — including documentation sent directly by Plaintiff from Thriveworks. See **Exhibit A**, which confirms Banner received the complete Thriveworks production via email (**November 06, 2024 at 4:18 PM.**) This tactic misled the Court, duplicated discovery without justification, and burdened third parties.

See **Exhibit B**, which confirms that on **November 1, 2024, at 9:18 PM**, Plaintiff forwarded to **Banner's counsel, Jill Chasson**, the email originally sent by **Tamra Prather of Thriveworks** on **June 25, 2024, at 7:16 AM**, containing the **same medical records** that Defendant is now attempting to obtain through subpoena.

See **Exhibit C**, an **August 4, 2025** email from **Mary Gagliardi**, Associate General Counsel for Thriveworks, addressed to defense counsel **Jill Chasson** please provide clarification regarding whether Banner Health already possesses the medical records from our office dated through **June 25, 2024**.

These actions demonstrate not only **Banner's misrepresentation about record receipt**, but also a calculated effort to burden a third-party provider and mislead the Court about the existence of critical records. This behavior satisfies the elements of **fraud on the tribunal** and **bad-faith discovery practices warranting sanctions or dismissal** under **Rule 11**, **Rule 37**, and the Court's **inherent authority**.

## VI. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Exclude** any expert testimony or reports from Defendant not timely disclosed, including any testimony by Dr. Erin Nelson;

2. **Preclude** Defendant from offering any witness testimony—expert or lay—not disclosed in compliance with Rule 26(a)(1) or (a)(2);

3. **Strike** any defenses that rely on expert opinions or factual assertions that Banner failed to support through proper discovery;

4. **Enter sanctions** for Banner's abusive discovery tactics, Rule 35 motion misuse, and false court submissions.

5. **Sanction** Defendant for procedural abuse, including attempted Rule 35 misuse and false representations regarding possession of records;

6. **Dismiss with prejudice** Banner's remaining defenses and claims, or in the alternative, preserve Plaintiff's right to seek dismissal at a later stage;

7. **Award fees, costs**, and **any other relief** this Court deems just and appropriate under Fed. R. Civ. P. 37 and the Court's inherent authority.

**August 06, 2025**

                                              **Respectfully submitted,**
                                              */s/ Kisha Peters*
                                              Kisha Peters
                                              *Plaintiff Pro Se*
                                              2927 Westwood Manor Lane,
                                              Houston, Texas 77047
                                              Kipeters1107@yahoo.com
                                              Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 06, 2025**, I served a true and correct copy of **Plaintiff's Motion for Leave to File Motion to Exclude Untimely Expert Testimony and Witness Testimony Not Properly Disclosed.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 _/s/ Kisha Peters_
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

6