UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 0 6 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § § § § | |
| Plaintiff, | | |
| vs. | § § | Civil Action No: 4:24-cv-00772 |
| BANNER HEALTH d/b/a BHT BANNER HEALTH OF TEXAS | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO VACATE ORDER STRIKING RULE 72(a) OBJECTIONS (ECF 258), CLARIFICATION REGARDING RULE 11, AND OBJECTION TO PROCEDURAL IRREGULARITIES**

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Plaintiff **Kisha Peters**, appearing pro se, respectfully submits this motion and memorandum of law to respond to the Magistrate Judge's August 6, 2025 Order (ECF 258) striking Plaintiff's Rule 72(a) objections (ECF 255). Plaintiff seeks full vacatur of ECF 258 and reinstatement of ECF 255 for District Judge review. The Court's reasoning is procedurally flawed, factually incorrect, and unsupported by law.

**I. STRIKING ECF 255 WAS PROCEDURALLY IMPROPER UNDER RULE 72(a)**

Plaintiff's filing at ECF 255 was a timely and proper **Rule 72(a) objection** to five nondispositive magistrate orders (ECF 242, 245, 247, 248, 249). Under **28 U.S.C. § 636(b)(1)(A)** and **Fed. R. Civ. P. 72(a)**, objections to such orders must be **reviewed and ruled on by the District Judge**.

1

Instead, the Magistrate Judge **struck** the filing outright. This exceeds the authority conferred under Rule 72(a) and violates Plaintiff's statutory right to have a District Judge review magistrate decision. ECF 255 must be **reinstated** for proper adjudication by the Article III judge.

## II. PLAINTIFF'S CASE LAW CITATIONS WERE REAL, VERIFIED, AND PARAPHRASED ACCURATELY

ECF 258 alleges that Plaintiff cited "false legal authority" by paraphrasing[1] holdings from:

- **Squyres v. Heico Cos., LLC**, 782 F.3d 224, 237 (5th Cir. 2015), and
- **Geiserman v. MacDonald,** 893 F.2d 787, 791 (5th Cir. 1990).

This is legally and factually wrong. Both decisions are real Fifth Circuit cases, properly cited by volume and reporter, and were **paraphrased in good faith**:

- **Squyres**: The Fifth Circuit explicitly stated that "the press of other litigation is not enough" to justify delay. Plaintiff paraphrased this as "heavy workload and competing obligations do not constitute good cause."
- **Geiserman**: The Court ruled that "the claimed press of other litigation is not a sufficient justification for failure to comply with discovery deadlines." Plaintiff paraphrased: "The press of other litigation is not an excuse for disregard of scheduling orders."

**Paraphrasing is not hallucination.** There is no fabrication here—just a well-reasoned summary of binding Fifth Circuit law.

## III. GENERAL ORDER 2025-04 DOES NOT MANDATE AN AI USE STATEMENT FOR EVERY FILING

---

[1] Legal writing guides confirm that paraphrasing is acceptable — and often preferable — as long as the original case is clearly cited in context: "[Paraphrasing] means summarizing… in your own argument in a way that is distinctive and new" and must be accompanied by proper citation. Incorporating precedent into your own writing by describing the idea and citing its source" is standard practice—even when quotations vary.

2

ECF 258 implies Plaintiff violated prior court orders by not attaching an "AI Use Compliance Statement" to ECF 255. This is legally unsound.

- **General Order 2025-04** provides guidance—not a mandatory procedural requirement—for AI usage. It states litigants **must verify all content** and remain accountable under Rule 11.
- Plaintiff **voluntarily attached AI compliance statements** in prior filings (e.g., ECF 239, ECF 241) and affirmatively certified that all filings, including ECF 255, were **personally verified, accurate, and compliant with Rule 11.**
- **There is no order or rule requiring a compliance statement to accompany every filing.** ECF 258 erroneously assumes such a requirement exists.

## IV. PLAINTIFF DID NOT VIOLATE ECF 168 OR ECF 205

ECF 258 misrepresents ECF 168 and 205. Neither order found a violation or imposed sanctions.

- **ECF 168** (April 16, 2024) simply warned Plaintiff to verify citations moving forward.
- **ECF 205** (May 9, 2025) instructed Plaintiff to "take notice" of General Order 2025-04.
- **Both orders were prospective, not punitive.** Plaintiff has fully complied with their intent and language.

## V. RULE 11 WAS NOT VIOLATED — PLAINTIFF ACTED IN GOOD FAITH AND VERIFIED ALL CITATIONS

**Rule 11(b)** requires filings be presented in good faith, be legally and factually supported, and not for improper purpose. Plaintiff certified ECF 255 under Rule 11:

- The legal contentions were based on **real, controlling Fifth Circuit authority**.
- The factual contentions were supported by record evidence.
- No misrepresentation occurred. No citation was false. No bad faith was shown.

