United States Courts
Southern District of Texas
FILED

AUG 1 1 2025

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

## MOTION FOR LEAVE TO FILE SURREPLY TO THE DEFENSE ECF 264

Plaintiff respectfully seeks leave to file this Surreply to Defendant's Reply in Support of its

Motion for Mental Health Examination (ECF 264) because the Reply is being used not to

address the merits of the pending motion, but to divert the Court's attention away from clear,

unequivocal, and convincing evidence of fraud on the Court

### I. Plaintiff's Compliance with Court's August 8, 2025 Order (ECF 263)

At no time before ECF 263 was Plaintiff informed that paraphrasing could be construed as a

"hallucinated" citation. Plaintiff now understands the Court's clarification and will fully comply

going forward. Plaintiff has never filed any motion in bad faith and use her voluntarily add "AI

Use Compliance Statement" as an additional safeguard for compliance.

### II. Defendant's Procedural Default – Missed Expert Disclosure Deadline

The Amended Scheduling Order (ECF 242) extended some deadlines but did not change the

August 1, 2025 expert disclosure date. Under Rule 26(a)(2)(B) and (C), Defendant was required

to serve either:

1

1. A retained expert report; or

2. A non-retained expert disclosure with subject matter and summary of opinions.

Defendant did neither. Merely naming Dr. Nelson without a Rule-compliant report is insufficient. Without a timely designated expert, Defendant has no admissible testimony to support a Rule 35 exam or interpret results. Any attempt to proceed now would be an impermissible creation of new expert evidence after the deadline in violation of the Federal Rules and the Court's order forbid.

### III. Fraud on the Court

Defendant's ECF 264 is a diversion from the fraud on the court detailed in ECF 259. Clear, unequivocal, and convincing evidence shows:

- **False claim of unresponsive link of July 12, 2022 recording** – (ECF 223, p. 2 n.1) See **Exhibit** A;

- **False claim of Plaintiff has not pled an ADA claim** – (ECF 224, p. 24 n.9) See **Exhibit** B;

- **False claim of Plaintiff** "evidentiary surprise" Plaintiff was her refusal to submit the actual audio files that she relies upon *with her MSJ* - (ECF 234, p.3) See **Exhibit** C

**Fraud on the Court** – Supported by clear, unequivocal, and convincing evidence that Defendant knowingly making false statements that corrupt the judicial process and prevent impartial adjudication.

- **Exhibit D** (ECF 236 Exhibit C pg. 21) November 27, 2024 email defense counsel confirmed all recordings were working excepted for two unrelated files versus Ex. A.

2

- **Exhibit E:** Defendant EECO-0107: Confirm that Defendant was on notice of Plaintiff's ADA claim well before filing ECF 224 filing and before the onset of this trial. (See ECF 236 pg. 33: Chapter 21, Title VII, ADEA or ADA…..)

- See **ECF 236** Exhibit D –Defendant produced, EEOC documents that include the same recordings Banner told the Court they did not possess or I refuse to submit

    - **(EEOC 0062–0106, EEOC 0123)**: The plaintiff rebuttal to the defense position statement provided to the EEOC.

- **Exhibit F :Withdrawal of objections confirms admissibility** – In ECF 234, p.6 IV, Banner withdrew objections to EEOC evidence containing the same recordings it claimed not to have, waiving any challenge to their admissibility.

These acts meet the standard for fraud on the court under Rule 60(d)(3): intentional deception by an officer of the court that corrupts the judicial process itself.

## IV. Relief Requested

Plaintiff respectfully requests that the Court:

1. **Deny** Defendant's ECF 223, ECF 234, and ECF 264 in their entirety;

2. **Deny** Defendant's Rule 35 Motion with prejudice for failure to comply with the August 1, 2025 expert disclosure deadline;

3. **Strike and dismiss** Defendant's summary judgment motion (ECF 224) as grounded in fraudulent misrepresentations to the Court (Ex. B);

4. **Find fraud on the court** pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 60(d)(3);

5. **Dismiss** Defendant's claims and defenses with prejudice, as the central premise for Plaintiff's termination (the alleged PHI-containing recording) is false, and Defendant possessed contrary evidence from the outset;

6. **Enter summary judgment** in Plaintiff's favor on all claims;

7. **Retain jurisdiction** solely to enforce this Court's judgment, sanctions, and any related orders;

8. **Award** Plaintiff all fees, costs, and expenses incurred, including the value of Plaintiff's time spent defending against Defendant's fraudulent claims and filings, together with such other and further relief as the Court deems just and proper.

**August 11, 2025**

Respectfully submitted,
*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

4

## CERTIFICATE OF SERVICE

I hereby certify that on **August 11, 2025**, I served a true and correct copy of **Motion for Leave to File Surreply to the Defense ECF 264.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5