United States District Court
Southern District of Texas
**ENTERED**
August 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-772 |
| | § | |
| BANNER HEALTH D/B/A BHT | § | |
| BANNER HEALTH OF TEXAS, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Banner Health's Motion for Rule 35 Examination.[1]   After considering the record, the parties' arguments, and the applicable law, the Court ORDERS that Defendant's Motion is GRANTED.

### I.    Factual and Procedural Background.

In this employment discrimination case, Plaintiff Kisha Peters alleges that Defendant Banner Health discriminated and retaliated against her because of her race.  ECF 20.  Plaintiff's Amended Complaint seeks compensatory and punitive damages, as well as equitable relief.   *Id.* at ¶¶ 158–162. Plaintiff's Amended Complaint alleges that as a result of Banner's continuous retaliation, discrimination, and harassment, Plaintiff contemplated suicide and documented her suicidal

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 36.

thoughts.  *Id.* at ¶¶ 71–74, 108, 135–36, 139.  Additionally, Plaintiff's Amended Complaint alleges damages for emotional pain and suffering and mental anguish. *Id.* at ¶ 158.  Plaintiff seeks at least $300,000,000 in emotional distress damages. ECF 256-1 at 40.

On July 31, 2025, Banner filed a Motion for Rule 35 Examination.  ECF 253. On August 4, 2025, Plaintiff responded (ECF 256), to which Banner replied (ECF 264).

## II.    Legal Standards.

Courts may order a party whose mental or physical condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner.  FED. R. CIV. P. 35(a)(1).  "The Court's order may be made 'only on motion for good cause' and 'on notice to all parties and the person to be examined.'"  *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013) (quoting FED. R. CIV. P. 35(a)(2)(A)).  Thus, the party seeking a Rule 35 examination must affirmatively establish the alleged condition is "in controversy" and "good cause" exists for the examination.  *Id.* (citing *Lahr v. Fulbright and Jaworski, L.L.P.*, 164 F.R.D. 196, 199 (N.D. Tex. 1995)).  Courts in the Fifth Circuit have "construed Rule 35 broadly and liberally in favor of granting discovery."  *Matter of Complaint of Encore Dredging Partners, LLC*, No. 4:23-CV-604, 2024 WL 5500319, at *2 (S.D. Tex. Nov. 22, 2024).  However, Rule 35 "should not be expanded by disregarding

plainly expressed limitations." *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964). "Even when the good cause and in controversy requirements of Rule 35 have been met, it is still within the sound discretion of the trial court as to whether to order an examination." *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891 LY, 2011 WL 2011483, at *2 (W.D. Tex. May 20, 2011) (internal quotations omitted); *See Encore Dredging*, 2024 WL 5500319, at *2 (same); *See also Griffith v. Santillan*, No. 3:19-CV-00053, 2019 WL 5396750, at *1 (S.D. Tex. Oct. 21, 2019) (same).

## III. Analysis.

Banner argues that it has met its burden for the Court to order a Rule 35 examination. First, Banner asserts that Plaintiff has placed her alleged mental condition in controversy through her pleadings, motions, affidavits and disclosures. Second, Banner argues that there is good cause to permit a Rule 35 examination because Plaintiff alleges that Banner caused her to suffer severe emotional distress and long-term mental health impairments without a prior mental health history. Plaintiff responds that Banner has implicitly conceded her mental condition is not in controversy and there is no good cause for a Rule 35 examination. Plaintiff also requests there be certain limitations on the exam if the Court orders a Rule 35 examination. Plaintiff also asks the Court to exclude Banner's requested examiner, Dr. Erin Nelson, because she was not timely designated under Rule 26.

