UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE UNTIMELY EXPERT TESTIMONY (ECF 259)**

Plaintiff is correct that Banner did not identify any testifying expert witnesses or produce any expert reports by the August 1, 2025 deadline for disclosing responsive experts and their reports in the form required by Rule 26(a)(2)(B). *See* ECF 84. That is because Banner has not retained any expert who falls within the scope of the Rule 26(a)(2) disclosure requirements. The real purpose of Plaintiff's Motion to Exclude is to prevent Dr. Erin Nelson from conducting the Rule 35 mental examination that Plaintiff has already separately opposed (ECF 253).[1]

But Plaintiff cites no binding authority holding that a Rule 35 exam is subject to expert disclosure deadlines.[2] That is because there is none. As noted in Banner's Reply to its Rule 35

---

[1] Banner believes that Plaintiff's Motion to Exclude has now been rendered moot by the Court's issuance of its August 15, 2025 Memorandum and Order granting Banner's Motion for Rule 35 Examination (ECF 268). However, Banner had already prepared this Response in accordance with the Court's order that Banner file a response to Plaintiff's Motion to Exclude by August 15, 2025. Because ECF 268 did not vacate the order for Banner to respond to the Motion to Exclude, Banner has proceeded with filing this Response.

[2] Plaintiff, again, completely miscites caselaw in her Motion. The only case she cites, for any proposition, is *Barrow v. Greenville ISD*, 202 F.R.D. 480 (N.D. Tex. 2001), which she claims supports the proposition that the exclusionary language in Rule 37(c) "applies not only to experts,

1

Motion (ECF 264), there is a distinct caselaw split regarding this topic. Numerous courts have found that the timing requirements set forth in Rule 35 and Rule 26(a)(2) should be read independently of each other. Other courts have concluded that Rule 35 examinations and any resulting reports are subject to Rule 26(a)(2)'s timing requirements. Even courts in the latter camp, however, have consistently extended expert disclosure deadlines so the parties are not punished by the unclear state of the law. As a practical matter, under either approach, the party seeking discovery is permitted to conduct a Rule 35 exam.

For reasons explained below, Banner requests that the Court find that its requested Rule 35 examination is not subject to Rule 26(a)(2)'s timing requirements. And because Banner timely disclosed its Rule 35 examiner, Dr. Nelson, on July 31, 2025 (nearly 2.5 months before the close of discovery), she should not be precluded from testifying if Banner elects to call her as a witness.

Even if the Court disagrees (or if the Court, like many others, wants to avoid deciding the timing issue), the Rule 35 examination should still be permitted because good cause exists for an extension of the August 1 responsive expert disclosure deadline.

I. <u>Background</u>

Under the Court's January 10, 2025 Amended Docket Control Order ("Scheduling Order") the Court set June 27, 2025 as the deadline for identification of experts by the party with the burden of proof on the issue and production of those experts' reports; August 1, 2025 as the deadline for identification of responsive experts and production of their reports; and August 29, 2025 as the deadline for the completion of discovery. [ECF 84] Notably, the Scheduling Order does not provide for a Rule 35 motion deadline or otherwise reference the rule.

---

but also to fact witnesses and non-retained experts improperly disclosed." Motion at 2. But *Barrow* does not even come close to discussing that topic—it is purely an opinion regarding when and why a party can exceed the deposition limits in Rule 30. *Barrow*, 202 F.R.D. at 482-84.

