United States Courts
Southern District of Texas
FILED
AUG 18 2025
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS, § § <br> Plaintiff, § § <br> vs. § § Civil Action No: 4:24-cv-00772 <br> § <br> BANNER HEALTH d/b/a BHT § Jury Demand <br> BANNER HEALTH OF TEXAS § § <br> Defendant. § § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO OPPOSE DEFENDANT ECF 269

TO THE HONORABLE COURT:

Plaintiff Kisha Peters respectfully submits this Motion for Leave to file Motion to Oppose Defendant's (ECF 269). Banner's refusal to address the fraud-on-the-court allegations in ECF 259—despite this Court's express order in ECF 261—constitutes both abandonment and admission under Fifth Circuit precedent, including *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006), and *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017), failure to respond to an argument results in abandonment. Magistrate Judge Bryan reaffirmed this rule in *Guzman v. City of Houston*, No. 4:24-CV-419 (S.D. Tex. Feb. 19, 2025), holding that silence in response to a motion constitutes abandonment. Because Banner was ordered to respond yet remained silent, the fraud allegations stand unrebutted and must be deemed admitted. Accordingly, Banner has conceded fraud on the court, and its defenses are abandoned as a matter of law.

## I. INTRODUCTION AND CONTEXT

1

This case is not an ordinary withdrawal request. Plaintiff has alleged fraud on the court in ECF 259, and the Court ordered Banner to respond. Defendant's Response (ECF 270) avoided those allegations entirely. Now, Banner seeks to withdraw its only local counsel at the precise moment it is required to answer for its misconduct.

Permitting withdrawal at this stage operates as a tactical maneuver to delay proceedings and evade accountability. Withdrawal must not disrupt litigation, prejudice the opposing party, or undermine the administration of justice. *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981).

## II. LOCAL RULE REQUIREMENT AND FRAUD-ON-THE-COURT CONCERNS

Under S.D. Tex. LR 83.1 and 83.2, the attorney-in-charge must sign all pleadings, ensure compliance with Court orders, and maintain continuity of representation. While Ms. Chasson is attorney-in-charge, Ms. Yoshor has long served as Banner's local counsel and supervised the very filings Plaintiff identifies as fraudulent.

Texas Disciplinary Rule 1.15(b)(2)–(3) allows withdrawal only where a client persists in, or has used counsel's services to perpetrate, fraud. Plaintiff has alleged fraud on the court (ECF 259), which Banner avoided in its response (ECF 270). Under Fifth Circuit precedent, such silence constitutes abandonment and admission. *See Guzman v. City of Houston*, No. 4:24-CV-419, at 2 n.2 (S.D. Tex. Feb. 19, 2025) (**finding litigant abandoned claim by not addressing it in motion response**).

Because Ms. Yoshor supervised the filings at issue, her withdrawal falls squarely within Rule 1.15(b)(2)–(3). Allowing withdrawal now risks enabling Banner to distance itself from fraud allegations. Until the Court resolves Plaintiff's fraud-on-the-court motion, her continued participation is necessary to ensure accountability.

## III. NO SHOWING OF GOOD CAUSE

2

An attorney may withdraw only upon leave of court and a showing of good cause with reasonable notice. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Banner cites only "cost-saving" and "streamlining" as justification. That is not a good cause. "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" Id. (quoting Dorsey v. Portfolio Equities, Inc., No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).[1] Even where good cause exists, courts must ensure withdrawal does not disrupt proceedings. *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981)).[2]

## IV. DELAY, PREJUDICE, AND FRAUD CONTEXT

Defendant's Response (ECF 270) avoided those allegations, which under Fifth Circuit precedent constitutes abandonment. See *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).[3]

To now allow Banner's lead local counsel to withdraw would prejudice Plaintiff, reward avoidance of fraud allegations, and further delay resolution. This Court has a duty to ensure withdrawal does not become a tool of gamesmanship.

---

[1] https://www.govinfo.gov/content/pkg/USCOURTS-txwd-1_20-cv-00020/pdf/USCOURTS-txwd-1_20-cv-00020-0.pdf

[2] https://www.govinfo.gov/content/pkg/USCOURTS-txnd-3_13-cv-04419/pdf/USCOURTS-txnd-3_13-cv-04419-1.pdf

[3] https://www.govinfo.gov/content/pkg/USCOURTS-txnd-3_23-cv-02234/pdf/USCOURTS-txnd-3_23-cv-02234-0.pdf

## V. FINANCIAL CAPACITY

Banner Health is a $15 billion healthcare system that reported more than $1.1 billion in net income in 2024. There is no barrier to immediately retaining substitute local counsel. The "cost-saving" rationale cannot be credited against this financial reality. See **Exhibit A** (ECF 241, Ex. D at 27).

**Exhibit List Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience. **Exhibit A – ECF 241**

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Deny** Ms. Yoshor's withdrawal until the Court rules on Plaintiff's Motion to Exclude and Fraud on the Court (ECF 259); Defendant's silence constitutes admission
2. **Impose sanctions** on Defendant under the Court's inherent authority, Rule 11, and Rule 37, for abandonment of defenses, bad-faith litigation tactics, and failure to respond to fraud-on-the-court allegations, including dismissal with prejudice; and
3. **Preserve Plaintiff's fraud-on-the-court** allegations for appellate review; and
4. **Grant** such other and further relief as the Court deems just and proper.

**August 18, 2025**

                                               **Respectfully submitted,**
                                               */s/ Kisha Peters*
                                               Kisha Peters
                                               *Plaintiff Pro Se*
                                               2927 Westwood Manor Lane,
                                               Houston, Texas 77047
                                               Kipeters1107@yahoo.com
                                               Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 18, 2025**, I served a true and correct copy of **Plaintiff's Motion for Leave to File Motion to Oppose Defendant ECF 269**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT B

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with common practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.