UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 8 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | Jury Demand |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF HER
MOTION TO EXCLUDE AND FRAUD ON THE COURT (ECF 259)**

**TO THE HONORABLE COURT:**

Plaintiff respectfully moves for leave to file this Motion of Leave to file Reply in Support
of her Motion to Exclude and Fraud on the Court (ECF 259). Defendant's Response (ECF 270)
avoided those allegations entirely. This omission leaves unrebutted Plaintiff's showing that
Banner knowingly filed false pleadings, concealed exculpatory evidence in its possession from
the outset, and misled both the Court and third parties. Because Defendant failed to address the
fraud allegations, the Reply is necessary to clarify the record and demonstrate why Defendant's
silence constitutes abandonment of its defenses under controlling Fifth Circuit precedent.

**I. Banner's Silence on Fraud-on-the-Court Allegations Equals Admission and
Abandonment**

Defendant's Response (ECF 270) fails to address Plaintiff's fraud-on-the-court allegations,
discovery abuse, and its after-acquired evidence defense. This court expressly ordered Defendant
to respond to ECF 259 in (ECF 261).

1

Under Fifth Circuit precedent, failure to respond constitutes abandonment. District Judge Ada Brown[1] applied this rule in *Cepeda v. The City of Rockwall*, No. 3:23-CV-2234-E (N.D. Tex. Jan. 24, 2024) (Mem. Op. & Order) at *3–4 n.2.*,  See *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment, citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Kellam v. Servs., No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), aff'd sub nom. *Kellam v. Metrocare Servs.*, 560 F. App'x 360, 361 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." ) (citations omitted)); *Mayo v. Halliburton Co.*, No. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument); *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.")

- Most recently, **Magistrate Judge Christina A. Bryan** applied this rule in *Guzman v. City of Houston*, No. 4:24-CV-419 (S.D. Tex. Feb. 19, 2025) (Bryan, M.J., op.) at *2 n.2*, (**finding litigant abandoned claim by not addressing it in motion response**)[2].

The same result applies here. Banner has waived and abandoned any defense to those allegations, and left Plaintiff's claims unrebutted.

## II. Fraud on the Court – Document-by-Document

[1] https://www.govinfo.gov/content/pkg/USCOURTS-txnd-3_23-cv-02234/pdf/USCOURTS-txnd-3_23-cv-02234-0.pdf
[2] https://firelawblog.com/wp-content/uploads/2025/03/Guzman-v.-City-of-Houston_-2025-U.S.-Dist.-LEXIS-46808.pdf

From the outset, Banner possessed exculpatory evidence proving Plaintiff's termination was unjustified. Rather than disclose it, Banner filed pleadings containing deliberate falsehoods that misled the Court and obstructed justice. The record contains clear, unequivocal, and convincing evidence of fraud on the court:

1. **ECF 223 – Motion to Strike**: Banner told the Court the July 12, 2022, recording was "unresponsive" (p. 2 n.1). See **Exhibit C**: (ECF 236, Ex. C at 21) confirmed recordings worked, disproving its claim.

2. **ECF 224 – Summary Judgment Response**: Banner claimed Plaintiff "has not pled an ADA claim" (p. 24 n.9). See **Exhibit C**: (ECF 236, Ex. D at 33) expressly invoked ADA

3. **ECF 234 – Reply to Motion to Strike**: Banner alleged "evidentiary surprise" from Plaintiff's supposed refusal to submit recordings (p. 3 at II). See **Exhibit C**: (ECF 236, at 2-4). See ECF 56-3 at 8-9 Authenticated Recording links.

4. **Concession of Wrongful Termination**: The same exculpatory evidence—already in Banner's possession and produced to the EEOC—contradicted Banner's stated discharge rationale of PHI violations. By pressing forward under a false narrative, Banner knowingly pursued a fraudulent defense.

5. **Discovery Abuse – Subpoenas for Records Already in Possession.**
Banner's failure to respond to Plaintiff's allegations in ECF 259 in its entirety confirms that its subpoenas sought records already in its possession, making them duplicative and abusive of third parties. This silence constitutes abandonment and supports granting ECF 254 in full.

