United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-772 |
| | § | |
| BANNER HEALTH D/B/A BHT | § | |
| BANNER HEALTH OF TEXAS, | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Exclude Untimely Expert Testimony and Witness Testimony Not Properly Disclosed.[1] ECF 259. Plaintiff seeks to exclude "all untimely expert testimony or reports from Defendant Banner Health and any fact or non-retained expert witnesses not properly disclosed under Rule 26." *Id.* Specifically, Plaintiff's Motion asks the Court to exclude Dr. Erin Nelson, who Defendant's proposed conduct a Rule 35 examination (ECF 253), because Defendant did not timely serve a written expert report pursuant Rule 26(a)(2)(B).[2] Defendant filed a response in opposition on August 15, 2025. ECF 270. Defendant

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

[2] Plaintiff also asks the Court to preclude Defendant from offering any expert or lay witness testimony not disclosed under Rules 26(a)(1) and 26(a)(2). The Court notes that other than Dr. Nelson, Plaintiff does not identify any witness she believes Defendant failed to properly disclose.

argues it has not retained any experts who fall within the scope of the Rule 26(a)(2) disclosure requirements. *Id.*

On August 15, 2025, the Court granted Defendant's request for Rule 35 examination and, for good cause shown, entered an Amended Scheduling Order which extended the Rule 26(a)(2)(B) deadlines for Plaintiff and Defendant to September 1 and September 30, 2025, respectively. ECF 268. Therefore, Plaintiff's untimeliness argument with respect to Rule 26(a)(2)(B) is moot. It is therefore

ORDERED that Plaintiff's Motion to Exclude Untimely Expert Testimony and Witness Testimony Not Properly Disclosed (ECF 259) is DENIED as moot.[3]

Any relief not expressly granted is DENIED.

Signed on August 19, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

---

[3] Plaintiff filed a Motion for Leave to File Reply in Support of Motion to Exclude and Fraud on the Court. ECF 272. The Court granted Plaintiff's Motion for Leave and considered it in this Order. ECF 273.