# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON
### DIVISION

United States Courts
Southern District of Texas
FILED

AUG 2 5 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No: 4:24-cv-00772** |
| | § | |
| **BANNER HEALTH d/b/a BHT** | § | **Jury Demand** |
| **BANNER HEALTH OF TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS AND TO DISMISS DEFENDANT'S CLAIM WITH PREJUDICE FOR FRAUD ON THE COURT

**TO THE HONORABLE COURT:**

Plaintiff respectfully seeks leave to file the attached Motion for Sanctions and to Dismiss Defendant's Case with Prejudice for Fraud on the Court. Defendant has built its defense on deliberately false representations to this Court, including: (1) false statements made by officers of the Court; (2) misrepresentations of Plaintiff's ADA claims and the nature of those claims; (3) false denials of possessing key recorded evidence; (4) reliance on, and subsequent abandonment of, an after-acquired evidence defense; (5) failure to comply with a direct Court order addressing these fraud allegations; and (6) conceding the justification for termination, confirming that Banner never possessed any recording containing PHI, thereby **establishing fraud from the outset of these proceedings** - confirmed by Defendant's own legal team in a recorded conversation.

These were not inadvertent mistakes. They were calculated acts of deception intended to mislead the Court and undermine the integrity of these proceedings. From the **outset,** Defendant's

1

defense has been tainted by fraud. To allow this case to continue under such false pretenses would not only reward misconduct but also constitute litigation abuse that further burdens both Plaintiff and the Court. Accordingly, dismissal with prejudice is warranted under the Court's inherent authority to protect the judicial process from corruption and abuse.

**LEGAL BASIS FOR LEAVE**

Federal courts possess **inherent authority** to sanction conduct that threatens the integrity of the judicial process. This includes the authority to **dismiss a party's claims or defenses** when that party has engaged in conduct that constitutes fraud on the court. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 245–46 (1944). The Fifth Circuit has recognized that where fraud is aimed at deceiving the court itself, the court may take action even in the absence of a final judgment. See *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338–39 (5th Cir. 1978). **Fraud aimed directly at the judicial machinery** and the Court's inherent authority to protect the administration of justice.

## I.    INCORPORATED MOTION FOR SANCTIONS AND DISMISSAL

### A. Legal Standard: What Constitutes Fraud on the Court

Fraud on the court refers to intentional conduct by a party that corrupts the judicial process itself, rather than conduct that merely harms the opposing party.[1] It includes:

1. On the part of an **officer of the court**; 2. That is directed to the '**judicial machinery**' itself; 3. That is **intentionally false, willfully blind to the truth, or is in reckless disregard for the truth**; 4. That is a **positive averment or is concealment** when one is under a duty to disclose; 5. That **deceives** the court.

---

[1] https://caselaw.findlaw.com/court/us-3rd-circuit/1117550.html

2

- See *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1993); *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 48 (1st Cir.1995); *Pumphrey v. Thompson Tool Co.*, 62 F.3d 1128, 1130 (9th Cir.1995). See **Exhibit A:** (ECF 236)

**B. Banner Falsely Denied Possession of Key Evidence**

Defendant's Motion to Strike (ECF 223) and Motion for Summary Judgment (ECF 224) contain intentional false misrepresentations. In both filings, Defendant asserted to the Court that it did not possess the recordings central to Plaintiff's claims.

- The EEOC file in Defendant's possession included those recordings before this litigation began on March 01, 2024. See **Exhibit B** (ECF 236, Ex. D), Banner Bates Labeled Discovery **EEOC 0062, 0106–0123**.

- Plaintiff also submitted those same documents authenticated in evidence in ECF 56-2, Exhibit A-1, to the court and the defense of **November 19, 2024.**

- In a recorded conversation with defense counsel on **November 21, 2024**, defense counsel verbally confirmed possession of the recordings. See ECF 236, p.2.

These representations by Defendant are indisputably false. The record proves that Banner possessed the recordings and deliberately concealed their existence. By denying possession, Defendant misled both the Court and Plaintiff, tainting discovery, dispositive briefing, and subsequent rulings.

**C. Banner Intentionally False Willfully Blind to the Truth for Plaintiff's ADA Claims**

In its Motion for Summary Judgment, Banner affirmatively stated that Plaintiff had not raised an ADA claim. See ECF 224, n.9. This was a **positive averment** to the Court, not a mere denial.

3

- The EEOC file clearly shows that Plaintiff raised ADA allegations during the administrative process before the onset of this case. See **Exhibit C** (ECF 259, p.3), Defense - EEOC-0107; ECF 236, p.33; and ECF 56-2, Ex. A-1, p.11.

