UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
**FILED**

AUG 29 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | Jury Demand |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF 268)**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to **Federal Rule of Civil Procedure 72(a)** and **28 U.S.C. § 636(b)(1)(A)**, Plaintiff **Kisha Peters** respectfully objects to the Magistrate Judge's Order (ECF 268), which granted Defendant Banner Health's Motion for Rule 35 Mental Examination and issued an amended scheduling order.

This objection is based on the following grounds:

- The Order relies on **material misrepresentations** made by defense counsel,
- The court failed to consider Plaintiff's timely and clarifying **August 4, 2025 disclosures**,
- Banner's conduct constitutes **fraud on the court**, and
- The magistrate judge's decision prejudices Plaintiff while rewarding the Defendant's **litigation misconduct**.

1

## I. LEGAL STANDARD UNDER RULE 72(a)

Under Rule 72(a), a district judge must modify or set aside any portion of a magistrate judge's non-dispositive order that is **clearly erroneous or contrary to law**. FED. R. CIV. P. 72(a). This standard is met where a ruling is based on **materially false facts**, or when a party **intentionally misleads the court.**

## II. OBJECTIONS TO ECF 268

### 1. The Court Erred in Granting a Rule 35 Examination Without Good Cause

- The Magistrate Judge found "good cause" solely on the basis that Plaintiff seeks emotional distress damages and disclosed treating providers under Rule 26(a)(2)(C).
- However, Plaintiff has already produced **documented medical evidence**, including contemporaneous psychiatric notes, establishing the **severity, causation, and recurrence** of her mental health condition.
- The Court failed to address or even acknowledge these records before ordering an invasive mental examination, which is **unnecessary, duplicative, and prejudicial.**

### 2. The Court Erred in Retroactively Extending the Expert Disclosure Deadline — Solely for Defendant

- Defendant failed to meet the Court's expert disclosure deadline of **August 1, 2025**, including failing to timely disclose **Dr. Erin Nelson** or produce a compliant **Rule 26(a)(2)(B) report**.
- Plaintiff's motion to exclude (ECF 259) was **denied as moot,** only because the Court **retroactively amended the scheduling order** in ECF 268 — giving Defendant a second chance while **prejudicing Plaintiff.**

2

- The Court amended the schedule **without a motion from Plaintiff**, and **without finding good cause** as required under **Rule 16(b)(4)**. This unequal application of the rules constitutes **clear procedural error**.

### 3. The Amended Scheduling Order Unfairly Prejudices Plaintiff's Trial Preparation

- Under the new schedule, Plaintiff's expert disclosure is due **September 1, 2025**, while Defendant now has until **September 30, 2025** — **after** the Rule 35 exam and after receiving Plaintiff's full expert opinions.
- This enables Defendant to **improperly tailor its expert disclosures and defenses** to Plaintiff's case-in-chief — a **tactical advantage** that is manifestly unfair and **violates basic principles of trial equity**.
- The revised schedule leaves Plaintiff without equal footing to prepare or respond, and the Court's order gives **no justification** for why this prejudice is acceptable or unavoidable.

### 4. Banner Mischaracterized the Disclosures to the Court

**In its reply brief, Banner acknowledged that Plaintiff's amended disclosures** do not explicitly offer causation opinions, **yet claimed:**

- "This sort of 'laying behind the log' tactic raises concerns of procedural gamesmanship. Regardless of this transparent attempt to avoid a Rule 35 examination, Plaintiff's August 4 Disclosures still identify anticipated testimony from treating medical providers purporting to connect her emotional distress to Banner's allegedly wrongful conduct."

This was an **improper and unfounded attack**. Banner offered **no evidence** that Plaintiff's providers would testify beyond treatment. Their accusation of **"gamesmanship"** was purely speculative — and designed to mislead the court.

3

The Magistrate Judge adopted this narrative **without directly addressing** the content of Plaintiff's August 4 disclosures, which renders the Order (ECF 268) **clearly erroneous**.

## III. FRAUD ON THE COURT AND DEFAMATION CONCERNS

### A. False PHI Accusation Caused Documented Mental Harm

Banner terminated Plaintiff on **November 10, 2022**, falsely accusing her of violating HIPAA by possessing a recording containing protected health information (PHI). However, **Banner later admitted to this Court that it never possessed such a recording** and had **no evidence** of any PHI disclosure. Despite this, Plaintiff was forced to endure **months of harassment, retaliation, and reputational damage** as a result of Banner's knowingly false accusation.

**Critically, Defendants have been in possession of exculpatory evidence BEFORE the outset of this litigation** — including documentation from Plaintiff's **EEOC proceedings**, which explicitly included:

- The recording in question,
- References to her **ADA claim**, and
- The surrounding context of the alleged PHI issue.

This is the **same evidence** that Banner falsely affirmed to the Court that **it was not in possession of**, while continuing to litigate the issue in **bad faith**.

See **Exhibit A: ECF 277**

This means the termination was based on a **false, defamatory, and slanderous accusation**, which caused:

- Severe mental and emotional harm,
- Professional reputational damage, and
- Ongoing litigation-based trauma.

4

This injury is **well-documented and directly caused by Defendant** — making the Rule 35 mental examination not only **unnecessary**, but a **misuse of discovery** aimed at shifting the burden away from Banner's own misconduct.

These actions directly support Plaintiff's claims of **defamation, slander, retaliation, and fraud on the court**, and explain the **ongoing, medically documented mental harm** suffered by Plaintiff as a direct result of Defendant's actions.

