United States Courts
Southern District of Texas
**FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON AUG 29 2025
DIVISION

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No: 4:24-cv-00772 |
| § | |
| BANNER HEALTH d/b/a BHT § | Jury Demand |
| BANNER HEALTH OF TEXAS § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S EMERGENCY MOTION TO STAY ENFORCEMENT OF ECF 268
PENDING DISTRICT JUDGE REVIEW UNDER RULE 72(a)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff respectfully moves this Court for an emergency stay of the Magistrate Judge's Order (ECF 268), which granted Defendant's Motion for Mental Examination under Rule 35 and amended the case schedule, pending resolution of Plaintiff's timely-filed Rule 72(a) Objection.

# I. INTRODUCTION

On August 15, 2025, the Magistrate Judge entered ECF 268, ordering a Rule 35 mental examination of Plaintiff and amending the operative scheduling order in a manner that materially prejudices Plaintiff's trial preparation. On August 29, 2025, Plaintiff timely filed objections to that order under Rule 72(a). Plaintiff now moves to stay enforcement of ECF 268 to prevent irreparable harm while the District Judge considers the objection.

# II. GROUNDS FOR RELIEF

1. **Rule 72(a) provides for district court review** of nondispositive pretrial orders issued by magistrate judges. Objections were filed within the required 14-day deadline.

1

2. **Absent a stay,** Plaintiff will be required to undergo a compelled mental examination, potentially violating her privacy and disrupting her trial preparation, before the Court has reviewed the lawfulness of the Order.

3. Plaintiff's Rule 72(a) objection raises substantial issues, including:
    - Whether the Rule 35 motion was supported by good cause,
    - Whether the defense was improperly granted retroactive scheduling relief,
    - Whether Plaintiff has already submitted sufficient medical documentation,
    - Whether the Order unfairly advantages Defendant and prejudices Plaintiff.

4. **The balance of equities favors a stay.** The examination can be delayed without prejudice to Defendant, while proceeding now would cause harm to Plaintiff that may not be fully correctable later.

## III. FRAUD ON THE COURT: UNDISPUTED FACTUAL ADMISSIONS

The record in this case contains **indisputable, trial-ready admissions** that demonstrate the Defendant pursued false defenses, misrepresented key facts, and knowingly misled the Court from the outset of this litigation. These facts support Plaintiff's claim of **fraud on the court** and further justify a stay of enforcement pending review of Magistrate Judge Bryan's Order (ECF 268).

**A. Termination / PHI Defense**

1. Was Banner ever in possession of any recording that included protected health information (PHI)?

    **Answer:** No. *(See ECF 272; ECF 236, Ex. D; ECF 56-3, p.9 ¶65).*

2. Did Banner claim Plaintiff was terminated for recording PHI in violation of HIPAA?

    **Answer:** Yes. *(See ECF 70, Amended Answer; ECF 224, Summary Judgment Brief).*

2

3. Did Banner later concede that no PHI was disclosed in any recording?

    **Answer:** Yes.

**B. After-Acquired Evidence Defense**

4. Was Banner's only operative defense the after-acquired evidence defense?

    **Answer:** Yes. *(See ECF 60, Motion to Amend; ECF 68, Order; ECF 70, Amended Answer).*

5. Did Banner abandon that defense at summary judgment?

    **Answer:** Yes. *(See ECF 224 — Summary Judgment brief contains no discussion of after-acquired evidence.)*

**C. Discovery Misconduct**

6. Did Banner tell the Court it did not possess recordings relevant to Plaintiff's case at Summary Judgment? **Answer:** Yes. *(See ECF 223, Motion to Strike; ECF 224, Summary Judgment).*

