United States Courts
Southern District of Texas
FILED

SEP 02 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | Jury Demand |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE'S ORDERS (ECF 275 & 276) PURSUANT TO FED. R. CIV. P. 72(A)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff, Kisha Peters, respectfully objects to Magistrate Judge Christina A. Bryan's Orders at

**ECF 275** (denying Plaintiff's Motion to Exclude Untimely Expert Testimony as "moot") and

**ECF 276** (granting withdrawal of lead defense attorney Shira Yoshor), for the following reasons:

### I. OBJECTION TO ECF 275

The Court entered ECF 275 on August 19, 2025, denying Plaintiff's Motion to Exclude (ECF

259) as "moot." However, this ruling is **clearly erroneous** and **contrary to law** because:

1. **Banner Never Responded to Plaintiff's Fraud Allegations in ECF 259**

   Plaintiff's motion detailed serious **fraud-on-the-court** allegations, including Banner's

   use of:

   - Expert testimony based on defenses it later abandoned (e.g., PHI and after-
     acquired evidence),

1

- Misrepresentations regarding discovery (claiming not to possess Plaintiff's recordings or ADA claims),

- Tactics designed to prejudice Plaintiff via untimely disclosures.

2. **The Court Ordered a Response (ECF 261), But Banner Ignored It**

   Despite the Court's directive, Banner failed to respond to the core fraud claims in ECF 259. This amounts to **abandonment** under **Fifth Circuit law**, as well as under Judge Bryan's own precedent in *Guzman v. City of Houston*, No. 4:24-CV-419 (S.D. Tex. Feb. 19, 2025), where failure to address arguments was treated as forfeiture.

3. **Denying the Motion as "Moot" Rewards Misconduct**

   This ruling allows Banner to benefit from its failure to comply with the Court's order and to escape accountability for untimely, unsupported expert testimony. It also compounds the prejudice addressed in Plaintiff's Rule 72(a) objection at **ECF 278** and **Motion to Stay at ECF 279**, which should be considered concurrently.

## II. OBJECTION TO ECF 276

The Court granted Banner's Motion to Withdraw its lead attorney (ECF 269) on the same day it denied ECF 259 and granted additional filings (ECF 273 & 274). Plaintiff objects to this withdrawal under Rule 72(a) on the grounds that:

1. **Attorney Yoshor Was Involved in the Alleged Fraud from the Outset**

   As the lead attorney, Yoshor actively advanced and defended Banner's false positions, including:

   - The existence of PHI in the termination justification,

   - The after-acquired evidence defense,

   - Misstatements about discovery compliance.

2. **Permitting Withdrawal Without Resolving the Fraud Allegations Creates Prejudice**

Allowing lead counsel to exit the case **before responding to ECF 259 or ECF 277** permits evasion of responsibility and shields key actors from further judicial inquiry. Under circumstances involving potential **Rule 11 violations**, fraud on the court, or ethical misconduct, courts regularly defer withdrawal until issues are resolved.

3. **This Impacts Pending Motions and Judicial Economy**

This Court is already reviewing:

- **ECF 277** (fraud motion),
- **ECF 278** (Rule 72(a) Objection to ECF 268),
- **ECF 279** (Motion to Stay),
- and this objection should be reviewed **in concert** with those matters.

## III. RELIEF REQUESTED

Plaintiff respectfully asks the District Court to:

1. **VACATE ECF 275 and ECF 276** as clearly erroneous and contrary to law;

2. **DEFER Ruling on ECF 259**, pending full resolution of Plaintiff's fraud-on-the-court allegations (ECF 277);

3. **DENY Attorney Withdrawal (ECF 269)** until such time as the Court resolves whether Defendant's legal team engaged in misconduct or violated ethical obligations;

4. **CONSIDER this Objection with ECF 278 and 279**, which raise overlapping issues;

5. **PRESERVE Plaintiff's appellate rights** under 28 U.S.C. § 636(b)(1)(A).

September 2, 2025

Respectfully submitted,
*/s/ Kisha Peters*
Kisha Peters

3

*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **September 2, 2025,** I served a true and correct copy of **PLAINTIFF'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE'S ORDERS (ECF 275 & 276) PURSUANT TO FED. R. CIV. P. 72(A)**

Practices on Defendant's counsel via: **Email** in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

*/s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5

# EXHIBIT A

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.