UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED
SEP 02 2025
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KISHA PETERS, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Civil Action No: 4:24-cv-00772 |
| | § |
| BANNER HEALTH d/b/a BHT | § Jury Demand |
| BANNER HEALTH OF TEXAS | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE'S ORDERS (ECF 273 & 274) PURSUANT TO FED. R. CIV. P. 72(A)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, **Kisha Peters**, hereby respectfully objects to Magistrate Judge Christina A. Bryan's Orders at **ECF 273** and **ECF 274**, which granted **Plaintiff's Motions for Leave to File** (ECF 271 and ECF 272), without resolving key issues raised in filings regarding **fraud on the court**, discovery misconduct, and procedural prejudice to Plaintiff.

**I. BACKGROUND**

Plaintiff filed **ECF 277** on August 25, 2025, which laid out in detail the scope of Banner's discovery misconduct, abandonment of defenses, and false statements to the Court, including its knowingly inaccurate justification for Plaintiff's termination. Banner has failed to respond meaningfully to those allegations, and Plaintiff filed a corresponding **Rule 72(a) objection** (ECF 278) and **emergency motion to stay enforcement of ECF 268** (ECF 279).

1

While those motions were still pending, the Magistrate Judge **granted Defendant's motions** without resolving the serious and outstanding issues of:

- Banner's **fraudulent misrepresentations** to the Court,
- Use of **inadmissible or abandoned defenses**, and
- Ongoing **prejudicial litigation conduct**.

## II. OBJECTION TO ECF 273 AND 274 UNDER RULE 72(a)

Under **Rule 72(a)**, a magistrate judge's non-dispositive order must be set aside if it is "**clearly erroneous or contrary to law**." The Orders at **ECF 273 and 274** are both.

### A. No Finding of Good Cause

Neither order includes a finding of **"good cause" under Rule 16(b)(4)**, as required to amend deadlines, introduce untimely filings, or allow late supplementation of expert-related documents. These filings affect the same scheduling orders that the Court modified in **ECF 268**, which Plaintiff has objected to (ECF 278).

### B. Fraud and Misrepresentation Allegations Ignored

These motions for leave (ECF 271, 272) were granted **while Plaintiff's sworn allegations of fraud and misconduct (ECF 277)** remain unresolved. Defendant's leave motions are part of an ongoing effort to:

- Walk back falsehoods already presented to the Court, and
- Repair abandoned defenses without accountability.

Granting leave in this posture rewards misconduct and **prejudices Plaintiff**, especially where the documents relate to the Rule 35 examination — which was granted **based on knowingly false premises**.

2

## C. Connection to ECF 277, 278, and 279

These rulings cannot be fairly evaluated in isolation. They form part of the same pattern of judicial error that Plaintiff has addressed through:

- **ECF 277** – detailing Banner's fraud and discovery abuse,
- **ECF 278** – objecting to the Rule 35 scheduling and disclosure extensions, and
- **ECF 279** – requesting a stay pending district court review.

The failure to address these overlapping issues, while permitting the defense to submit supplemental materials that implicitly admit prior misrepresentations, is **procedurally improper** and prejudicial.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the District Court:

1. **Vacate Magistrate Judge's Orders (ECF 273 & 274)** as clearly erroneous and contrary to law under Rule 72(a);
2. **Deny or defer ruling on ECF 271 and ECF 272**, pending resolution of Plaintiff's fraud allegations in ECF 277;
3. Incorporate this objection into the already pending review of **ECF 268** (See ECF 278, 279);
4. **Award any other relief** this Court deems just and proper, including preservation of Plaintiff's appellate rights under **28 U.S.C. § 636(b)(1)(A)**.

September 2, 2025

                                           **Respectfully submitted,**
                                           */s/ Kisha Peters*
                                           Kisha Peters
                                           *Plaintiff Pro Se*
                                           2927 Westwood Manor Lane,

Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **September 2, 2025**, I served a true and correct copy of **PLAINTIFF'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE'S ORDERS (ECF 273 & 274) PURSUANT TO FED. R. CIV. P. 72(A)**

Practices on Defendant's counsel via: **Email** in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 /s/ *Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT A

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.