UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
**FILED**

SEP 0 3 2025

Nathan Ochsner, Clerk of Court

KISHA PETERS, §
§
Plaintiff, §
§
vs. § Civil Action No: 4:24-cv-00772
§
BANNER HEALTH d/b/a BHT § **Jury Demand**
BANNER HEALTH OF TEXAS §
§
Defendant. §

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY (ECF 279)**

**TO THE HONORABLE COURT:**

Plaintiff, Kisha Peters, respectfully files this reply in support of her Emergency Motion to Stay

Enforcement of ECF 268 (ECF 279), and states as follows:

**I. Banner's Opposition Mischaracterizes Procedural Facts and Scope of the Motion to Stay**

Banner incorrectly claims that Plaintiff's motion "has nothing to do with the examination itself."

To the contrary, the **entire basis** of the Rule 35 examination was built on **Defendant's now-**

**abandoned and factually unsupported PHI termination defense**. The stay is requested

precisely because:

- **The defense Banner used to justify the exam has been discredited**, and

- Banner has **never rebutted Plaintiff's sworn allegations** of discovery misconduct and

  fraud that led directly to the ECF 268 order.

Banner's own filings — including ECF 272 — confirm that no PHI was ever disclosed. Yet it

was this false PHI accusation that served as the core rationale for requesting the Rule 35 exam.

1

## II. Plaintiff Did Not "String Along" Defense Counsel — She Acted in Procedural and Good Faith Compliance

Banner claims Plaintiff "strung them along" by objecting on the 14th day of the 14-day Rule 72(a) period. That argument is meritless. Plaintiff filed:

- Her **Rule 72(a) objection timely** (ECF 278), within the period explicitly allowed under Federal Rule of Civil Procedure 72(a), and

- Her **Motion to Stay (ECF 279)** promptly to preserve the status quo while the District Judge reviews the objection.

Meanwhile, Banner continues to pretend as if Plaintiff's extensive filings regarding **fraud on the court (ECF 277)** do not exist — they have **not denied, rebutted, or even acknowledged the central allegations.** Instead, they attempt to distract the Court with procedural finger-pointing while evading their own misconduct.

Plaintiff was engaging in scheduling discussions **in good faith** and consistent with the Court's directive in ECF 268, p.16 (bullet point 1), which explicitly states:

"The Rule 35 Examination must be conducted no later than September 19, 2025, at a time based on mutual agreement between the parties."

Banner cannot claim prejudice when Plaintiff complied with the scheduling directive **while simultaneously preserving her right to object and seek review**. Plaintiff also filed ECF 280, clarifying that the matter must be decided by the **District Judge**, not the Magistrate, in accordance with **28 U.S.C. § 636(b)(1)(A)**.

### III. Plaintiff Fully Complied with Local Rule 7.1(D)

Defendant's claim that Plaintiff violated Local Rule 7.1(D) is incorrect. The Court has restricted Plaintiff to **one email per week** with opposing counsel. Plaintiff used that weekly communication on **August 25, 2025**, to discuss Rule 35 scheduling in good faith.

Because of this standing order, Plaintiff **could not confer separately** on the stay motion without violating the Court's directive. **Local Rule 7.1(D) does not override a court-imposed communication limit.**

Accordingly, Plaintiff acted in full compliance, and Defendant's objection is meritless.

### II. DEFENDANT'S CLAIM OF PREJUDICE IS MERITLESS

Banner argues that a stay would prejudice its ability to complete the Rule 35 exam by the **September 19, 2025** deadline. This is misleading for three reasons:

1. **Discovery remains open until October 10, 2025** (see Scheduling Order), leaving ample time for the defense to reschedule the exam, if necessary.

2. The **fraud-on-the-court allegations remain unresolved**, and until they are adjudicated, forcing a mental exam premised on knowingly false claims causes **irreparable prejudice to Plaintiff** — not Defendant.

3. **Defendant's Entire Request for Rule 35 Relief Is Legally and Factually Meritless.**

   Once Banner confirms—or fails to deny—that it possessed the exculpatory materials originating from Plaintiff's EEOC proceedings **prior to the initiation of this lawsuit**, that fact alone **undermines the entire basis** for Plaintiff's termination and renders the Rule 35 examination unjustified. Whether by **direct admission** or **calculated silence**, the record now establishes **fraud on the court**, and Banner's request for Rule 35 relief cannot stand..

3

## III. DEFENDANT STILL HAS NOT DENIED THE UNDERLYING FRAUD

Notably, Defendant's response to the motion **(ECF 280)** fails to deny or rebut Plaintiff's specific

allegations of: **fraud on the court**

- Possession of exculpatory evidence before litigation,

- False statements to the Court regarding PHI,

- Abandonment of key defenses,

- And misuse of discovery procedures.

This silence supports a finding of **waiver or abandonment**, particularly under Fifth Circuit law.

See *Dallas Roadster* and *Black v. N. Panola*, cited in Plaintiff's filings.

## IV. Plaintiff Has Preserved and Properly Presented All Objections

Contrary to Defendant's assertion, Plaintiff is not seeking to "relitigate" issues. She is invoking

her **procedural right under Rule 72(a)** to seek district judge review, and to ensure that no party

can benefit from judicial relief secured through misrepresentations, discovery misconduct, and

silence in the face of fraud.

## V. CONCLUSION

Plaintiff respectfully reiterates her request that the Court:

1. **Grant the Emergency Motion to Stay Enforcement of ECF 268** (ECF 279), pending

   full district judge review,

2. **Require Banner to formally respond to the allegations in ECF 277**, or treat them as

   admitted under governing law,

3. Take judicial notice of the continued pattern of misrepresentations by Defendant;

4. And grant any additional relief this Court deems just and proper, including preserving all

   appellate rights under 28 U.S.C. § 636(b)(1)(A).

4

September 3, 2025

**Respectfully submitted,**
**_/s/ Kisha Peters_**
Kisha Peters
_Plaintiff Pro Se_
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

5

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 3, 2025**, I served a true and correct copy of **Plaintiff's Reply In Support of Emergency Motion To Stay (ECF 279)**

Practices on Defendant's counsel via: **Certified Mail with Tracking** in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT A

**AI Use Compliance Statement -** General Order 2025-04 Disclosure**:**

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.