

**Jill J. Chasson**
jchasson@cblawyers.com
PH. (602) 602-381-5481
FAX (602) 602-224-6020

2800 N. Central Ave., Suite 1900
Phoenix, AZ 85004-1241
CBLAWYERS.COM

September 8, 2025

Re:   Discovery Dispute, *Kisha Peters v. Banner Health* (S.D. Tex. No. 4:24-cv-00772)

Dear Magistrate Judge Bryan:

In accordance with your August 29, 2024 Order (ECF 49) and Section IV of your Courtroom Procedures, we are submitting this letter to seek the Court's assistance in (i) ensuring that the Rule 35 examination the Court ordered does, in fact, take place, and (ii) if necessary, extending the September 19, 2025 deadline to conduct the examination and the corresponding September 30, 2025 deadline for Dr. Erin Nelson to provide a written report regarding her examination.

### **Plaintiff has Delayed and Obstructed the Scheduling of the Examination**

On August 15, 2025, the Court issued an 18-page Memorandum and Order granting Defendant Banner Health's ("Banner") Motion for Rule 35 Examination of Plaintiff. *See* ECF 268 (the "Order"). Under the Order, the examination must occur by September 19 at a date and time on which the parties agree, and the examiner (Dr. Erin Nelson) must provide a written report by September 30. *Id.* at 16-17.

Although Banner's Rule 35 motion proposed several possible dates for the examination, those dates were no longer available by the time the Order was issued. Therefore, we obtained new dates from Dr. Nelson and on Friday, August 22, offered four options to Plaintiff. *See* **Exhibit A**. On Monday, August 25, Plaintiff responded with a request to start earlier in the day than the times Banner had offered, so that the examination could be completed within standard business hours. Plaintiff indicated that she would "do [her] best to select a date promptly once we receive the revised scheduling options." *See* **Exhibit B**. Plaintiff did not indicate any objection to participating in the examination itself, only to the start times offered.

Banner agreed to accommodate Plaintiff's request regarding an earlier start time and on Thursday, August 28, provided multiple full-day and split-day options for scheduling the examination on five different dates between September 8-16. *See Ex. B*. The following day, instead of selecting one of those options, Plaintiff filed Rule 72(a) Objections to the Order and an Emergency Motion to Stay Enforcement of the Order (ECF Nos. 278, 279). This was followed by an email on Tuesday, September 2 in which Plaintiff stated that she "must respectfully postpone confirming any proposed examination date due to the pending Emergency Motion to Stay Enforcement of ECF 268 (ECF 279), which is currently before the Court." *See* **Exhibit C**.

Magistrate Judge Bryan
September 8, 2025
Page 2

On September 3, Judge Lake overruled Plaintiff's Objections to the order granting the Rule 35 Examination. [ECF 286] A few hours later, undersigned counsel emailed Plaintiff, noting that there was now "no good reason to continue deferring the scheduling of the examination." Counsel also noted the burden placed on Dr. Nelson for her to continue to hold open part or all of five different days as potential dates on which to conduct the examination and asked Plaintiff to choose from among the pending date options by 7:00 p.m. CDT on September 4, after which time Dr. Nelson would keep September 15 available until 7:00 p.m. CDT on September 8. *See Ex. C.*

Anticipating resistance by Plaintiff to responding by email, counsel also informed Plaintiff that "(1) in the circumstances, we have no objection to receiving more than one email from you this week so that we can facilitate timely scheduling of the court-ordered examination, and (2) if you do not want to send any additional emails, there is no limit on other means of communication, such as telephone calls, voice messages, text messages, and videoconferences." *Id.*

Shortly before 2:00 a.m. CDT on September 8, Plaintiff emailed undersigned counsel about scheduling the examination. However, instead of confirming her availability for September 15 (or even asking for one of the four other options that had been offered), Plaintiff instead stated that she was available only on September 17 or 18. *See* **Exhibit D**. Those two dates were not among those offered by Banner because Dr. Nelson is not available on either day, and because she needs to have the examination completed by September 16 to have adequate time to prepare a report by the current September 30 deadline.[1]

Plaintiff's delays have imperiled Banner's ability to conduct the examination and have a report prepared by the current deadlines. First, Plaintiff essentially strung Banner along by waiting until the last day of the 14-day objection period to file objections to the order granting the examination, while at the same time engaging with counsel about scheduling without making any mention of her intent to seek to have the Order stayed and ultimately vacated. When Plaintiff's objections were overruled (and Motion to Stay thus implicitly denied), counsel immediately reached out to continue scheduling efforts, but Plaintiff stalled for almost five additional days before responding. And when she did respond, it was to state that she was only available on days that were not offered to her and on which the examiner is not available. At this point, there are only nine business days left before September 19, and Dr. Nelson has advised Banner that she will need two weeks to prepare a report, which means that under the current deadlines, the examination needs to take place by September 16.

---

[1] Plaintiff's email also indicated that she did not respond earlier because she is limited to one communication per week, of any kind, with defense counsel. This misrepresents the Court's January 10, 2025 order, which only limits the parties to sending one email per week to each other. [ECF 83, p.2] There is no limit on any other form of communication. It is inappropriate for Plaintiff to hide behind that order to avoid communicating at all when the situation warrants exigency. In a similar vein, Plaintiff also misstated the content of an April 11, 2025 text message sent by undersigned counsel, which was a response to two texts (and a voicemail) that Plaintiff initiated that day. In response to Plaintiff raising an issue regarding mediation scheduling and a conflict with her planned religious observance, counsel wrote that, "To allow time for that evaluation, and because I prefer to respond by email, I will get back to you on Monday with a substantive response." *See* ECF 174-1 at pp. 4-5. That message was stating a preference related to that issue, because counsel anticipated sending a response longer than suitable for a text message. No statement was made about communicating only by email, and in fact, the parties have used other means of communication since that time, including a text exchange on June 4 and a phone conference on Friday, July 18 (after Plaintiff sent an email earlier that same week, on July 15).

Magistrate Judge Bryan
September 8, 2025
Page 3

## Relief Requested

Banner requests that the Court order Plaintiff to appear for examination by Dr. Nelson on Monday, September 15 at 8:00 a.m. Alternatively, Banner requests that the Court extend the current September 19 and September 30 deadlines by three weeks each (to October 10 and October 21, respectively), and that the Court direct Plaintiff to provide in advance all dates on which she is NOT available so that Dr. Nelson can offer dates after September 19 that will work for both her and Plaintiff.

Sincerely,

Jill J. Chasson

Attachments