Case 4:24-cv-00772   Document 288   Filed on 09/09/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KISHA PETERS,<br>　　*Plaintiff*,<br><br>v.<br><br>BANNER HEALTH D/B/A BHT<br>BANNER HEALTH OF TEXAS,<br>　　*Defendant*. | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:24-CV-772<br>§<br>§<br>§<br>§ |

# **ORDER**

Before the Court is Defendant's request for relief detailed in its Correspondence to Magistrate Judge Bryan re Discovery Dispute (ECF 287).[1] ECF 287. For the reasons discussed below, Plaintiff's Motion to Stay Enforcement is TERMINATED as moot, Plaintiff is ORDERED to comply with the Court's Order that granted the Rule 35 exam (ECF 268) and must appear for examination by Dr. Erin Nelson on September 15, 2025 at 8:00 AM.

On July 31, 2025, Defendant Banner Health filed a Motion for Rule 35 Examination. ECF 253. On August 15, 2025, the Court granted Defendant's motion and ordered a Rule 35 examination by Dr. Nelson to be conducted via Zoom no later than September 19, 2025, in a manner mutually agreed upon by the parties. ECF

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

268 at 16-17. The deadline for Dr. Nelson's report is September 30, 2025. *Id.* Since that Order on August 15, Plaintiff has filed five motions (ECF 271, 272, 277, 279, 280) and three objections to the undersigned's orders (ECF 278, 282. 283). The most relevant of these filings are Plaintiff's Objection to Memorandum and Order (ECF 278, objecting to the order granting the Rule 35 exam) and the accompanying Emergency Motion to Stay Enforcement of ECF 268 (ECF 279, requesting a stay of the Rule 35 exam order pending review of her objections by District Judge Sim Lake). On September 3, 2035, Judge Lake overruled Plaintiff's Objection, therefore Plaintiff's Motion to Stay is moot and the Parties must move forward with the Rule 35 exam. ECF 286.

Defendant represents that on August 22, 2025, it provided four dates for the exam to Plaintiff (ECF 287-1 at 2) and then later offered several other options to accommodate Plaintiff's request for an earlier start time (*Id.* at 4). Defendant represents that Plaintiff then refused to select a date and time for the exam until the Court ruled on her objection and Motion for Stay. *Id*. at 8. Defendant represents that after the Court ruled, it re-offered five options to Plaintiff, who indicated she would only be available on September 17 or 18, dates outside the set of options offered in accordance with Dr. Nelson's availability. *Id.* at 11. Defendant argues that Dr. Nelson must complete the exam by September 16 to meet the report deadline of September 30, 2025. ECF 287 at 2.

The Parties have been unable to resolve this discovery dispute in a mutually agreed upon manner. To prevent further delay, the Court orders the Plaintiff to appear for the examination by Dr. Nelson on September 15, 2025 at 8:00 AM which will ensure Dr. Nelson's report can be timely completed and discovery can continue per the amended Scheduling Order. ECF 268.

Plaintiff is warned that failure to comply with this Order may result in sanctions under Rule 37. *See* FED. R. CIV. P. 37. Under Rule 37, the Court may sanction a party for not obeying a discovery order, including "striking pleadings[,] . . . dismissing the action[,]" or treating the failure as contempt of court. FED. R. CIV. P. 37(b)(2)(A). Additionally, the Court can order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the order. FED. R. CIV. P. 37(b)(2)(C).

Plaintiff is further warned that Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss a case with prejudice for failure to comply with federal rules or court orders. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Eustice v. Experian Info. Sols., Inc.*, No. CV H-20-1824, 2021 WL 4139154, at *2 (S.D. Tex. Aug. 21, 2021), report and recommendation adopted, No. CV H-20-1824, 2021 WL 4138407 (S.D.

Tex. Sept. 9, 2021); *Boudwin*, 756 F.2d at 401. Dismissal with prejudice is a severe sanction but is appropriate when there is a clear record of delay, sanctions are likely to be futile, and there are aggravating factors such as intentional conduct by the plaintiff himself or prejudice to defendant. *Id.* The decision to dismiss a case with prejudice is reviewed for abuse of discretion. *Id.*

For the reasons set forth above, it is—

ORDERED that Plaintiff comply with the Court's order granting a Rule 35 examination (ECF 268) and appear for the Rule 35 examination by Dr. Nelson on September 15, 2025 at 8:00 AM, and

ORDERED that Plaintiff's Motion for Stay (ECF 279) is TERMINATED as moot.

Signed on September 9, 2025, at Houston, Texas.

                                                                   _____
                                                                               Christina A. Bryan
                                                                        United States Magistrate Judge