UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
F I L E D

SEP 0 9 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No: 4:24-cv-00772** |
| | § | |
| **BANNER HEALTH d/b/a BHT** | § | **Jury Demand** |
| **BANNER HEALTH OF TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF 288)
PURSUANT TO FED. R. CIV. P. 72(A)**

**TO THE HONORABLE DISTRICT JUDGE:**

Pursuant to **Fed. R. Civ. P. 72(a),** Plaintiff respectfully objects to the Magistrate Judge's

September 9, 2025, Order (ECF 288) compelling Plaintiff to appear for a Rule 35 examination

on September 15, 2025.

The Order is **clearly erroneous and contrary to law** because Plaintiff fully complied with the

Court's prior scheduling directive (ECF 268), while Defendant violated ECF 49, misrepresented

Plaintiff's compliance, and withheld material information about Dr. Nelson's availability.

**I. PLAINTIFF'S COMPLIANCE WITH ECF 268**

- ECF 268 requires the Rule 35 exam to occur **no later than September 19, 2025,** "at a
  time based on mutual agreement between the parties."

- Plaintiff offered September 17 and 18, 2025 — both before the September 19 deadline.

- Banner's own **Exhibit A to ECF 287 (Sept. 3, 2025 email)** invited Plaintiff to provide
  her **"preferred date."** Plaintiff complied by offering September 17 and 18. Defendant's

1

subsequent claim of obstruction contradicts its own written request and demonstrates

misrepresentation to the Court. Defendant then misrepresented this compliance as

"obstruction" and demanded its own preferred date of September 15.

Plaintiff has not refused the Rule 35 exam. She stands ready to appear on September 17 or 18 in

full compliance with ECF 268.

## II. DEFENDANT'S VIOLATION OF ECF 49

The Court's August 29, 2024 Order (ECF 49) requires parties to confer in good faith — via

phone, video, or in person — before filing any discovery letter.

Defendant skipped that required step and filed ECF 287 without engaging in the mandated

conferral process. This alone makes ECF 287 procedurally improper.

## III. DEFENDANT'S MISREPRESENTATIONS AND NONDISCLOSURE

- Defendant accused Plaintiff of "misrepresenting" the one-email rule, despite Defendant's

  own directive that "all of our future communications … be in writing" (see **Exhibit A**,

  Plaintiff's Motion for Leave to Respond to ECF 287).

- Defendant failed to disclose that Dr. Nelson was unavailable September 16–19, depriving

  Plaintiff of the chance to meaningfully evaluate scheduling options.

- Defendant's Exhibit A (Sept. 3 email) asked Plaintiff for her preferred date(s), but

  Defendant then told the Court Plaintiff obstructed. This is a direct contradiction.

## IV. CLEAR ERROR AND PREJUDICE

By compelling the exam on September 15 — Defendant's preferred date — the Order rewards

Defendant's misrepresentation and punishes Plaintiff despite her full compliance. This result is

contrary to the plain terms of ECF 268 and Rule 35's requirement of reasonableness and

mutuality.

2

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the District Judge:

1. **Sustain this Objection** and set aside the September 9, 2025 Order (ECF 288).

2. Confirm that Plaintiff's offered dates of September 17 or 18, 2025 comply with ECF 268.

3. Deny Defendant's request for extensions or compelled appearance on September 15, 2025.

4. Consider Defendant's repeated misrepresentations as further evidence supporting Plaintiff's pending Motion for Sanctions for Fraud on the Court (ECF 277).

## VI. CONCLUSION

Plaintiff respectfully notes that the Court has not yet addressed Plaintiff's pending Motion for Sanctions for Fraud on the Court (ECF 277). Instead, Plaintiff is being threatened with dismissal for complying with the Court's directives, while **Defendant is rewarded for violating ECF 49** and misrepresenting Plaintiff's compliance in ECF 287. This imbalance is contrary to Rule 35's requirement of mutuality, the Court's own orders, and the integrity of judicial proceedings. Defendant's misrepresentations in ECF 287 led directly to the erroneous Order (ECF 288). The Court should set it aside.

