United States Courts
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS HOUSTON**
**DIVISION**

SEP 1 1 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | Jury Demand |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ECF 277 WITH NEWLY
DISCOVERED EVIDENCE OF FRAUD ON THE COURT, DOCUMENT TAMPERING,
AND DEFAMATORY MISCONDUCT**

**TO THE HONORABLE COURT:**

Plaintiff Kisha Peters, appearing pro se, respectfully moves for leave to supplement the record at

ECF 277 with newly discovered evidence of litigation misconduct by Defendant Banner Health,

including fraud on the court, **document tampering**, misrepresentation to a subpoenaed third

party, and **renewed defamation of character resulting in reputational harm**. This misconduct

violates federal rules, the Court's Protective Order, and ethical obligations governing conduct

before this Court.

**I. BACKGROUND AND NEW EVIDENCE**

On August 1, 2025, Plaintiff filed ECF 254, titled: **"Motion for Leave to File Motion to Quash**

**Subpoena and for Protective Order."** This filing directly addressed improper subpoenas issued

by Banner Health to Plaintiff's mental health providers, including Thriveworks. The motion was

filed, served on all parties, and referred to Magistrate Judge Christina A. Bryan. It remains

pending. Despite this, on **September 9, 2025**, defense counsel **Jill Chasson** sent an email to Thriveworks falsely asserting that:

"Ms. Peters did not file any such motion [to quash] ... The Court has not accepted her filing... nor has she filed any subsequent motion to quash."

Banner's counsel then attached a **different document entirely — a notice from ECF 250 — and falsely labeled it as ECF 254 by pasting the CM/ECF docket header.** This was not redaction, but deliberate document tampering and deception *"Case 4:24-cv-00772, Document 254, Filed on 08/01/25 in TXSD, Page 1 of 6."*

That header was manually copied and pasted onto a **different document**, not ECF 254. In truth, the attached document was **ECF 250** in which Banner's counsel then claimed that ECF 254 was titled:

> "Motion for Leave to File Notice to the Court Re Subpoenas Issued to Third-Party
> Medical Billing..."

This is demonstrably false. The actual ECF 254 is titled:

**"Motion for Leave to File Motion to Quash Subpoena and for Protective Order."**

**II. Document Tampering and Misconduct**

As shown in **Exhibit C** (Plaintiff's Email to Thriveworks Re: ECF 254 Misrepresentation), Plaintiff immediately emailed Thriveworks upon learning of the misrepresentation, sent the official court-filed ECF 254, and requested confirmation that the document provided by Banner's counsel was both inaccurate and intentionally misrepresenting one docket entry as another to influence legal outcomes or third-party compliance. See **Exhibit A** (Email from Defense Counsel to Thriveworks) and **Exhibit B** (Misrepresented falsified CM/ECF docket header manually inserted onto unrelated document, misrepresented as ECF 254).

## III. MEDICAL RECORDS WERE ALREADY PRODUCED AND CERTIFIED

Even more egregiously, the **medical records being sought through these misrepresented subpoenas** had **already been provided to the defense**, with **tracking and certification**, as documented in **ECF 250**.

Despite being in possession of these records, Banner:

- Reissued subpoenas to the same providers,
- Falsely claimed Plaintiff failed to comply,
- Lied to the third party that no motion to quash existed,
- Fabricated a docket header to override judicial process,
- And attempted to obtain the same records outside of Court supervision.

This conduct reflects not only **bad faith discovery tactics** but an intentional pattern of:

- Misleading the Court,
- Misleading third parties,
- And defaming the Plaintiff's character by falsely implying noncompliance and dishonesty.

## IV. DOCUMENT TAMPERING AND LITIGATION MISCONDUCT

This Court has clear authority to address fraud on the court and protect the integrity of its own proceedings. Banner's conduct violates:

- **Fed. R. Civ. P. 11(b)** – Knowingly misrepresenting factual matters to the Court and third parties;
- **Fed. R. Civ. P. 26(g)** – Abusive discovery tactics by knowingly seeking records already in possession;

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944) – Fraud on the court includes document tampering by attorneys;

- **Aoude v. Mobil Oil Corp.**, 892 F.2d 1115 (1st Cir. 1989) – Use of false documents in litigation constitutes a perversion of justice;

- **18 U.S.C. § 1519** – Knowingly altering or misrepresenting a federal record to influence litigation.