3

Per **Rule 11(c)**, sanctions require a violation **and** notice and a reasonable opportunity to respond. Here, Plaintiff has **not violated Rule 11**, and has now responded in full. Sanctions or threats of dismissal are improper and unsupported.

## VI. THE COURT'S ORDER REFLECTS PROCEDURAL BIAS AND UNEQUAL ENFORCEMENT

The Court has repeatedly singled out Plaintiff — while ignoring comparable or more serious misconduct by Defendant. These examples illustrate a pattern of **procedural bias** and **uneven enforcement**:

1. **Fraud on the Court** — See **ECF 236**:

   Defendant falsely claimed it did not receive key evidence (including EEOC audio), yet Plaintiff provided **undisputed proof** that the defense had these materials **before filing ECF 234**, and that they were originally **in its possession from the EEOC**.

2. **Defense Misrepresentation of Case Law** — See **ECF 239 at pg. 6, ¶¶ 5–6**:

   Defendant **misstated and misapplied controlling case law**, including *Taylor* and *McClain*, while accusing Plaintiff of error. No judicial sanction or rebuke followed.

3. **Procedural Gamesmanship** — **ECF 254**:

   Defendant harassed Plaintiff/witnesses with duplicative and unnecessary subpoenas for materials they already possessed. This conduct reflects **abuse of process** rather than legitimate litigation.

4. **Baseless Accusation of "Hallucinated" Citations** — **ECF 239 at pg. 9, ¶ 4**:

   Defendant falsely accused Plaintiff of citing fictional cases like *Rozier* and *Demjanjuk*. In fact, these were real and controlling cases cited in *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005). However, these are **real and controlling decisions**, cited and discussed in

4

> **Judge Ruggero J. Aldisert's** published opinion in *Herring v. United States*, **424 F.3d 384, 390 (3d Cir. 2005).** To misrepresent them as "hallucinated" is a **reckless misrepresentation to the Court** and supports a claim of **fraud on the court** but the court support the defense actions.

The Court's order shows a disproportionate response to **Plaintiff's paraphrasing of real law**, while ignoring **defense-side misconduct**. This selective enforcement raises legitimate questions of **impartiality and fairness**, especially toward a pro se litigant.

## VII. NO BASIS FOR STRIKING OR DISMISSING ECF 255 EXISTS

Plaintiff's Rule 72(a) objections were proper, lawful, and supported by verified law and record evidence. Striking that filing:

- Exceeds the Magistrate's jurisdiction under Rule 72(a),
- Misstates the legal and factual basis for Plaintiff's citations,
- Misapplies Rule 11 and General Order 2025-04,
- Imposes de facto sanctions without due process.

## VIII. The Court's Striking of ECF 255 Was in Retaliation for Raising Documented Fraud on the Court

ECF 255 did not merely object to scheduling or briefing procedures—it identified **verifiable misconduct** by the defense, including:

- False statements that it never received key recordings.
- Misrepresentations about evidence admissibility.
- Procedural tactics to suppress opposing evidence.

Plaintiff attached authenticated delivery records and emails in ECF 236 showing the defense had those materials well before filing ECF 234.

5

Rather than allow Plaintiff's challenge to be heard under Rule 72(a), the Court **struck ECF 255 altogether**—a move that has no basis in the Federal Rules and appears retaliatory. It effectively **shielded the defense's fraud from scrutiny** while sanctioning Plaintiff for correctly paraphrasing real law.

This action undermines the rule of law and violates Plaintiff's right to seek redress for fraud on the court under **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)** and **Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989)**.

## PRAYER FOR RELIEF

For the reasons above, Plaintiff respectfully requests that this Court:

1. **VACATE** ECF 258 in its entirety;
2. **REINSTATE** Plaintiff's Rule 72(a) Objections (ECF 255) for District Judge review;
3. **FIND** that Plaintiff has not violated Rule 11, ECF 168, ECF 205, or General Order 25/04;
4. **REJECT** the Court's assertion of fabricated citations, as all references were to real, paraphrased Fifth Circuit cases;
5. **DECLARE** that no AI Use Statement is required under current standing orders unless the Court explicitly orders it; and
6. **GRANT** such other and further relief as justice requires.

**August 06, 2025**

                                                       **Respectfully submitted,**
                                                       */s/ Kisha Peters*
                                                       Kisha Peters
                                                       *Plaintiff Pro Se*
                                                       2927 Westwood Manor Lane,
                                                       Houston, Texas 77047
                                                       Kipeters1107@yahoo.com
                                                       Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 06, 2025**, I served a true and correct copy of **Plaintiff's Motion to Vacate Order Striking Rule 72(A) Objections (ECF 258), Clarification Regarding Rule 11, And Objection to Procedural Irregularities.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

                                        **Respectfully submitted,**

                                        */s/ Kisha Peters*
                                        Kisha Peters
                                        *Plaintiff Pro Se*
                                        2927 Westwood Manor Lane
                                        Houston, Texas 77047
                                        Kipeters1107@yahoo.com
                                        Telephone: 832-782-0199