3

### A. Plaintiff's alleged mental condition is "in controversy."

"[T]he plaintiff can place his or her mental or physical condition in controversy through representations made during the course of litigation." *Ornelas*, 292 F.R.D. at 391 (S.D. Tex. 2013). "Courts generally agree that for a plaintiff's mental status to be 'in controversy' requires more than 'garden variety' emotional distress or mental anguish allegations that are merely attendant to the suffering of or recovery from a physical injury." *Id.* at 393 (citing *Bowen v. Parking Auth. of City of Camden*, 214 F.R.D. 188, 193 (D.N.J. 2003)). While pleadings alone can satisfy the "in-controversy" requirement, courts also consider whether there is "1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support such a claim; or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35." *Id.* at 391–94 (citing cases).

Plaintiff asserts that Banner has failed to satisfy the "in-controversy" requirement because it has not affirmatively disputed the authenticity of her diagnoses. ECF 256. Plaintiff's position is flatly refuted by Banner's Response to Plaintiff's Motion for Summary Judgment, where Banner explicitly disputes Plaintiff's damages with respect to "economic losses, *compensatory damages for emotional harm*, and punitive damages." ECF 224 at 36–37 (emphasis added).

Moreover, Banner's Amended Answer denies Plaintiff's allegations of mental anguish.  ECF 70 at ¶ 158.  Plaintiff's argument is meritless.

Plaintiff also argues that because she is not offering expert testimony regarding her emotional distress or its cause, the Court should find that her mental condition is not in controversy.  Plaintiff's argument fails for at least two reasons.

First, "[e]ven where a plaintiff chooses to forgo the use of an expert, courts have found that a defendant should not be compelled to limit its case to mere cross examination, as expert testimony can be essential to afford a defendant adequate opportunity to challenge the plaintiff's claim."  *Ornelas*, 292 F.R.D. at 392.  As noted above, Plaintiff's Amended Complaint seeks damages for mental anguish and makes several references to suicidal ideation.  ECF 20.  Plaintiff's Motion for Summary Judgment argues that Banner's conduct "caused Plaintiff severe emotional distress, culminating in…hospitalization, psychiatric trauma, ongoing therapy, and medication."  ECF 170 at 16.  Additionally, Plaintiff's March 12, 2025, Affidavit cites "severe distress inflicted by Banner's actions," including major depressive disorder, severe anxiety disorder, panic attacks, and suicidal ideation."  ECF 253-1 at ¶¶ 7, 13.  Thus, the record demonstrates that Plaintiff has made "allegation[s] of [a] specific mental or psychiatric injury or disorder" and "claim[s] of unusually severe emotional distress."  *Ornelas*, 292 F.R.D. at 394.  On this basis alone, Banner satisfies the requirement that Plaintiff's mental state be in-controversy.

Second, although Plaintiff argues that she is not offering expert testimony regarding her emotional distress, her Rule 26 Disclosures belie her argument. *See* ECF 256 at 10 (arguing that "at no point has [she] sought to elicit expert causation opinions outside the permissible scope of Rule 26(a)(2)(C)."). On June 27, 2025, Plaintiff served Rule 26 disclosures on Banner identifying at least five treating medical providers as non-retained experts—Dr. Thomas Marcello, Dr. Subrata Ghosh, J. Kaye Love, LPC, Deborah Solomon, PMHNP-BC, and Clotie Wayland, LCSW. ECF 253-1 at 17. According to Plaintiff's June 27 Disclosure, the anticipated testimony and "legal relevance" of Plaintiff's treating medical providers includes:

- "timing and severity of symptoms were indicative of a hostile and destabilizing environment *supporting a causal link*" (ECF 253-1 at 19) (emphasis added);

- "testimony supports claims of compensable injury *arising directly* from Banner Health's alleged discriminatory and retaliatory actions" (ECF 253-1 at 20) (emphasis added);

- "timeline of symptom onset *directly aligns* with Plaintiff's professional destabilization and hostile work environment" (ECF 253-1 at 21) (emphasis added);

- "emotional distress and cognitive injury *directly linked* to [Banner's] conduct" (ECF 253-1 at 21) (emphasis added);

- "a *causal connection* between [Banner's] conduct and Plaintiff's mental health decline" (ECF 253-1 at 24) (emphasis added);

- "these symptoms were *causally linked* to workplace retaliation, professional marginalization, and subsequent litigation-related issues" (ECF 253-1 at 27) (emphasis added); and

- "Plaintiff's trauma is *directly linked* to experiences of workplace hostility, retaliation, and perceived institutional betrayal" (ECF 253-1 at 29) (emphasis added).