2

On July 18, 2025, Banner filed a Motion for Extension of Discovery and Pre-Trial Motion Deadlines ("Continuance Motion"), seeking "a modest six-week extension of the deadlines for completion of discovery and filing dispositive motions, and a shorter extension of the deadline for filing all other pretrial motions, so as to allow sufficient time for completion of discovery (and subsequent filing of discovery-informed motions) in the event the mediation is unsuccessful." [ECF 240 at 2, ¶ 5] In support of its request, Banner explained that, among other things, "scheduling Plaintiff's deposition and seeking a Rule 35 examination in advance of the mediation" proved unworkable, and shared that it anticipated filing a motion requesting a Rule 35 examination in short order. [*Id.* 2-3, ¶¶ 4, 6] Moreover, Banner noted that "[b]y granting the modest extension requested herein, there will be ample time for the parties to brief the issue, the Court to issue an order, and (assuming the Rule 35 Motion is granted), *for the examination to be conducted before the discovery deadline*." [*Id.* at 3, ¶ 6 (emphasis added)]

On July 22, 2025, the Court granted Banner's Continuance Motion, extending the discovery deadline from August 29, 2025 to October 10, 2025, in part to allow sufficient time for briefing on Banner's anticipated Rule 35 motion. [ECF 242] Consistent with Banner's assertions in its Continuance Motion, on July 31, 2025—before the August 1, 2025 expert disclosure deadline (and long before the recently continued October 10, 2025 discovery deadline), Banner: (i) served a supplemental disclosure statement identifying Dr. Erin Nelson as an individual likely to have discoverable information, along with the subjects of that information, as required by Rule 26(a)(1)(A); and (ii) filed its Rule 35 Motion. Briefing on Banner's Rule 35 Motion is now complete. [ECF 253, 256, 264]

On August 6, 2025, relying on Rule 26(a)(2)(B), Plaintiff filed her present Motion to Exclude, seeking to preclude Dr. Nelson from testifying as a witness or issuing an expert report.

3

[ECF 259][3] Plaintiff also seems to be arguing that Dr. Nelson was not disclosed at all, even under Rule 26(a)(1), but she has already acknowledged otherwise to the Court. [*See* ECF 256 at 4]

## II. No Binding Authority Holds that Rule 35 Examinations are Subject to the Expert Disclosure Deadline

"As an initial matter, there appears to be division among the district courts regarding whether a party seeking to conduct an IME must do so in time to disclose the examiner's report by the expert disclosure deadline set out in Rule 26(a)(2)." *Nazar v. Harbor Freight Tools USA Inc.*, 2020 WL 4730973, at *3 (E.D. Wash. 2020) (*comparing Bush v. Pioneer Hum. Servs.*, No. 2010 WL 324432, at *5 (W.D. Wash. 2010) (holding Rule 26(a)(2) deadline inapplicable to IME report) *with Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419-20 (S.D. Tex. 2012) (holding Rule 26(a)(2) deadline applicable to IME report)).

The Fifth Circuit has not weighed in to resolve these divergent views. *Pierce v. Aveanna Healthcare, LLC*, 2023 WL 2764660, at *2 (W.D. Tex. 2023). As discussed below, some courts have held that Rule 35 exams are not affected by expert disclosure deadlines, while others have held the opposite. For reasons explained below, Banner believes that the analysis in *Bush* and *Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007) are most consistent with the plain language of the Federal Rules of Civil Procedure and that Rule 35 examinations are not subject to Rule 26(a)(2) deadlines.

---

[3] Plaintiff's Motion begins as a request to exclude expert testimony (ECF 259 at 1-2) but then veers into a request to dismiss Banner's "defenses or claims" with prejudice (*id.*, at 3-5). Based on the Court's August 6, 2025 Order (ECF 261), Banner believes the Court requested briefing only on the portion regarding the motion to exclude expert testimony. If the Court wishes for Banner to respond to Plaintiff's impromptu request for dismissal and/or her allegations of misconduct by defense counsel in other contexts (all of which she regularly asserts), Banner asks that the Court grant Banner leave to do so.