## III. Legal Effect of Silence and Abandonment of Defenses

Because Banner has failed to dispute any of the above-detailed instances of fraud on the court, the factual record stands unrebutted. Under controlling Fifth Circuit precedent, this Court should treat those allegations as admitted and the defenses as abandoned. Banner's silence—when directly ordered to respond—operates as an admission by silence, leaving no defense to the fraud-on-the-court allegations. Courts regularly hold that **failure to respond to an argument = waiver/abandonment = deemed admitted.**

## IV. WHY DISMISSAL WITH PREJUDICE IS REQUIRED

1. **Termination – Conceded**

   Banner possessed exculpatory EEOC evidence from the outset showing Plaintiff's termination was unjustified. Banner later confirmed the recordings contained no PHI, conceding that its termination theory was false.

2. **After-Acquired Evidence – Abandoned**

   When challenged in Plaintiff's Motion (ECF 170 & 259), Banner failed to defend its after-acquired evidence theory. Under Fifth Circuit precedent, silence equals abandonment. That defense is waived.

3. **Fraud on the Court – Admitted by Silence**

   Banner filed multiple pleadings with false statements about possession of evidence and Plaintiff's ADA claim. Ordered to respond (ECF 261), Banner avoided the fraud allegations (ECF 270). Silence operates as admission. Fraud on the court undermines the integrity of the judicial process and warrants dismissal with prejudice.

4. **Rule 35 Mental Examination – Invalid**

   The mental examination order (ECF 268) rests on defenses now abandoned or conceded. With the underlying defenses collapsed, the basis for the Rule 35 exam is unsustainable.

4

Together, these points show Banner's entire defense has unraveled—from termination through after-acquired evidence and discovery abuse to the Rule 35 exam. Fraud and abandonment leave nothing for trial. The proper remedy is dismissal with prejudice and a hearing on damages.

## V. CONCLUSION

Fraud on the court strikes at the very heart of judicial integrity. Here, Banner's silence in the face of direct fraud allegations constitutes admission and abandonment under controlling Fifth Circuit precedent. The record demonstrates repeated false filings, concealment of exculpatory evidence, and abusive discovery practices—all of which undermine this Court's ability to fairly adjudicate the matter. Because fraud on the court cannot be excused or overlooked, the only adequate remedy is **dismissal** of Banner's defenses and claims with prejudice, together with sanctions necessary to restore the integrity of these proceedings.

## VI. Relief Requested

Plaintiff respectfully requests that the Court:

1. **Find that Defendant's** failure to respond to Plaintiff's fraud-on-the-court allegations in ECF 259 constitutes abandonment of its defenses.

2. **Deny Defendant's ECF 223, 224, and 234 in their entirety** – as they rest on intentional misrepresentations designed to mislead the Court.

3. **Dismiss Defendant's defenses** and case, with prejudice, as a sanction for fraud on the court and abandonment of defenses.

4. **Grant Plaintiff's Motion to Quash** (ECF 254), as Banner's subpoenas sought records already in its possession and reflect the same pattern of bad-faith deception and discovery abuse.

5. **Preserve Plaintiff's fraud-on-the-court** allegations for appellate review;

6. **Enter judgment in Plaintiff's** favor and grant any further relief the Court deems just and proper under its inherent authority, dismissal under Rule 11, and Rule 37, withdrawal of all subpoenas, and a finding of fraud on the court.

August 18, 2025

**Respectfully submitted,**
**_/s/ Kisha Peters_**
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 18, 2025**, I served a true and correct copy of **Plaintiff's Motion For Leave To File Reply In Support of her Motion to Exclude and Fraud on the Court (ECF 259)**.

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Shira R. Yoshor** (Lead Attorney of Record)
Email: yoshors@gtlaw.com
**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBITS

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit A** – ECF 259,  **Exhibit B** – ECF 239, **Exhibit C** – ECF 236

# EXHIBIT D

**AI Use Compliance Statement -** General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with common practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.