This was not a misunderstanding or oversight — it was reckless disregard, material misrepresentation, deliberately made to deceive and mislead the Court into disregarding Plaintiff's ADA rights. By denying the existence of a claim the defense knew had been raised, Defendant interfered with the **judicial machinery of the Court** — preventing the Court from considering the full breadth of Plaintiff's allegations and corrupting the fair administration of justice.

**D. Concede Termination Defense**

Banner's central defense has been that Plaintiff was terminated for recording protected health information (PHI) in violation of HIPAA. This defense was knowingly false from the outset. Defendant possessed EEOC evidence months and/or year before this case was filed, confirming the recordings contained no PHI. Despite this exculpatory evidence, Defendant advanced a termination theory **knowing it was false**.

- Defendant ultimately conceded that no PHI was disclosed, collapsing its termination defense. See **Exhibit D** (ECF 56-3, p.9 ¶65) (Authenticated Affidavit, Table of Contents: B-62, Recording link 07/08/2024 of defense counsel Jill Chasson confirming no PHI violation ever existed).

- See **Exhibit E** (ECF 56-3, p. 133): Email Confirmation of EEOC recording links (November 07, 2023)

This admission demonstrates that Defendant inflicted intentional emotional distress by weaponizing the PHI accusation through constant meetings and questioning Banner knew were

4

false. This harassment created extreme stress, a hostile work environment, public humiliation, and ultimately forced Plaintiff onto FMLA leave. Defendant had already deemed Plaintiff guilty without evidence because of her race and her protected activity in reporting discrimination.

- Plaintiff is Black; she was treated as inherently untrustworthy, subjected to harsher scrutiny, and falsely accused of HIPAA violations.

Banner thus pursued a defense it knew had no factual basis — using it internally to justify discrimination and retaliation, and externally in litigation to mislead the Court. The PHI defense was never legitimate; it was always a pretext for discrimination and a fraudulent strategy to corrupt the judicial process, which also violates **Rule 1 (FRCP)**.

### E. Banner Abandoned Its Operative Defense at Summary Judgment

Even after conceding that the termination theory was false, Defendant then relied on the operative pleading "**after-acquired evidence**" defense based on allegations that Plaintiff had mishandled PHI in email. Thus, Banner's operative defense rested entirely on after-acquired evidence.

- Yet at summary judgment (ECF 224), Banner abandoned that defense. Banner did not carry forward its after-acquired evidence theory. Having abandoned its only operative defense, Banner's summary judgment motion rests on grounds outside the scope of its operative pleading.

A party cannot obtain summary judgment on defenses it has not pleaded. Because Banner's operative after-acquired defense has collapsed, its motion for summary judgment must be denied in its entirety.

### F. Abandonment Banner Refused to Address Fraud When Ordered by the Court

5

On August 6, 2025, the Court ordered Banner to respond to Plaintiff's fraud allegations (ECF 261). Defendant's Response (ECF 270) ignored those allegations entirely, failing to address fraud-on-the-court, discovery abuse, or its after-acquired defense.

- Under Fifth Circuit law, failure to respond constitutes abandonment. See *Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017), *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Kellam v. Servs.*, 560 F. App'x 360, 361 (5th Cir. 2014); *Mayo v. Halliburton Co.*, No. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010). District courts in Texas consistently apply this rule. See *Cepeda v. City of Rockwall*, No. 3:23-CV-2234-E (N.D. Tex. Jan. 24, 2024) (Mem. Op. & Order) at *3–4 n.2.* (Brown, J.)[2]; *Guzman v. City of Houston*, No. 4:24-CV-419 (S.D. Tex. Feb. 19, 2025) (Bryan, M.J.)[3]- **finding litigant abandoned claim by not addressing it in motion response.**

The same rule applies here. Banner abandoned its defenses by refusing to answer. Its silence operates as a tacit admission, and even with the case being modified, the ECF 268 Banner still fails to respond; combined with its concession, it leaves Plaintiff's fraud allegations unrebutted and requires dismissal with prejudice. See **Exhibits F** (ECF 272)

## IV. WHY DISMISSAL IS WARRANTED

The misconduct described above is not mere procedural error or overzealous advocacy — it is **intentional deception directed at the Court itself.** Banner has lied about material facts, concealed evidence, and advanced defenses it knew were false. This conduct has tainted the

---

[2] https://www.govinfo.gov/content/pkg/USCOURTS-txnd-3_23-cv-02234/pdf/USCOURTS-txnd-3_23-cv-02234-0.pdf
[3] https://firelawblog.com/wp-content/uploads/2025/03/Guzman-v.-City-of-Houston_-2025-U.S.-Dist.-LEXIS-46808.pdf

Court's rulings and denied Plaintiff a fair adjudication on the merits. Moreover, Banner's

conduct in this litigation is consistent with its prior history of payment for fraudulent practices.[4]

- $18,000,000 (2018 DOJ Civil Division, False Claims Act),

- $6,000,000 (2015 DOJ Civil Division, False Claims Act), and

- $2,685,000 (2015 U.S. Attorney's Office, False Claims Act).