**DOCUMENTED MENTAL HARM**

As a direct result of Banner's misconduct, **Plaintiff's mental health rapidly deteriorated**. She has been **formally diagnosed by a licensed psychiatric provider** with **severe depression and anxiety related to her employment**. The provider's clinical notes explicitly state:

*"44-year-old who presented with severe depression and anxiety surrounding the developments at work. Recently, she took a week off and upon returning became depressed, upset, and unable to sleep again."*

These notes establish a **clear causal link** between Plaintiff's worsening mental health and the **emotional trauma inflicted by Banner**, including the false accusation of a HIPAA violation and continued retaliatory conduct. The harm was not isolated — it was **recurring and escalating**, as evidenced by Plaintiff's request for emergency psychiatric care.

On or around **August 2022**, the treating provider documented that Plaintiff:

- **Threw down her work computer** in visible distress,
- Became **emotionally dysregulated**, yelling and thrashing her arm,
- And was advised to take **Buspar** to immediately calm down and stabilize.

These facts confirm that Plaintiff's condition is:

- **Severe and medically documented**,

- **Work-related and causally connected to Banner's actions**, and
- **Urgent enough to require intervention and medication**.

Despite the availability of this medical evidence — and its inclusion in the Court record — the Magistrate Judge **did not acknowledge or weigh these records** in evaluating Defendant's Rule 35 motion. Instead, the Court relied on **Defendant's mischaracterization** of Plaintiff's disclosures and ignored the verified treatment history. See *Exhibit B*: *(ECF 56-3- B-36,* Medical Records Progress Notes- 08/12 & 08/17, 2022*)*

The result is a ruling that:

- **Overlooks competent medical evidence**,
- **Rewards Defendant's litigation misconduct**, and
- **Authorizes a mental examination that serves no legitimate discovery need**.

The Rule 35 motion should have been denied for lack of good cause. The existing record **satisfies Rule 26(a)(2)(C)** and eliminates the need for additional psychiatric evaluation. The Order granting the Rule 35 request is therefore **clearly erroneous** and must be set aside.

## V. CONCLUSION

The magistrate judge's order imposes unjustified burdens on Plaintiff, grants the defense procedural advantages without legal basis, and materially prejudices Plaintiff's due process and trial rights. These rulings are clearly erroneous under Rule 72(a) and must be corrected. Notably, the Court previously allowed Defendant to amend its Answer to assert an after-acquired evidence defense, relying on Exhibits B and C. However, those exhibits — now fully reviewed — fail to show any HIPAA violation or policy breach, and do not support the asserted defense. Defendant has since abandoned that defense, revealing that the amendment was based on misrepresented facts and unsupported claims. **See ECF 233 pg. 1**

Because ECF 268 rests on factual premises that have been shown to be false or misleading, relief is warranted under Rule 72(a), Rule 60(b)(3) (fraud or misrepresentation), and potentially Rule 60(d)(3) (fraud on the court). Plaintiff has concurrently filed an Emergency Motion to Stay Enforcement of ECF 268 pending this Court's ruling on the present objection.

**VI. REQUEST FOR RELIEF & PRAYER**

Plaintiff respectfully requests that the District Judge:

1. **Vacate the Magistrate Judge's Order (ECF 268)** as clearly erroneous and contrary to law under Federal Rule of Civil Procedure 72(a);

2. **Deny Defendant's Motion for Mental Examination under Rule 35**;

3. **Restore the original scheduling order**;

4. **Exclude the testimony of Dr. Erin Nelson**, as Defendant failed to properly disclose her under the governing scheduling order and Rule 26(a)(2)(B);

5. **Award any other relief this Court deems just and proper**, including **preserving all objections and rulings for appellate review** under 28 U.S.C. § 636(b)(1)(A).

Plaintiff further reserves the right to move for dismissal of Defendant's defenses with prejudice and entry of judgment, pursuant to **Federal Rule 37(c)**, **Rule 11**, and the Court's **inherent authority**, should it be confirmed that Banner was in possession of exculpatory EEOC evidence at the time of termination and knowingly misrepresented that fact to the Court.

Plaintiff also requests that the Court set a **fraud hearing** if necessary to determine whether judicial rulings were obtained through false pretenses.

**August 29, 2025**

                                                                              **Respectfully submitted,**
                                                                              */s/ Kisha Peters*
                                                                              Kisha Peters

*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 29, 2025**, I served a true and correct copy of **Plaintiff's Rule 72(A) Objection To Magistrate Judge's Order (ECF 268)**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

                                               **Respectfully submitted,**

                                               _/s/ Kisha Peters_
                                               Kisha Peters
                                               _Plaintiff Pro Se_
                                               2927 Westwood Manor Lane
                                               Houston, Texas 77047
                                               Kipeters1107@yahoo.com
                                               Telephone: 832-782-0199

# EXHIBITS

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit A** – ECF 277, Exhibit **B - ECF 56-3-B-36, Medical Records Progress Notes – 08/12 & 08/17, 2022,** Exhibit **C** – ECF 233, **Exhibit D** – ECF 259, **Exhibit E** – ECF 272, **Exhibit F** – ECF 170, **Exhibit G** – ECF 268, **Exhibit H** – ECF 272, **Exhibit I**– ECF 255, **Exhibit J** – ECF 242, **Exhibit K**– ECF 245, **Exhibit L** – ECF 247, **Exhibit M** – ECF 248, **Exhibit N** – ECF 249 and **Exhibit O** – ECF 239

# EXHIBIT P

**AI Use Compliance Statement -** General Order 2025-04 Disclosure**:**

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.