7. Was that statement false?

    **Answer:** Yes. *(See ECF 236, Ex. D; ECF 259-4; ECF 56-2).*

8. Did Banner also claim Plaintiff had not raised an ADA claim?

    **Answer:** Yes. *(See ECF 224, n.9).*

9. Was that statement false?

    **Answer:** Yes. *(See ECF 259-3, Bates EEOC-0107; ECF 236, p.33; ECF 56-2, Ex. A-1).*

**D. Rule 35 / Emotional Distress**

10. Did Banner request a Rule 35 mental examination of Plaintiff?

    **Answer:** Yes. *(See ECF 253; granted by ECF 268).*

3

11. Was the Rule 35 request based on Plaintiff's emotional distress claims related to the PHI termination defense?

    **Answer:** Yes. And Plaintiff's medical records document trauma directly tied to workplace events — making the defense's justification for Rule 35 both unsupported and disproven. *(ECF 56-3 B-36, Medical Records pn- 08/12 & 08/17, 2022).*

12. So Plaintiff was subjected to a mental exam based on a defense Banner already knew was false?

    **Answer:** Yes. *(See ECF 236, Ex. D; ECF 272; ECF 56-3).*

**E. Fraud / Abandonment**

13. Did this Court order Banner to respond to Plaintiff's fraud allegations in ECF 259?

    **Answer:** Yes. *(See ECF 261).*

14. Did Banner's response (ECF 270) address those fraud allegations?

    **Answer:** No.

15. Under Fifth Circuit law, failure to respond to arguments is treated as abandonment. Correct?

    **Answer:** Yes. *(See Dallas Roadster, Ltd. v. City of Lancaster, 846 F.3d 124, 126 (5th Cir. 2017); Black v. N. Panola Sch. Dist., 461 F.3d 584, 588 n.1 (5th Cir. 2006).)*

16. Has Magistrate Judge Christina A. Bryan herself applied this same rule of abandonment by silence?

    **Answer:** Yes. In *Guzman v. City of Houston*, No. 4:24-CV-419 (S.D. Tex. Feb. 19, 2025), Judge Bryan held that a litigant **abandoned a claim by not addressing it in a motion response.** *(See Guzman, 4:24-CV-419, at 2 n.2). (See ECF 272)*

These facts are not in dispute and present a textbook case of **fraud on the court**, warranting immediate judicial intervention and a stay of the challenged order. **Plaintiff expressly reserves the right to seek post-judgment relief under Rule 60(d)(3)** for fraud on the court, upon entry of final judgment. The factual admissions above are preserved for that purpose.

### III. RELIEF REQUESTED

Enforcement of ECF 268 should be stayed because Banner's own admissions — if confirmed — may render a Rule 35 examination entirely moot and expose the defense to sanctions or judgment under **Rule 37(c)** and **Rule 11**. Plaintiff respectfully requests a stay while the Court considers whether the case should proceed at all given the fraud-on-the-court allegations raised in ECF 277.

Plaintiff respectfully requests that the Court:

1. **Stay enforcement of ECF 268 in its entirety** pending:

    (a) a ruling on Plaintiff's Rule 72(a) objection, **and**

    (b) **Defendant's full and specific response to the allegations and evidence set forth in ECF 277**, which raise substantial fraud-on-the-court concerns;

2. Grant such other relief as the Court deems just and proper.

**August 29, 2025**

Respectfully submitted,
 /s/ *Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **August 29, 2025**, I served a true and correct copy of **PLAINTIFF'S EMERGENCY MOTION TO STAY ENFORCEMENT OF ECF 268 PENDING DISTRICT JUDGE REVIEW UNDER RULE 72(a).**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

/s/ *Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

6

# EXHIBITS

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit A** – ECF 268, Exhibit **B** – ECF 272, **Exhibit C** – ECF 236, **Exhibit D** – ECF 56, **Exhibit E** – ECF 70, **Exhibit F** – ECF 224, **Exhibit G** – ECF 60, **Exhibit H**– ECF 68, **Exhibit I** – ECF 223, **Exhibit J**– ECF 259, **Exhibit K** – ECF 253, **Exhibit L** – ECF 268, **Exhibit M** – ECF 233, **Exhibit O** – ECF 233 and **Exhibit P** – ECF 261

7

# EXHIBIT Q

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.