### Preservation of Rights for Appeal

Plaintiff respectfully notes that if the Court upholds ECF 288, such ruling would effectively endorse Defendant's violation of ECF 49 and disregard the plain language of ECF 268 requiring a mutually agreed date, not unilateral selection of a "preferred" date. Plaintiff objects on this basis to preserve all rights for appellate review.

**September 9, 2025**

Respectfully submitted,
*/s/ Kisha Peters*

3

Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## **CERTIFICATE OF SERVICE**

I hereby certify that on **September 9, 2025**, I served a true and correct copy of **Plaintiff's Objection To Magistrate Judge's Order (ECF 288) Pursuant To Fed. R. Civ. P. 72(A)**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system,** which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

_/s/ Kisha Peters_
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT A

United States Courts
Southern District of Texas
F I L E D

SEP 0 9 2025

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON
### DIVISION

KISHA PETERS,                          §
                                       §
    **Plaintiff,**                   §
                                       §
**vs.**                                §    **Civil Action No: 4:24-cv-00772**
                                       §
**BANNER HEALTH d/b/a BHT**            §    **Jury Demand**
**BANNER HEALTH OF TEXAS**             §
                                       §
    **Defendant.**                   §

## PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S DISCOVERY LETTER (ECF 287)

**TO THE HONORABLE COURT:**

Plaintiff respectfully submits this Motion for Leave to file a Response to Defendant's September 8, 2025, discovery letter (ECF 287). The letter misrepresents Plaintiff's compliance with the Court's orders regarding Rule 35 scheduling and communications between the parties. Plaintiff has acted in full compliance with ECF 268, the Court's January 10, 2025, transcript order, and ECF 49 governing discovery disputes. Defendant's notice instead reflects its own attempts to coerce Plaintiff to violate Court orders and to mislead the Court regarding the record.

### I. COMPLIANCE WITH ECF 268

ECF 268 requires that the Rule 35 examination "be conducted no later than September 19, 2025, at a time based on mutual agreement between the parties."

Defendant's own September 3, 2025, email contradicts the position taken in ECF 287. In that email, Defendant expressly invited Plaintiff to provide her **"preferred date(s)"** for the Rule 35 examination, stating:

1

> *"If we do not hear from you by that time with **your preferred date(s),** Dr. Nelson will*
> *need to release the hold she has placed on most of those days, but she will continue to*
> *keep September 15, 2025, available ... "* (**Ex. A**: Sept. 3, 2025 Authenticated Email).

In good faith, Plaintiff did exactly what was asked — she identified September 17 and 18 as her

**preferred dates**, both falling before the September 19 deadline established in ECF 268.

Despite this, Defendant's discovery letter (ECF 287) mischaracterizes Plaintiff's compliance as

"obstruction" simply because Plaintiff did not accept Defendant's own preferred date of

September 15.

- This is a material misrepresentation: Defendant asked for Plaintiff's choice of dates,
  Plaintiff provided them, and Defendant then recast that compliance as refusal.

Such conduct reflects a **manufactured dispute** created by Defendant to shift blame and burden

onto Plaintiff. The Court should reject ECF 287 as procedurally improper and factually

misleading, and reaffirm that Plaintiff has complied with all scheduling obligations under ECF

268. The order does not grant unilateral control to Defendant.

## II. FAILURE TO DISCLOSE:

Defendant also failed to provide Plaintiff with Dr. Nelson's full schedule before filing ECF 287.

**Defendant withheld that Dr. Nelson was unavailable September 16–19, 2025.** Without

disclosure of Dr. Nelson's full availability, Plaintiff was deprived of the opportunity to

meaningfully evaluate mutually agreeable options. Defendant's choice to conceal this fact and

rush to Court constitutes gamesmanship and tactical ambush, not good-faith conferral, and

further violates ECF 49.

## III. DISCOVERY PROCEDURE VIOLATION (ECF 49)

The Court's Order of August 29, 2024 (ECF 49) requires the parties to attempt to resolve

discovery disputes via in-person, phone, or video conference before filing a discovery letter.

Defendant did not initiate such a conference before submitting ECF 287. This failure, combined

with its incomplete disclosure of Dr. Nelson's availability, violates the Court's procedures.

## IV. TIMELINE OF COMMUNICATIONS

The record shows Plaintiff responded promptly, while Defendant delayed:

- **Aug 15, 2025** – Court entered ECF 268.