## V. Key Misrepresentations in the Email

| Statement by Defense Counsel | Why It's False / Misleading |
|---|---|
| *"She did not file any such motion [to quash]..."* | False – ECF 254 is explicitly titled "Motion to Quash Subpoena and for Protective Order." |
| *"The Court has not accepted Ms. Peters's filing..."* | Misleading – ECF 254 is **docketed** and **pending** before Judge Bryan. That is **accepted** under federal practice. |
| *"Doc. 254 ... is not a motion to quash..."* | Flatly false. The title and contents show it *is*. |
| *"We are concerned Ms. Peters is misrepresenting that she has done so..."* | This is a **false accusation of dishonesty** to a third party — which constitutes **defamation per se** under Texas law. |
| *"Attached pages of Doc. 254..."* | **Not true** — they sent an altered Filing Third Party with falsely labeled CM/ECF Header (Misrepresented as ECF 254) to trick a third party. |

4

## VI. DEFAMATION AND REPUTATIONAL HARM ($10,000,000.00)

This conduct directly supports Plaintiff's claim for **reputational harm and defamation of character**, as previously outlined in Plaintiff's damages summary and ECF 277.

Banner's communications to third-party entities falsely suggested:

- That Plaintiff failed to comply with Court orders;

- That she had not filed required motions; and

- That she was improperly withholding medical records already produced.

These statements constitute **slander and defamation per se,** as they falsely attack Plaintiff's honesty, professionalism, and integrity, and were made with **malicious disregard for the truth.**

In addition to misrepresentations to third-party providers, Banner has made **false and reputation-damaging statements in formal legal proceedings.** Specifically, Banner alleged — in written submissions to the EEOC and in other litigation filings — that Plaintiff was terminated for **recording protected health information (PHI).**

These allegations were **false, defamatory, and professionally damaging.** Banner later **conceded in writing** that it never possessed PHI in connection with Plaintiff's conduct, thereby rendering its original termination rationale **false, pretextual, and defamatory.**

This pattern of misconduct includes:

- **Knowingly false justifications for termination;**

- **Retaliation cloaked in fabricated compliance allegations;** and

- **Abuse of legal process and discovery tools to obscure the truth.**

Despite its admission, Banner has never formally retracted the PHI accusation, and the false statements remain in both **agency** and **court records.** These materially false representations have

**irreparably harmed Plaintiff's career, earning potential, and professional reputation** within both the medical and legal communities.

This is textbook **defamation per se**. The accusation that Plaintiff unlawfully recorded PHI:

- Implies criminal or unethical conduct;
- Was made in official legal proceedings; and
- Damaged Plaintiff's standing before government agencies, courts, and subpoenaed third parties.

Accordingly, Plaintiff **reiterates her demand for $10,000,000.00 in non-economic damages** for **reputational harm, defamation of character, and slander**, as previously detailed.

## VII. CONCLUSION – Evidence Warrants Judicial Action and Potential Dismissal

The newly discovered evidence presented herein demonstrates a sustained pattern of misconduct by Defendant Banner Health that goes far beyond ordinary litigation error. As further illustrated in **Exhibit B**, the document sent by Defendant to Thriveworks includes a **manually typed and misrepresented docket header**. This header mimics the style of the Court's CM/ECF system but was not generated by the court's filing system. It combines docket references from two separate documents (ECF 250 and ECF 254) and applies them to an **unrelated exhibit**, thus creating the **false impression that the document was Plaintiff's operative motion**. This visual manipulation further supports Plaintiff's assertion that Banner's conduct was not merely negligent — it was intentional, deceptive, and constitutes fraud on the court.

This was not redaction — it was **manipulation, deception, and fraud on the court.** Such conduct violates the integrity of this Court's docketing system, undermines the rules of civil procedure, and compromises the fairness of the discovery process.

6

## VIII. RELIEF REQUESTED

In light of this newly discovered and materially significant evidence, Plaintiff respectfully requests that the Court:

1. **Grant leave to supplement ECF 277** with the newly discovered evidence;

2. **Take judicial notice** of defense counsel's falsification and document manipulation;

3. **Exclude or strike** any materials obtained via the fraudulent or improper subpoenas at issue;

4. **Impose sanctions** under Fed. R. Civ. P. 11(c) and 26(g) for repeated misrepresentations;

5. **Refer the matter for disciplinary review** if the Court finds that conduct rose to the level of fraud on the court;

6. And consider whether the Defendant's continued pursuit of its claims or defenses — in light of this conduct — should be **dismissed or curtailed in the interest of justice**.