Plaintiff's June 27 Disclosures unequivocally demonstrate that she intends to have treating medical providers testify about the cause of her emotional distress.

On August 4, 2025, after Banner filed its Rule 35 Motion (ECF 253), Plaintiff amended her June 27 Disclosures. ECF 256-1 at 17. Presumably to avoid a Rule 35 examination, Plaintiff's August 4 Disclosures identify the same five treating medical providers as non-retained experts, but state several times that these providers will not offer any causation opinion or analysis with respect to her emotional distress. *Id.* at 19, 20, 22, 27, 29. This sort of "laying behind the log" tactic raises concerns of procedural gamesmanship. Regardless of this transparent attempt to avoid a Rule 35 examination, Plaintiff's August 4 Disclosures still identify anticipated testimony from treating medical providers purporting to connect her emotional distress to Banner's allegedly wrongful conduct. *See id.* at 25 ("The emergence and intensification of these symptoms *correlated with* Plaintiff's workplace experiences") (emphasis in original); *See also id.* at 27 ("records document emotional symptoms that arose *in temporal connection* with Plaintiff's reported workplace distress") (emphasis in original); *Id.* at 30 ("Plaintiff's symptoms, as

7

presented in sessions, were *directly linked* to her experiences with Banner Health and the litigation process") (emphasis added).  Regardless of the changes Plaintiff made to her Amended Disclosures, it is clear she intends to "offer expert testimony to support [her] claim" in the form treating medical providers.  *Ornelas*, 292 F.R.D. at 394.  Plaintiff has unequivocally placed her medical condition in controversy.

### B. Banner has established good cause for Rule 35 examination.

"'Good cause' requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Shadix-Marasco*, 2011 WL 2011483, at *2 (citing *Schlagenhauf,* 379 U.S. at 118–19). "Courts have found good cause to exist where the plaintiff plans to prove her claim at trial through the testimony of her own expert witness." *Id.*; *See Ornelas*, 292 F.R.D. at 392 ("courts have continually looked to whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial, as relevant to a finding of 'good cause.'"); *See also Griffith*, 2019 WL 5396750, at *2 (finding good cause where plaintiff intended to call his physician to testify to the alleged medical condition and damages).  Furthermore, "[c]ourts have found that good cause for a mental evaluation exists when a party alleges a 'specific mental or psychiatric injury.'" *Naranjo v. Cont'l Airlines, Inc.*, No. CIV.A. H-12-00657, 2013 WL 1003485, at *2 (S.D. Tex. Mar. 13, 2013) (citing *Harris ex rel.*

*P.H. v. Fort Bend Indep. Sch. Dist.,* No. H–07–635, 2007 WL 7238941, at *1 (S.D. Tex. Dec. 27, 2007) (collecting cases)).

As discussed above, Plaintiff has identified medical providers who will offer testimony to support her claim for emotional distress damages. Furthermore, Banner has demonstrated good cause for a Rule 35 examination because Plaintiff has alleged "specific mental or psychiatric injur[ies]" beyond garden variety mental anguish. *Id*. Not only has she alleged that Banner caused her emotional distress including suicidal ideation, but she also seeks at least $300,000,000 in damages for emotional distress alone.[2] ECF 256-1 at 36. Given Plaintiff's identification of treating physicians whose testimony will support her claim for $300,000,000 in emotional distress damages, denying Banner's request for a Rule 35 examination would be "patently unfair." *See Griffith*, 2019 WL 5396750, at *2 ("Stated succinctly, it is patently unfair for Santillan to stand in the way of an IME when he has filed a personal injury lawsuit seeking to recover more than $1 million in damages. This is especially true when there is a treating orthopedic physician that Santillan expects to call to testify at trial to help establish his medical condition and alleged damages.").