4

## A. Rule 35 IMEs are not Subject to Rule 26(a)(2)

District courts focusing on the plain text of the procedural rules have found that Rule 35 operates independently of expert disclosure deadlines under Rule 26(a)(2). *See, e.g.*, *Bush*, 2010 WL 324432, at *5 ("[T]his Court takes the position that the deadline set in the scheduling order for expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report."); *Waggoner*, 242 F.R.D. 413, 414 ("To interpret Rule 26(a)(2) to require mandatory issuance of the report would contradict the plain language of Rule 35. Consequently, the Court concludes that the deadline which it set in this case for the disclosure of expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report."); *Mailhoit v. Home Depot USA, Inc.*, 2013 WL 12122580, at *6 (C.D. Cal. 2013) (same).

Rule 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Unlike reports for testifying experts under Rule 26(a)(2), which must be served on the opposing party at the time of the expert disclosure, Rule 35 reports need not be produced by the moving party unless requested by the opposing party or the person examined. Fed. R. Civ. P. 35(b)(1). The examiner's report must "set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2).

Both *Waggoner* and *Bush* relied on an analysis of the plain language of Rule 26 and Rule 35 to reach their outcome. The court in *Waggoner* gave great weight to the different disclosure regimes under Rule 26 and Rule 35. *Waggoner*, 242 F.R.D. at 413-14. Rule 26(a)(2) requires that

a witness "who is retained or specially employed to provide expert testimony in the case" must provide a report "at the times and in the sequence directed by the Court." *Id.* On the other hand, Rule 35 permits a court to order a party to submit to a physical or mental examination but provides that a written report must be delivered only "if requested" by the opposing party. *Id.* at 414.

Additionally, Rule 35 provides its own sanctions by expressly empowering the court to order the report to be disclosed—if that order is not followed, the court can exclude the examiner's testimony under Rule 35 itself. *Id.* On the other hand, a failure to make disclosures under Rule 26(a)(2) is only sanctionable through Rule 37(c) and not Rule 26 itself. *Id.* In addition to these differences, the *Waggoner* court relied on logical inconsistencies that would occur if Rule 35 examinations were subject to Rule 26(a)(2)'s requirements, chiefly that Rule 26(a)(2) would require mandatory issuance of the report, which would contradict the plain language of Rule 35 (which requires a report to be prepared and issued only if requested by the examined party). *Id.* The court further reasoned that Rule 35 examiners can serve only as consultants, but requiring them to abide by Rule 26(a)(2) would force them into the role of trial witnesses, which may not be appropriate in all instances. *Id. Bush* is in agreement. *Bush,* 2010 WL 324432, at *5 ("Each of these factors "indica[tes] that the rules are separate.") Additionally, the *Bush* court noted that "Rule 35 examinations are usually conducted, if at all, late in the discovery process,"[4] and further stated that the court did not intend to interfere with the normal progression of discovery by requiring Rule 35 exams to be conducted before the expert disclosure cutoff. *Id.*

---

[4] Other courts have also recognized that Rule 35 exams are timely so long as they are conducted during the discovery period. *Eckman v. Univ. of Rhode Island*, 160 F.R.D. 431, 432 (D.R.I. 1995) (finding a request for a mental health examination to be timely because it was filed within the time permitted for discovery); *Kalkey v. Euromodas, Inc.*, 2025 WL 2085673, at *1 (D.P.R. 2025) (noting that IME's are normally conducted late in the discovery process, but requiring the IME to be conducted before the close of discovery so the plaintiff can review the report and depose the examiner (if necessary)).

6

What's more, the text of Rule 35 is silent as to the deadline for conducting an IME. Neither Rule 26(a)(2) nor Rule 35 makes any cross-reference to the other. It logically follows, then, that Rule 35 should be treated like other discovery tools (*i.e.*, Rules 30 and 31 (depositions), Rule 33 (interrogatories), and Rule 34 (requests for production)) and be subject to the discovery deadline. Indeed, that is the exact approach advocated by leading secondary sources on procedural rules. *See, e.g.*, 8B Wright and Miller, Fed. Prac. & Proc. Civ. § 2234 Motion and Order (3d ed.) ("*Except for the discovery cutoff*, there is no time limit on when a motion for a physical or mental examination can be made.") (emphasis added).