Given this record, striking individual filings is inadequate. Banner's **entire defense is built on**

**fraud.** The repeated use of falsehoods — both historically and in this case — continuing the case

on that foundation would not only prejudice Plaintiff, but would reward misconduct and

compromise the legitimacy of these proceedings and the integrity of this court.

## V. Conclusion

Banner has abandoned its operative defense, conceded the collapse of its termination theory, and

refused to answer fraud allegations even when ordered by this Court. Its misconduct was not

accidental — it was a deliberate strategy of deception aimed at misleading both Plaintiff and the

Court. That strategy has tainted discovery, dispositive briefing, and the Court's rulings, leaving

the judicial machinery compromised.

The Supreme Court and the Fifth Circuit have made clear that when fraud threatens the integrity

of the judicial process, dismissal with prejudice is the appropriate remedy.

- See *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

Moreover, Defendant's repeated false accusations that Plaintiff violated HIPAA and mishandled

PHI constitute defamation of character and slander. By publishing these falsehoods in pleadings,

---

[4] https://violationtracker.goodjobsfirst.org/?parent=banner-health&order=pen_year&sort=

discovery responses, and statements to the Court, Banner damaged Plaintiff's reputation, impugned her professional integrity, and subjected her to stigma in her field. Once Defendant conceded that no PHI was disclosed, these accusations stand exposed as knowingly false and malicious. Immunity is not a license to lie; Banner's counsel crossed the line from advocacy into fraud.

Accordingly, the only remedy that preserves the integrity of these proceedings and cures the prejudice to Plaintiff is dismissal of Defendant's defenses and claims with prejudice.

## VI. RELIEF REQUESTED

Fraud on the court strikes at the very heart of judicial integrity. Because fraud on the court cannot be excused or overlooked, the only adequate remedy is **dismissal** of Banner's defenses and claims with prejudice, together with sanctions necessary to restore the integrity of these proceedings. Banner **failure to respond to an argument = waiver/abandonment = deemed admitted.**

Counsel's deliberate falsehoods stripped this Court of its ability to adjudicate fairly and placed Banner's entire defense outside the protections of advocacy. Fraud on the court and violation of the duty of candor demand the strongest sanction: dismissal with prejudice because it leaves nothing for trial. The proper remedy is dismissal with prejudice and a hearing on damages.

Plaintiff respectfully requests that the Court:

1. **Grant** this Motion and require Defendant to fully respond to **All Claims** in this motion.

2. **Strike Defendant's Motion for Summary Judgment (ECF 224)** as improper because it rests on grounds outside the scope of Defendant's operative pleading (ECF 70).

3. **Deny summary judgment in its entirety.**

4. **Dismiss Defendant's defenses with prejudice,** as a sanction for fraud on the court.

8

5. **Find that no genuine dispute of material fact exists** regarding the fabricated HIPAA violation, Banner's failure to follow policy or conduct a good-faith investigation, the collapse of its after-acquired defense, and the causal connection between Plaintiff's protected activity and termination.

6. **Striking** tainted filings, including ECF 223, 224, 234, and 264.

7. **Alternatively, enter judgment on the pleadings in Plaintiff's favor under Rule 12(c),** because Defendant has no viable defenses as a matter of law.

8. **Alternatively**, set this matter for a limited hearing or jury trial solely on damages.

9. **Find Fraud on the Court – Admitted by Silence**

10. **Find violation** of the duty of candor to the tribunal - Disciplinary Rules of Prof' l Conduct R. 3.03(a)(1)– (5).

11. **Impose sanctions under the Court's inherent authority and Rule 37(c),** including fees and costs associated with exposing Defendant's misconduct;

12. **Preserve Plaintiff's fraud-on-the-court allegations for appellate review,** by entering findings of fact and conclusions of law; and.

13. **Grant such other and further relief as the Court deems just and proper.**

**August 25, 2025**

Respectfully submitted,
*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 25, 2025**, I served a true and correct copy of **Plaintiff's Motion for Leave to File Motion for Sanctions and to Dismiss Defendant's Claim with Prejudice for Fraud on the Court.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

                              **Respectfully submitted,**

                               _/s/ Kisha Peters_
                               Kisha Peters
                               *Plaintiff Pro Se*
                               2927 Westwood Manor Lane
                               Houston, Texas 77047
                               Kipeters1107@yahoo.com
                               Telephone: 832-782-0199

10

# EXHIBITS

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit A** – ECF 236, Exhibit **B** – ECF 236, **Exhibit C** – ECF 259, **Exhibit D** – ECF 56-3, **Exhibit E** – ECF 56-, **Exhibit F** – ECF 272

# EXHIBIT G

**AI Use Compliance Statement -** General Order 2025-04 Disclosure**:**

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.