- **Aug 22 (Fri, 3:56 PM)** – Banner's first scheduling email (7 days later).

- **Aug 25 (Mon, 6:48 PM)** – Plaintiff replied within two business days.

- **Aug 28 (Thu, 4:54 PM)** – Banner replied after three more days.

- **Sep 2 (Tue, 5:11 PM)** – Plaintiff replied again within two business days.

- **Sep 3 (Wed, 5:35 PM)** – Banner sent a "threat" email.

- **Sep 8 (Mon, 1:55 AM)** – Plaintiff replied within the one-email-per-week rule.

- **Sep 8 (Mon, 1:21 PM)** – Banner sent another "threat of obstruction" email.

This confirms Plaintiff has not obstructed or delayed and has complied with the one-email-per-

week rule.

## V. ONE-EMAIL RULE AND DEFENDANT'S COERCION

On January 10, 2025, Judge Bryan ordered that "each party may send one email per week."

Plaintiff has complied fully. (See **Ex. B**: Discovery Hearing Transcript, Jan. 10, 2025, pg. 20,

lines 3–15).

Defendant, however, attempted to coerce Plaintiff to violate that order stating:

3

"we have no objection to receiving more than one email from you this week … [or] other means of communication, such as telephone calls, voice messages, text messages, and videoconferences." (ECF 287 at 2).

Plaintiff cannot risk sanctions by violating the Court's order. Defendant's "offer" was not a good-faith accommodation but improper pressure to disregard a binding directive.

## VI. DEFENDANT'S MISREPRESENTATION TO THE COURT

In ECF 287, Defendant accuses Plaintiff of "misrepresenting" the Court's one-email order. This is false.

On **August 2, 2024**, defense counsel expressly directed Plaintiff that:

*"all of our future communications about this case [must] be in writing unless there are exigent circumstances that require us to speak by phone."* (See **Ex. C**: Aug. 2, 2024 Authenticated Email).

This directive is consistent with Plaintiff's understanding and compliance. Defendant reaffirmed this preference in text exchanges and during the July 18, 2025, discovery conference, which was required under ECF 49. Defendant's contrary claim in ECF 287 is itself a misrepresentation of fact to the Court.

## VII. CONSTITUTES FRAUD ON THE COURT

Defendant's mischaracterizations in ECF 287 are not isolated. As documented in Plaintiff's pending Motion for Sanctions for Fraud on the Court (ECF 277).[1]

---

[1] The Ninth Circuit noted that "one species of fraud upon the court occurs when an **'officer of the court'** **perpetrates fraud affecting the ability of the court or jury to impartially judge a case.**" Pumphrey v. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir.1995); see also Weese v. Schukman, 98 F.3d 542, 553 (10th Cir.1996) (noting that "fraud on the court should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a **fraud perpetrated by officers of the court**") (citation omitted); Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc., 616 F.2d 833, 837 (11th Cir.1980) (same).

4

The present notice continues that pattern of misleading representations designed to shift blame and confuse the record.

Using the **Sixth Circuit's five elements**[2]:

1. **Officer of the Court** - Defense counsel (Jill Chasson) is an officer of the Court.

2. **Directed to the Judicial Machinery** - ECF 287 was filed directly with the Court's intervention.

3. **Intentionally False / Reckless Disregard for Truth** – Defendant accused Plaintiff of obstruction despite her compliance, and concealed Dr. Nelson's unavailability. These are not errors; they are deliberate distortions of the record.

4. **Positive Averment or Concealment Under Duty to Disclose** - Defendant affirmatively told the Court Plaintiff refused, while omitting material facts

5. **That Deceives the Court**[3] - If uncorrected, ECF 287 would mislead the Court into compelling Plaintiff outside the terms of its own order.

Such conduct directly undermines the Court's ability to adjudicate fairly and is consistent with fraud on the court as defined in *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993) and related authority.

---

[2] https://caselaw.findlaw.com/court/us-3rd-circuit/1117550.html (Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir.1993))

[3] In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir.1976) (citations omitted); see also Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978) (holding "only the most egregious misconduct, such as bribery of a judge or members of a jury, or **the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court**").