Finally, **Plaintiff reserves the right to seek relief under Fed. R. Civ. P. 60(d)(3)** if any orders are later found to have been obtained through fraud on the court, including but not limited to the misconduct detailed herein.

**September 11, 2025**

Respectfully submitted,
 */s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **September 11, 2025**, I served a true and correct copy of **Plaintiff's Motion for Leave to Supplement ECF 277 With Newly Discovered Evidence of Fraud on the Court, Document Tampering, and Defamatory Misconduct.**

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C).**

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

 */s/ Kisha Peters*
 Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT A

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit E – ECF 250, Exhibit F – ECF 254, Exhibit G– ECF 277**

RE: Thriveworks Subpoena [CB-MAINDOCS.FID317922]

From:  Jill Chasson (jchasson@cblawyers.com)

To:    mary.gagliardi@thriveworks.com

Cc:    kayel@thriveworks.com; kipeters1107@yahoo.com; afox@cblawyers.com

Date:  Tuesday, September 9, 2025 at 06:30 PM CDT

Good afternoon, Mary,

Thanks for your email.  Respectfully, while Ms. Peters may not have consented to release of the records, her consent or authorization is not required because a "qualified protective order" (as defined by the HIPAA Privacy Rule, 45 CFR § 164.512(e)(1)) has been entered by the court.  You have acknowledged receipt of that order with the subpoena.

Based on your original email, it appears that your reluctance to have Thriveworks produce its records (and current request for their return or destruction) is based on Ms. Peters' representation that she filed a motion to quash the subpoena(s).  She did not file any such motion, and frankly, we are concerned that Ms. Peters is misrepresenting that she has done so in order to interfere with Banner's ability to obtain records it has lawfully subpoenaed.  We recently heard from a second provider who was told the same false information.

What Ms. Peters filed, on July 25 and again on August 1, is titled "Motion for Leave to File Notice to Court Re Subpoenas Issued to Third-Party Medical Billing and Breach of Confidence Mediation."  The July 25 version is docketed as No. 250, and the August 1 version is docketed as No. 254.  The latter is the version that Ms. Peters referenced in her August 6 email to you, although she attached an exhibit from Doc. 250 to that email.  I have attached the pages of Doc. 254 that pertain to subpoenas for medical records; the remainder is irrelevant to this topic.  The reason the document is titled "Motion for Leave ..." is because a May 9, 2025 court order in the case requires Ms. Peters to obtain leave of court to file any motion, notice, request, or other document.  To date, the Court has not accepted Ms. Peters's filing of either Doc. 250 or Doc. 254, which in any event are not motions to quash, nor has Ms. Peters filed any subsequent motion to quash or asked for leave to file same.  Thriveworks itself also did not file a motion to quash either subpoena.  Accordingly, from our perspective, the subpoenas remain valid and enforceable.

If there is additional factual information or authority you would like us to consider, please provide that for our review.  I'm also happy to speak with you by phone if that would be helpful.

Regards,

Jill


**Jill Chasson**
O: 602.381.5481
jchasson@cblawyers.com

---

**From:** Mary Gagliardi <mary.gagliardi@thriveworks.com>
**Sent:** Tuesday, September 9, 2025 8:12 AM
**To:** Jill Chasson <jchasson@cblawyers.com>
**Cc:** Kaye Love <kayel@thriveworks.com>; kipeters1107@yahoo.com; Andrew Fox <afox@cblawyers.com>
**Subject:** Re: Thriveworks Subpoena [CB-MAINDOCS.FID317922]


    You don't often get email from mary.gagliardi@thriveworks.com. Learn why this is important

Jill,


I apologize for the late response. This was in my spam. I am reaching out to request the return or certified destruction of all of Ms. Peters records that were inadvertently sent over by Thriveworks Medical Records department. As you are well aware, these were not released with the consent of the patient.