Finally, Plaintiff argues that Banner cannot show good cause for a Rule 35 examination because Banner "already possess[es] the evidence." ECF 256 at 5.

---

[2] In a "Good Faith Adjustment," Plaintiff voluntarily reduced her emotional distress damages claim from $550,000,000 to $300,000,000." ECF 256-1 at 40.

However, it is well settled that "a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available." *Ornelas*, 292 F.R.D. at 391–92. Indeed, "a review of cold medical records is simply no substitute for an in-person examination by a doctor." *Encore Dredging Partners*, 2024 WL 5500319, at *3 (quoting *Griffith*, 2019 WL 5396750, at *2). Plaintiff's assertion that Banner already has her mental health records, declarations, and other paper-type evidence does not negate Banner's good cause for an in-person exam.

In sum, Banner has established there is good cause to grant its request for a Rule 35 examination.

### C. Even if the designation of the Rule 35 examiner is untimely, Banner has demonstrated good cause to extend the expert designation deadline.

Both parties agree that Banner disclosed its Rule 35 examiner, Dr. Nelson, on July 31, 2025, and requested the Rule 35 examination prior to the Rule 26(a)(2)(B) deadline of August 1, 2025 (ECF 84). Plaintiff argues that Banner's July 31 disclosure was inadequate and Banner has forfeited the right to present Dr. Nelson's or any other mental health expert's testimony.[3] ECF 256 at 4. Banner acknowledges

---

[3] The Court notes that the Amended Scheduling Order's August 1 deadline applied only to Banner's Rule 26(a)(2)(B) expert disclosures. Banner's deadline for Rule 26(a)(3) disclosures is thirty days before trial, unless otherwise ordered by the Court. FED. R. CIV. P. 26(a)(3)(B). To the extent Plaintiff argues that Banner failed to timely designate under Dr. Nelson under Rule 26(a)(3), her arguments are meritless.

that Dr. Nelson has not provided an expert report pursuant to Rule 26(a)(2)(B) because she has not yet examined Plaintiff.  ECF 264 at 5.  However, Banner argues the Rule 26 expert disclosure deadline does not apply to Rule 35 examinations, and even if it did, good cause exists to extend the expert deadline to allow for the Rule 35 examination.  Therefore, in the alternative, Banner asks the Court (1) to extend the expert disclosure deadline to September 30, 2025, and (2) set a deadline of October 30, 2025, for Plaintiff to depose Dr. Nelson.[4]  *Id.* at 12.

Courts are split on whether Rule 26 deadlines apply to Rule 35 examinations. Many courts have found that Rule 26 has no bearing on the timing of a Rule 35 examination and disclosure of the resulting report.  *See, e.g., Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413 (S.D. Ohio 2007) (finding that expert report deadline did not apply the timeliness of a Rule 35 report); *Bush v. Pioneer Human Serv.*, 2010 WL 324432, at *5 (W.D. Wash. Jan. 21, 2010) (adopting the *Waggoner* approach); *Furlong v. Circle Line Statue of Liberty Ferry*, 902 F. Supp. 65, 70 (S.D.N.Y. 1995) (finding no time limit applied with respect to Rule 35 request).  Other courts have found that Rule 26(a)(2)(B) deadlines govern the timeliness of a Rule 35 examination.  *See, e.g., Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412 (S.D. Tex 2012) (finding that Rule 26 and Rule 35 should be read in conjunction with each

---

[4] Banner requests that all other discovery be controlled by the October 10, 2025, deadline.  ECF 264 at 12.

other); *Shumaker v. West*, 196 F.R.D. 454, 456 (S.D.W.Va. 2000) (finding that report from Rule 35 examining physician who intends to testify at trial must be produced within timeline established for other Rule 26(a)(2) disclosures). Banner acknowledges the divergent case law but argues that the Court should follow the "majority approach," in which courts have held that Rule 35 and Rule 26 operate independently of each other. ECF 264 at 6. While the Court tends to agree that Rule 26 does not control the timing of a Rule 35 examination, it need not determine the issue in this case because good cause exists for the late designation of Dr. Nelson and the granting of the Rule 35 examination.