In sum, the Court should find that the responsive expert disclosure deadline in the Scheduling Order is inapplicable to Banner's requested Rule 35 examination. The Court should grant Banner's Rule 35 Motion for the reasons explained therein. [ECF 253, 264]

### B. Even if Rule 26(a)(2) Applies, Good Cause Exists for Extending the Expert Witness Disclosure Deadline

Even if the Court finds *Diaz* more persuasive, Banner should still be permitted to proceed with its Rule 35 examination. *Diaz* concluded that the Rule 26(a)(2) expert witness report deadline and Rule 35(a) should be read together when determining the proper timing for an IME and subsequent disclosure of the related report. *See* 279 F.R.D. at 418-20. The *Diaz* court also found that the defendant in that matter "showed a lack of diligence by seeking a Rule 35 examination after the Rule 26 deadline to designate experts and produce reports."[5] *Id.* at 420. Nonetheless, the court still determined that good cause existed to extend the expert designation and discovery deadlines. *Id.* at 422 (noting that any potential prejudice could be cured by a continuance).

---

[5] Unlike the defendant in *Diaz*, Banner sought a Rule 35 examination *before* the deadline for designating Rule 26(a)(2) experts.

As in *Diaz*, good cause exists here for extending the expert witness deadline. *Diaz,* 279 F.R.D. at 422 n.3; *Pierce*, 2023 WL 2764660, at *3 ("A Rule 35 examination that occurs after the expert report deadline may be warranted when there has been a 'good cause' showing for the examination."). As explained in *Diaz*, because the issue is unclear from the face of the Federal Rules of Civil Procedure and remains an unsettled issue of law, so long as good cause for the exam exists, an extension of case deadlines is warranted to allow for the examination. *Diaz*, 279 F.R.D. at 422 n.4 ("The Court notes that the uncertainty in the case law on the proper deadlines for requesting and conducting a Rule 35 examination and issuing the report further supports the Court's finding of "good cause" to extend the deadlines for both parties."); *Seyfang v. DreamHome Restoration, LLC*, 2018 WL 1701970, at *3 (D. Wyo. 2018) (same).

In fact, many courts have declined to resolve the caselaw dispute and instead have granted an extension to the expert disclosure deadline, so the issue becomes moot. *Manni v. City of San Diego*, 2012 WL 6025783, at *4 (S.D. Cal. 2012) (noting the case split but holding that it did not need to resolve the issue because there was good cause for an extension); *Pierce*, 2023 WL 2764660, at *2-3 ("The Court need not decide this issue because even if the Rule 26(a)(2) deadline applies to Defendants' motion to compel, they have presented good cause for delay."); *Nazar*, 2020 WL 4730973, at *3 (noting the caselaw split but finding good cause to extend the expert disclosure deadlines, meaning that "the Court need not reach the issue of whether the Rule 26(a)(2) deadline applies").

Here, good cause exists to extend the expert discovery deadline to allow for the exam. The Fifth Circuit applies a four-part test to determine whether good cause exists: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the

scheduling order; (3) potential prejudice in allowing the testimony or the supplement; and (4) the availability of a continuance to cure such prejudice. *Diaz,* 279 F.R.D. at 422.

Regarding the first factor, as noted above, the *Diaz* and *Seyfang* courts recognized that the caselaw split itself provides good cause for an extension. It is also relevant that this Court cited Banner's intent to seek a Rule 35 examination as part of finding good cause for extending the ***fact discovery deadline*** to October 10, 2025. [ECF 240 at 3, ¶ 6] It would be illogical to now determine that Banner's Rule 35 examiner (and her anticipated report) were not timely disclosed under the expert disclosure deadline.