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. **CONFIRM** Plaintiff is in compliance with ECF 268 by offering September 17–18 as available dates.

2. **DENY** Defendant's request to compel a September 15 appearance.

3. **DENY** Defendant's request for extensions of deadlines.

4. **FIND** ECF 287 improper under ECF 49.

5. **FIND** Defendant failed to disclose Dr. Nelson's full availability.

6. **TAKE NOTICE** of Defendant's repeated misstatements, which are consistent with Plaintiff's pending Motion for Sanctions (ECF 277).

7. **PRESERVE Plaintiff's fraud-on-the-court allegations for appellate review** by entering findings of fact and conclusions of law

**CONCLUSION**

ECF 287 is not a good-faith discovery letter. It is a misrepresentation of Plaintiff's compliance, an improper attempt to coerce violation of Court orders, and a manufactured dispute designed to mislead the Court. Plaintiff objects to ECF 287 in its entirety and does not waive or abandon any objection to the relief requested therein. Banner's requests should be denied in full.

**September 9, 2025**

> **Respectfully submitted,**
> **_/s/ Kisha Peters_**
> Kisha Peters
> _Plaintiff Pro Se_
> 2927 Westwood Manor Lane,
> Houston, Texas 77047
> Kipeters1107@yahoo.com
> Telephone: 832-782-0199

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on **September 9, 2025**, I served a true and correct copy of **Plaintiff's Motion For Leave To File Response To Defendant's Discovery Letter (ECF 287).**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

7

# EXHIBIT A

RE: Examination by Dr. Nelson [CB-MAINDOCS.FID317922]

From:  Jill Chasson (jchasson@cblawyers.com)

To:    kipeters1107@yahoo.com

Cc:    afox@cblawyers.com

Date:  Wednesday, September 3, 2025 at 05:35 PM CDT

Dear Ms. Peters,

As you likely know, earlier today Judge Lake issued an order (ECF 286) overruling your objections to Magistrate Judge Bryan's Order granting Banner's Motion for Rule 35 Examination (ECF 268).  In light of Judge Lake's order, there is no good reason to continue deferring the scheduling of the examination. In addition, it is placing a burden on Dr. Nelson, who has a busy academic and clinical schedule, for her to continue to hold open part or all of five different days in the next two weeks as potential dates on which to conduct the examination.

As you know, my August 28 email offered you the following scheduling options:

> We have consulted with Dr. Nelson about an earlier start time or other arrangements that would allow for completion of the exam by approximately 5:00 pm CDT.  We can offer the following options for either a full day with an earlier start time, or two partial days with testing on one day and the interview on the second day.  We have listed the two half-days first, but any of the full-day options could be made into a partial day if that suits your schedule better. For example, testing could be done on 9/8 and interview on 9/10, or testing could be done on one of those two dates, and the remainder of the exam could be completed on the 12th, 15th or 16th.

- *Monday 9/8 from 12 - 4 pm Central*
- *Wednesday 9/10 from 12 - 4 Central*
- *Friday 9/12  with an 8 am or 9 am start Central time (will need to take a one hour break from 12-1 pm for an immovable meeting)*
- *Monday 9/15 with an 8 or 9 am start Central time*
- *Tuesday 9/16 with an 8 am start Central time*

Those dates and times (including the option of splitting the exam into two days) will remain available until **5:00 pm MST (7:00 pm CDT) on Thursday, September 4, 2025**.  If we do not hear from you by that time with your preferred date(s), Dr. Nelson will need to release the hold

she has placed on most of those days, but she will continue to keep September 15, 2025 available (including the option to start the examination at either 8 am or 9 am CDT) until **5:00 pm MST (7:00 pm CDT) on Monday, September 8, 2025.** If at that time we still have not heard from you or you remain unwilling to schedule and participate in the examination, we will have no choice but to raise the issue with the Court and seek an order compelling your participation.

Finally, to address your anticipated concern about the limitation of sending one email per week, I offer the following:  (1) in the circumstances, we have no objection to receiving more than one email from you this week so that we can facilitate timely scheduling of the court-ordered examination, and (2) if you do not want to send any additional emails, there is no limit on other means of communication, such as telephone calls, voice messages, text messages, and videoconferences.