On Thu, Aug 7, 2025 at 2:30 PM Jill Chasson <jchasson@cblawyers.com> wrote:

> Hello Mary,
>
>
> Thanks for reaching out.  As I was in the process of drafting a combined response to your email and the one Ms. Peters sent yesterday, we received the attached email today from Tamra Prather of Thriveworks, providing copies of medical and billing records for Ms. Peters and a signed certification. It appears these records were produced in response to the subpoena we served on a second Thriveworks provider, Deborah Solomon, in Fort Worth, Texas.  In light of this development, we believe any issues relating to production of the requested records are now moot.  If you disagree, please let me know so we can provide a substantive response regarding any issues you believe remain outstanding.
>
>
> Thank you,

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**

**JUL 2 5 2025**

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE TO THE COURT REGARDING SUBPOENAS ISSUED TO THIRD-PARTY MEDICAL BILLING AND BREACH OF CONFIDENCE MEDIATION

**TO THE HONORABLE COURT:**

Plaintiff Kisha Peters, appearing pro se, respectfully submits this Notice to inform the Court of multiple third-party subpoenas issued by Defendant **Banner Health** on or about **July 23, 2025**, to Plaintiff's current and former medical and billing providers. These subpoenas are the subject of **pending objections** and will likely require judicial intervention. Plaintiff respectfully preserves her right to file a **Motion to Quash and for Protective Order** in accordance with **Fed. R. Civ. P. 45(d)(3)** and **Rule 26(c)** and files this notice to ensure the Court is informed of the procedural developments.

### I. FACTUAL BACKGROUND

1. On **July 23, 2025**, Defendant served or attempted to serve Rule 45 subpoenas to the following third-party providers: (See **Exhibit A:** Subpoenas and **Exhibit B:** Email Confirmation of Plaintiff Medical Records )

1

- **ThriveWorks / Deborah Solomon** – Full records produced by Plaintiff in November 1, 2024

- **ThriveWorks / J. Kaye Love** – Full records produced by Plaintiff in **November 1, 2024**

2. On **March 12, 2025, at 1:54 PM**, Plaintiff produced complete medical records for the following providers:

   - **HCA Houston Healthcare – Clear Lake**

   - **HCA Houston Healthcare – Pearland**

   - **Dr. Ghosh, M.D.**

These records were submitted as **Exhibit B in the Plaintiff's Statement on Mitigation of Damages** and were clearly marked **"Confidential."** (See **Exhibit C: Email Confirmation**)

3. **City Ambulance / CareNow / Clotie Wayland, LCSW** – No request for records was made to Plaintiff. However, Plaintiff disclosed this provider to Defendant on **June 27, 2025**, in compliance with the Court's expert disclosure requirements. Despite this, Defendant issued a subpoena without first requesting records from Plaintiff; the subpoena notice was received on **July 24, 2025.**

Plaintiff mailed the records to defense counsel by **certified mail** with tracking numbers:
   - **9534 9107 5967 5178 8379 78**
   - **9502 1107 5967 5178 8379 97**

4. On **July 24, 2025**, Plaintiff submitted a written objection to Defendant's counsel, asserting that the subpoenas were **duplicative, disproportionate, and burdensome in**

2

violation of **Fed. R. Civ. P. 45(d)(1)** and (d)(3)(A)(iv). (See **Exhibit D: Email**

Communication)

5.  Due to limited communication protocols governing this matter, Plaintiff is restricted to

   **one email per week,** as is Defendant. Therefore, Plaintiff intends to file a Motion to

   Quash and for Protective Order upon expiration of the next communication window if no

   resolution is reached.

## II. PURPOSE OF THIS NOTICE

This Notice is filed to:

- Preserve Plaintiff's right to seek relief under **Rule 45(d)(3);**

- Inform the Court of pending objections and the status of meet-and-confer efforts;

- Prevent waiver due to communication timing; and

- Ensure the Court is aware of potential prejudice to Plaintiff and third-party providers

   should enforcement proceed before resolution.

3

Case 4:24-cv-00772    Document 254    Filed on 08/01/25 in TXSD    Page 6 of 8
Case 4:24-cv-00772    Document 250    Filed on 07/25/25 in TXSD    Page 6 of 8

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Take judicial notice** of this filing and the procedural objections raised concerning Defendant's improper subpoena practices and breach of mediation confidentiality;

2. **Permit Plaintiff to file a Motion to Quash and/or for Protective Order,** following expiration of the current weekly communication restriction;

3. **Consider entering a short stay** on subpoena enforcement of the disputed subpoenas to prevent unnecessary burden on third-party providers and preserve Plaintiff's rights pending resolution.