The Court may modify a scheduling order for good cause. FED. R. CIV. P. 16(b)(4). The Fifth Circuit considers four factors in determining whether good cause exist to modify a scheduling order: "(1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice in allowing the testimony or the supplement; and (4) the availability of a continuance to cure such prejudice." *Diaz*, 279 F.R.D. at 422 (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). Banner has demonstrated good cause. First, given the divergent case law, the Court does not penalize Banner for failing to request and conduct a Rule 35 examination prior to the Rule 26(a)(2)(B) deadline. *See id.* at n.4 (finding that "the uncertainty in the case law on the proper deadlines for requesting and conducting a Rule 35 examination

and issuing the report further supports the Court's finding of good cause to extend the deadlines"). Second, Dr. Nelson's Rule 35 examination and report is highly important given Plaintiff's intent to have numerous medical providers testify in support of her claim for $300,000,000 in emotional distress damages. Third, any prejudice to Plaintiff by extension of the expert disclosure deadline can be cured by allowing a period of time in which to Plaintiff to review Dr. Nelson's report and conduct her deposition. The Court finds good cause exists to modify the scheduling order to allow for the designation of Dr. Nelson, the Rule 35 examination, and the deposition of Dr. Nelson.

### D. The examination outlined in Banner's Motion (ECF 253) complies with FED. R. CIV. P. 35(a).

An order granting a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B). Banner's Motion requests that Dr. Nelson conduct a recorded examination via Zoom on either August 28, August 29, September 2, or September 5, 2025. ECF 253 at 6–7. Banner states that the examination will relate to Plaintiff's diagnoses and damages allegedly caused or exacerbated by Banner's actions. *Id.* Furthermore, Banner explains that the examination will include a semi-structured psychological review and objective personality testing. *Id.* Banner requests that Plaintiff reserve a full day to spend with Dr. Nelson, but that the examination may not take the entire day. *Id.* at 7.

Banner also requests that no third parties be present during the examination.  *Id.* Plaintiff raises several objections to the nature and scope of Banner's proposed Rule 35 examination.

Plaintiff's objections to Defendant's identification beyond the deadline in Rule 26(a)(2)(B) of Dr. Nelson as an expert who will conduct a Rule 35 examination have been addressed above.  The Court finds good cause to allow for a late designation of Dr. Nelson and the Rule 35 examination. The Court's modification of the scheduling order moots Plaintiff's objection to the timing of Defendant's motion.

"In general, courts will appoint the physician of the moving party's choice unless the opposing party raises a valid objection to the physician."  *Shadix-Marasco*, 2011 WL 2011483, at *4.  "Courts have found valid objections to a proposed examiner where the examiner had a personal bias in the case as evidenced by a business or attorney-client relationship with the attorney representing the defendant."  *See id.* (citing cases).  Dr. Nelson's curriculum vitae demonstrates she has extensive experience in forensic psychiatry and is qualified to perform a mental examination.  ECF 253-1 at 42–57.  Plaintiff has not raised a valid objection to Dr. Nelson as the proposed Rule 35 examiner.

Plaintiff requests the Rule 35 examination be limited to one hour.  One of the goals of a Rule 35 examination is to "preserve the equal footing of the parties."

*Ornelas*, 292 F.R.D. at 392. In light of the number of treating physicians identified by Plaintiff who may be called to testify in support of her claim for $300,000,000 in emotional distress damages, limiting Banner's Rule 35 examination to one hour would not maintain a "level playing field." *Griffith*, 2019 WL 5396750, at *2. Plaintiff's extensive allegations regarding her emotional distress and psychiatric harm demonstrate that limiting the examination to one hour would be unreasonable. *See Encore Dredging Partners*, 2024 WL 5500319, at *4 (finding six hours of examination was reasonable "as the examinations would include testing and evaluations of multiple mental health issues or conditions."); *See also Morris v. Barideaux*, No. 07-cv-9751, 2009 WL 10679048, at *7 (E.D. La. Jan. 5, 2009) (allowing four and a half hours of psychological testing for the sole purpose of diagnosing PTSD).