The *Diaz* court further justified an extension based on the importance of the exam to damages and because "any potential prejudice in allowing the testimony could be cured by a Court-continuance." *Id.* The *Pierce* court acknowledged the extension in *Diaz* and granted a similar extension so the Rule 35 exam could be conducted. *Pierce*, 2023 WL 2764660, at *3. Here, the same factors apply. The proposed examination is extremely important for analyzing the Plaintiff's extensive claimed emotional distress damages, and Plaintiff will not be prejudiced—she will have adequate time to review any resulting report (which it is anticipated she will request), and if she wishes, depose the examiner before the discovery deadline of October 10, 2025. After all, "[t]he schedule is not the goal, but rather the tool to ensure a fair opportunity for the parties to present their claims and defenses to the court and/or jury." *Seyfang*, 2018 WL 1701970, at *3. A modest extension of the responsive expert disclosure deadline still provides ample time for the IME to be conducted before the close of discovery.[6]

---

[6] Even if the October 10 fact discovery deadline needs to be briefly extended to accommodate a deposition of Dr. Nelson, there is still ample time for that to occur without any shifts to the dispositive motion deadline (November 12, 2025) or the subsequent deadlines leading up to the February 13, 2026 docket call. And in any event, Dr. Nelson's examination, and any report and potential deposition testimony, is only relevant for trial purposes; her findings regarding Plaintiff's

Finally, recent new disclosures by Plaintiff further support good cause for both Banner's requested examination and extension of the responsive expert disclosure deadline. On June 20, 2025, Plaintiff served her Ninth Supplemental Disclosure Statement in which she identified, for the first time, Clotie Wayland, LCSW as an individual likely to have discoverable information and said Ms. Wayland would "testify regarding the Plaintiff's long-term mental health impairments, including the impact on daily functioning, crisis counseling provided in response to suicidal ideation, and the diagnosis and treatment of trauma-related PTSD." [ECF 253, Ex. B]

One week later, on June 27, 2025, Plaintiff served a 63-page *Designation of Expert and Fact Witnesses* document in which she further revealed that Ms. Wayland had provided mental health treatment to her (at unspecified times) and would testify as to her need for continued therapy. [ECF 253, Ex. C] In that same document, Plaintiff also, for the first time, designated her treating therapists and physicians as "Medical and Psychological Experts (Non-Retained)." *Id.*

## III.     Conclusion

Because Rules 26(a)(2) and 35 have substantially different requirements and purposes, the better view is that they should be read independently of each other. For this reason, Banner's disclosure of Dr. Nelson was timely, and any report she prepares is not subject to Rule 26(a)(2)(B). Alternatively, good cause exists for extending the responsive expert disclosure deadline based on the unclear status of the law, the Court's prior order extending the fact discovery deadline, and Plaintiff's recent disclosures regarding her mental health treatment and providers.

---

mental health condition and alleged emotional distress damages have no bearing on either Plaintiff's pending, fully-briefed summary judgment motion or Banner's anticipated summary judgment motion (which will only address liability issues and the merits of Plaintiff's claims as a matter of law).

Dated: August 15, 2025

Respectfully submitted,

By: /s/ Jill J. Chasson
Jill J. Chasson (Arizona Bar #019424)
*Attorney-in-charge, admitted pro hac vice*
Andrew T. Fox (Arizona Bar #034581)
*Admitted pro hac vice*
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004
Telephone: 602.381.5481
Fax: 602.224.6020
jchasson@cblawyers.com
afox@cblawyers.com

***ATTORNEYS FOR DEFENDANT BANNER HEALTH***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties in the manner indicated below on August 15, 2025.

Kisha Peters
2927 Westwood Manor Ln.
Houston, Texas 77047
Telephone: 832-782-0199
kipeters1107@yahoo.com

*Plaintiff Pro Se*

○ via Certified Mail, RRR
⊙ via U.S. Mail (First Class)
○ via Electronic Mail
○ via Fax
○ via Hand Delivery
○ via Messenger
○ via E-Filing
○ via Federal Express

/s/ Tina Johannesen

11