We look forward to your prompt response.

Regards,

**Jill Chasson**
she/her

---

**Coppersmith Brockelman PLC**
Office: 602.381.5481
2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

---

**From:** Kisha Peters <kipeters1107@yahoo.com>
**Sent:** Tuesday, September 2, 2025 3:12 PM
**To:** Jill Chasson <jchasson@cblawyers.com>
**Cc:** Andrew Fox <afox@cblawyers.com>
**Subject:** Re: Examination by Dr. Nelson [CB-MAINDOCS.FID317922]

**Subject:** Response Regarding Proposed Rule 35 Examination Schedule

Good afternoon,

Thank you for your message and for offering reasonable accommodations regarding the proposed dates for the Rule 35 examination.

At this time, I must respectfully postpone confirming any proposed examination date due to the pending Emergency Motion to Stay Enforcement of ECF 268 (ECF 279), which is currently before the Court. As you are aware, that

# EXHIBIT B

1    parties will be obligated to meet and confer.  That means in

2    person, by video or by telephone.

3            With respect to just general communication,

4    Ms. Peters, what you should do is gather all the things that

5    you think you need to communicate to the Defense and put them

6    in one e-mail per week.  They will then respond to your single

7    e-mail per week.  That will stop the - I think somewhere I

8    read there have been over a hundred and something e-mails in a

9    several month period, which is just using excessive resources

10   on a single Plaintiff employment discrimination case.

11           So, once per week you can keep your own notes of

12   what you need to communicate or issues you want to raise; one-

13   email per week, they will respond to it.  And the same goes

14   for them.  They may send you one e-mail per week with anything

15   that they want to ask you or inquire of you about.

16           Okay?

17           MS. PETERS:  Your Honor -

18           THE COURT:  I didn't hear you.  I'm sorry.

19           MS. PETERS:  Yes, Your Honor.

20           THE COURT:  Okay.

21           All right.  Responses to Interrogatories are due

22   by January 24.  We're going to have a one e-mail per week

23   rule.

24           What else remains in your - either of your

25   discovery letters?

# EXHIBIT C

RE: Peters v. Banner Health [CB-MAINDOCS.FID317922]

From:  Jill Chasson (jchasson@cblawyers.com)

To:     kipeters1107@yahoo.com

Date:   Friday, August 2, 2024 at 04:08 PM CDT

Ms. Peters,

I received electronic notice from the Court today regarding your filing of an Amended Motion to Compel. The Amended Motion refers to a recording of our July 8 phone conversation as Exhibit M; however, the PDF copy of the motion does not include a recording or a link to a recording, and I have received no other notification that an audio recording has been filed with the Court.  If the recording was indeed part of your filing or has been filed separately, please provide me with a full copy of what you filed with the court.  The Amended Motion also refers to an Exhibit O, but no Exhibit O was attached to the motion.

Regarding the matter of you recording our conversations without notifying me you are doing so or asking for my consent, I suppose I should not be surprised, given that you engaged in the same conduct while employed at Banner.  I am fully aware that it was lawful for you to make the recordings, but I consider surreptitious recording to be deceptive and unethical.  I do not consent to being recorded, and since I can't trust that you won't secretly record future calls even if I object, it will be necessary for all of our future communications about this case to be in writing unless there are exigent circumstances that require us to speak by phone.  Accordingly, I am cancelling our planned August 8 call and will send you written feedback next week regarding our respective drafts of a protective order.

Regards,
Jill

**Jill Chasson**
O: 602.381.5481
jchasson@cblawyers.com

**From:** Kisha Peters <kipeters1107@yahoo.com>
**Sent:** Wednesday, July 31, 2024 6:06 PM
**To:** Jill Chasson <jchasson@cblawyers.com>
**Subject:** Re: Peters v. Banner Health [CB-MAINDOCS.FID317922]

# EXHIBIT D

**AI Use Compliance Statement -** General Order 2025-04 Disclosure**:**

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted

with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully

reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content,

accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has

been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately

reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the

holding, consistent with standard practice in this Court and as reflected in recent filings by both

Magistrate Judge Bryan and District Judge Brown.

11

# EXHIBIT B

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.