**July 25, 2025**

> **Respectfully submitted,**
> _/s/ Kisha Peters_
> Kisha Peters
> _Plaintiff Pro Se_
> 2927 Westwood Manor Lane,
> Houston, Texas 77047
> Kipeters1107@yahoo.com
> Telephone: 832-782-0199

# EXHIBIT C

Re: Thriveworks Subpoena [CB-MAINDOCS.FID317922]

From:  Kisha Peters (kipeters1107@yahoo.com)
To:    mary.gagliardi@thriveworks.com; jchasson@cblawyers.com
Cc:    kayel@thriveworks.com; afox@cblawyers.com
Date:  Tuesday, September 9, 2025 at 08:53 PM CDT

**Subject:** Urgent Clarification Request – Subpoena Misrepresentation and Document Integrity Concerns

Dear Ms. Gagliardi,

I write to clarify a serious matter arising from a recent communication sent to you by Banner Health's counsel, Ms. Jill Chasson, regarding subpoenas served on Thriveworks for my protected health records.

In her message to you dated approximately September 3, 2025, Ms. Chasson stated that I "did not file any such motion" to quash the subpoena(s), and she attached a redacted court document, which she appeared to present as proof of that claim.

**Factual Clarification**

On **August 1, 2025**, I filed **ECF 254** in Case No. 4:24-cv-00772 (S.D. Tex), titled:

"Motion for Leave to File Motion to Quash Subpoena and for Protective Order."

This filing directly addresses the subpoenas in question and is pending before Magistrate Judge Christina A. Bryan. The docket entry is public and properly filed under FRCP 26(c) and 45(d)(3).

Ms. Chasson's assertion that no such motion exists is demonstrably false.

**Document Tampering Concern**

Further, the document Ms. Chasson provided to Thriveworks appears to be a **redacted version of ECF 250**, which is an earlier and unrelated **notice**, not a motion to quash. However, that document includes a **copied federal court docket header** that reads:

- **Exhibit A:** Screenshot of the actual docket header and first page of **ECF 254** (Filed August 1, 2025).

- **Exhibit B:** Screenshot of the first page of **ECF 250** (Filed July 25, 2025), which was presented to you as ECF 254.

- This **blue, hyperlinked docket heading** only appears on documents **filed through CM/ECF and downloaded directly from PACER.**

The redacted Copy of ECF 254 is **not the offical court ECF 254**, and the only way such a header could appear on the wrong document is if it was **copied and pasted** — suggesting an intent to mislead the recipient by **falsely representing ECF 250 as ECF 254.**

This raises a serious concern of **evidence tampering and misrepresentation of federal court records.**

The actual Motion to Quash (ECF 254) is a 33-page document including exhibits. The file you received was materially altered to suppress this fact and to mislead the provider into believing no objections had been filed.

---

### Request for Confirmation and Preservation

Accordingly, I respectfully request that Thriveworks:

1. **Confirm in writing** that you received Ms. Chasson's email and the document she attached;

2. **Acknowledge** that Plaintiff did in fact file **ECF 254**, which remains pending before the Court;

3. **Preserve** the original email and attachment sent by Banner's counsel for evidentiary purposes;

4. **Confirm your understanding** that the document provided to you misrepresents both the docket record and legal posture of the subpoenas.

5. **Confirm in writing content of** ECF 254 -1 pg 28 Exhibit B.

Your response will help ensure that the Court receives a full and accurate record of these events and that no protected health information is disclosed in violation of federal law or court order.

Thank you for your prompt attention to this matter. I look forward to your reply.