Third, Plaintiff proposes the Court prohibit "credibility testing, childhood trauma, or personality inventories." ECF 256 at 6. The Court limits the scope of the Rule 35 examination below.

Plaintiff also seeks to preclude testimony from the Rule 35 examination at trial unless it is subject to an evidentiary hearing. Plaintiff provides no legal basis to support her request. The Court declines to rule on the admissibility of testimony relating to the Rule 35 examination at this time.

Finally, Plaintiff requests that the examiner provide Plaintiff with an unredacted recording and copy of the examination within five business days. ECF 256 at 6. Other courts have denied such deadlines. *See Rodriguez v. Pictsweet Co.*, No. CIV.A. B-07-113, 2008 WL 2019460, at *3 (S.D. Tex. May 9, 2008) (denying plaintiff's three-day request but requiring the defendant to provide the examination report within a "reasonable time"). Banner must provide the report, as well as the results of any tests administered, diagnoses, and conclusions made, to Plaintiff no later than September 30, 2025.

## IV.    Conclusion and Order.

For the reasons stated above, the Court ORDERS that Defendant Banner Health's Motion for Rule 35 Examination (ECF 253) is GRANTED. It is further

ORDERED that to the extent that Plaintiff moves for a Protective Order (ECF 256-1 at 42–44), her request is DENIED. It is further

ORDERED that the Rule 35 examination will proceed in accordance with the following:

- The Rule 35 Examination must be conducted no later than September 19, 2025, at a time based on mutual agreement between the parties;

- The examination may not exceed 8 hours;

- The examination will occur via Zoom;

16

- Banner must provide Plaintiff with a list of potential tests that may be conducted during the examination twenty-four hours before the examination begins. The details of the listed potential tests need not be provided;

- The scope of the examination is limited to information that may reasonably relate to Plaintiff's injuries, diagnoses, and damages allegedly caused or exacerbated by Banner;

- Dr. Erin Nelson will examine Plaintiff;

- Dr. Nelson may record the examination;

- No third parties may be present during the examination, either on the Zoom or in the room with the participants;

- Dr. Nelson must provide her audio and video recordings of the examination, in addition to a written report pursuant to FED. R. CIV. P. 35(b) within a reasonable time but no later than September 30, 2025.

It is further ORDERED that the Scheduling Order is amended as follows:

1. September 1, 2025    Identification of experts by the party the burden of proof on the issue and production of experts' reports in the form required by FED. R. CIV. P. 26(a)(2)(B).

2. September 30, 2025    Identification of responsive experts and productions of experts' reports in the form required by FED. R. CIV. P. 26(a)(2)(B).

3. October 10, 2025      **COMPLETION OF DISCOVERY.** Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rule of Civil Procedure to respond until after the deadline.

4. October 30, 2025      Deadline for Plaintiff to depose Dr. Erin Nelson. **All other discovery is controlled by the October 10, 2025, deadline.**

5. November 12, 2025      **DISPOSITIVE MOTIONS.** **NOTE:** It is the general policy of United States District Judge Sim Lake to allow only one dispositive motion per party in an action.

6. November 25, 2025      **ALL OTHER PRETRIAL MOTIONS**

7. February 6, 2026      **JOINT PRETRIAL ORDER** and **MOTIONS IN LIMINE**. Plaintiff is responsible for timely filing the complete joint pretrial order. The Court will not accept separate versions of the pretrial order.

8. February 13, 2026 2:30 p.m.      **DOCKET CALL**. No instrument filed within 7 days of docket call will be considered. All pending motions may be ruled on at docket call, and the case will be set for trial if the complete joint pretrial order has been filed.

Signed on August 15, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

18