Respectfully,
**Kisha Peters**
Pro Se Plaintiff

Case No. 4:24-cv-00772 – Southern District of Texas

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS HOUSTON**
**DIVISION**

United States Courts
Southern District of Texas
**FILED**

JUL 2 5 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| Plaintiff, | § § § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| BANNER HEALTH d/b/a BHT BANNER HEALTH OF TEXAS | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE TO THE COURT REGARDING SUBPOENAS ISSUED TO THIRD-PARTY MEDICAL BILLING AND BREACH OF CONFIDENCE MEDIATION**

**TO THE HONORABLE COURT:**

Plaintiff **Kisha Peters**, appearing pro se, respectfully submits this Notice to inform the Court of multiple third-party subpoenas issued by Defendant **Banner Health** on or about **July 23, 2025**, to Plaintiff's current and former medical and billing providers. These subpoenas are the subject of **pending objections** and will likely require judicial intervention. Plaintiff respectfully preserves her right to file a **Motion to Quash and for Protective Order** in accordance with **Fed. R. Civ. P. 45(d)(3)** and **Rule 26(c)** and files this notice to ensure the Court is informed of the procedural developments.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 0 1 2025

Nathan Ochsner, Clerk of Court

KISHA PETERS,

    Plaintiff,

vs.

BANNER HEALTH d/b/a BHT
BANNER HEALTH OF TEXAS

    Defendant.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No: 4:24-cv-00772

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

COMES NOW Plaintiff Kisha Peters, pro se, and respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), for leave to file this Motion to Quash and for Protective Order. In support thereof, Plaintiff states:

## I. INTRODUCTION

Defendant Banner Health has issued subpoenas to multiple third-party medical and billing providers—many of which are duplicative, harassing, and procedurally deficient. The subpoenas violate Rule 45(d)(1) and (d)(3)(A)(iv), which prohibit imposing undue burden, particularly where the information sought is cumulative of materials already disclosed. Defendant also failed

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS HOUSTON**
**DIVISION**

United States Courts
Southern District of Texas
**FILED**

JUL 2 5 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No: 4:24-cv-00772 |
| | § | |
| BANNER HEALTH d/b/a BHT | § | |
| BANNER HEALTH OF TEXAS | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE TO THE COURT**
**REGARDING SUBPOENAS ISSUED TO THIRD-PARTY MEDICAL BILLING AND**
**BREACH OF CONFIDENCE MEDIATION**

**TO THE HONORABLE COURT:**

Plaintiff Kisha Peters, appearing pro se, respectfully submits this Notice to inform the Court of

multiple third-party subpoenas issued by Defendant **Banner Health** on or about **July 23, 2025**,

to Plaintiff's current and former medical and billing providers. These subpoenas are the subject

of **pending objections** and will likely require judicial intervention. Plaintiff respectfully

preserves her right to file a **Motion to Quash and for Protective Order** in accordance with

**Fed. R. Civ. P. 45(d)(3)** and **Rule 26(c)** and files this notice to ensure the Court is informed of

the procedural developments.

**I. FACTUAL BACKGROUND**

1. On **July 23, 2025**, Defendant served or attempted to serve Rule 45 subpoenas to the

   following third-party providers: (See **Exhibit A: Subpoenas** and **Exhibit B: Email**

   **Confirmation of Plaintiff Medical Records** )

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**

JUL 2 5 2025

Nathan Ochsner, Clerk of Court

KISHA PETERS,           §
                        §
    Plaintiff,          §
                        §
vs.                     §     Civil Action No: 4:24-cv-00772
                        §
BANNER HEALTH d/b/a BHT §
BANNER HEALTH OF TEXAS  §
                        §
    Defendant.          §

## PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE TO THE COURT REGARDING SUBPOENAS ISSUED TO THIRD-PARTY MEDICAL BILLING AND BREACH OF CONFIDENCE MEDIATION

**TO THE HONORABLE COURT:**

Plaintiff Kisha Peters, appearing pro se, respectfully submits this Notice to inform the Court of multiple third-party subpoenas issued by Defendant Banner Health on or about July 23, 2025, to Plaintiff's current and former medical and billing providers. These subpoenas are the subject of pending objections and will likely require judicial intervention. Plaintiff respectfully preserves her right to file a Motion to Quash and for Protective Order in accordance with Fed. R. Civ. P. 45(d)(3) and Rule 26(c) and files this notice to ensure the Court is informed of the procedural developments.

## I. FACTUAL BACKGROUND

1. On July 23, 2025, Defendant served or attempted to serve Rule 45 subpoenas to the following third-party providers: (See **Exhibit A**: Subpoenas and **Exhibit B**: Email Confirmation of Plaintiff Medical Records.)

# EXHIBIT D

**AI Use Compliance Statement -** General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.