**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION**

United States Courts
Southern District of Texas
**F I L E D**

SEP 1 2 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **KISHA PETERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No: 4:24-cv-00772** |
| | § | |
| **BANNER HEALTH d/b/a BHT** | § | **Jury Demand** |
| **BANNER HEALTH OF TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ECF 277 WITH
ADDITIONAL NEWLY DISCOVERED EVIDENCE OF FRAUD ON THE COURT,
DOCUMENT TAMPERING, AND DEFAMATORY MISCONDUCT**

**TO THE HONORABLE COURT:**

Plaintiff Kisha Peters, pro se, respectfully submits this supplemental notice in support of

Plaintiff's Motion for Leave to Supplement ECF 277 with Newly Discovered Evidence of Fraud

on the Court, Document Tampering, and Defamatory Misconduct.

**I. ADDITIONAL NEWLY DISCOVERED EVIDENCE – ALTERED HEADER**

On September 11, 2025, Defendant's counsel circulated to a third party (Thriveworks) an

excerpted version of Plaintiff's filing. The version sent by Banner bore a **CM/ECF docket**

**header that does not exist anywhere in the Court's record.**

Even if the excerpt was scanned or reproduced in black and white, the docket header should have

reflected the official CM/ECF entry. Instead, the header provided to Thriveworks was **altered**

**and inconsistent with the official record.**

1

This discrepancy cannot be dismissed as a "scanning" or "formatting" issue. The creation and use of a non-matching header when communicating with a subpoenaed third party constitutes **misrepresentation of a federal court record**.

## II. DEFAMATION AND REPUTATIONAL HARM

In the second September 11, 2025, email, Defendant's counsel wrote:

*"**It remains true**, however, that the Court has not accepted that filing, and therefore, no Motion to Quash from either Ms. Peters or Thriveworks is pending before the Court."*

This statement is false. On August 1, 2025, Plaintiff filed **ECF 254 — a combined Motion for Leave and Motion to Quash** under Fed. R. Civ. P. 26(c) and 45(d)(3). The filing itself contained the full Motion to Quash and Protective Order, and was docketed and referred to Magistrate Judge Bryan for consideration. Once docketed, a filing is **"accepted"** under federal practice unless stricken by the Court — which has not occurred.

By asserting to Thriveworks and others that Plaintiff's filing was **"not accepted,"** Banner has misrepresented the record and falsely suggested that Plaintiff misrepresented her filings or acted dishonestly in an attempt to mislead the Court. This impugns Plaintiff's honesty and integrity in pending litigation and before third parties. Such language constitutes **defamation per se**, as it damages Plaintiff's professional and personal reputation **without the need for further proof of harm**.

This new evidence further substantiates Plaintiff's demand for **$10,000,000.00 in non-economic damages for reputational harm, defamation of character, and slander** as detailed in ECF 277.

## III. DEFENSE ATTEMPT TO SHIFT BLAME TO THE CLERK OF COURT

As further shown in **Exhibit A** (Email from Defense Counsel to Thriveworks), Banner

has now attempted to shift responsibility for its misrepresentation by claiming that the

Clerk of Court originally posted the wrong document at ECF 254 and later "**replaced**" it.

**Exhibit B** (Plaintiff's Response Email to Defense & Thriveworks)

This explanation is unsupported and contradicted by the official record. When the Clerk makes

an error, it is **always transparently noted on the docket and initialed by the clerk** (see, e.g.,

ECF 40 "ERROR DUPLICATE FILING" and ECF 181 "DOCKETED IN ERROR"). Plaintiff

has reviewed the docket and cannot locate any such correction for ECF 254.

Moreover, Banner's attempt to blame the Clerk is further refuted by **certified mail service

records**:

- **ECF 254** was served on Banner by USPS Certified Mail (Tracking No. **9502 1107 5967

  5213 8488 27**), which was signed for by defense counsel's office.

- **ECF 250** was also served on Banner by USPS Certified Mail (Tracking No. **9502 1107

  5966 5206 7522 79**).

Thus, Banner had both documents in its possession — via certified service — before continuing

to misrepresent the record to a third party and falsely accusing Plaintiff of dishonesty.

This combination of (1) falsely blaming the Clerk of Court, and (2) knowingly mischaracterizing

filings despite having certified copies in hand, further demonstrates **fraud on the court** and

underscores Banner's pattern of defamatory and bad-faith litigation conduct.

## V. LEGAL SIGNIFICANCE

This new evidence directly supports Plaintiff's allegations in ECF 277 that Defendant has

engaged in a pattern of:

3

- Document tampering and manipulation of federal filings;

- Misrepresentation of the record to third parties; and

- Fraud on the Court in violation of Fed. R. Civ. P. 11(b), 26(g), and 18 U.S.C. § 1519.

By introducing an **altered docket header not present on any official filing**, Banner has further undermined the integrity of these proceedings.

## VI. CONTINUING FRAUD ON THE COURT

This misconduct is not isolated. It continues a pattern of:

- Circulating misrepresented or altered filings to third parties;

- Denying the existence of Plaintiff's duly filed motions;

- Accusing Plaintiff of dishonesty in formal communications; and

- Seeking to influence subpoena compliance while a motion to quash was pending.

Each instance undermines the integrity of these proceedings and constitutes **fraud on the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989)[1].

## VII. RULE 41(B) – STANDARD FOR DISMISSAL

Dismissal with prejudice is appropriate only when:

## 1. Clear Record of Obstruction

- Banner repeatedly misrepresented facts about Plaintiff's PHI and subpoenas (first denying Plaintiff filed a motion to quash, then inventing a "clerical error" excuse).

---

[1] see also C.B.H. Resources, Inc. v. Mars Forging Co., 98 F.R.D. 564, 569 (W.D. Pa. 1983) (dismissing under Fed. R. Civ. P. 41(b) **where party's fraudulent scheme, including use of a bogus subpoena,** was "totally at odds with ... the notions of fairness central to our system of litigation"). **See https://law.justia.com/cases/federal/appellate-courts/F2/892/1115/72189/**

- Banner's defense on PHI collapsed when it admitted it never possessed PHI, contradicting its termination rationale and misrepresentations to the EEOC and this Court.

- Their acquired-defense strategy fell apart at summary judgment, showing a pattern of obstruction, not defense on the merits.

## 2. Intentional Misconduct[2]

- Banner knowingly misrepresented the ADA notice to the Court.

- Banner counsel circulated altered filings (redacted ECF 250 misrepresented as ECF 254).

- Banner accused Plaintiff of lying to providers, which is defamation per se and slander.

- These are not accidents; they are deliberate misrepresentations and fraud on the Court.

## 3. Futility of Lesser Sanctions

- Banner has doubled down at every stage.

- Even when caught, counsel continues to invent shifting stories (no motion → wrong motion → clerk error → "not accepted").

- A reprimand won't cure intentional fraud; stronger sanctions are required.

## 4. Prejudice to Plaintiff

- Banner's misconduct harmed Plaintiff directly:

  o Undermined credibility with providers,

---

[2] See, e.g., Brockton Savings Bank, 771 F.2d at 11-12 (affirming district court's entry of default judgment under court's inherent powers in response to defendant's abusive litigation practices); Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); Eppes v. Snowden, 656 F. Supp. 1267, 1279 (E.D. Ky. 1986) (where fraud committed, court has "inherent power [to dismiss] ... to protect the integrity of its proceedings"); United States v. Moss-American, Inc., 78 F.R.D. 214, 216 (E.D. Wis. 1978) (similar).

      o   Risked improper disclosure of confidential PHI,

      o   Multiplied proceedings and wasted judicial resources.

- This is exactly the type of prejudice Rule 41(b) is meant to address.

The record demonstrates that **Banner's misconduct meets — and exceeds — the Rule 41(b)**

**threshold.** Accordingly, Plaintiff respectfully requests dismissal of Banner's defenses with

prejudice pursuant to Rule 41(b), the imposition of severe sanctions proportionate to Banner's

fraud on the Court.[3]

## VIII. CONCLUSION

Plaintiff notes that **ECF 254** was filed as a combined *Motion for Leave and Motion to Quash*, as

is clear from its title and opening paragraph: *"for leave to file this Motion to Quash and for*

*Protective Order."* The Court docketed this filing in full, and it remains pending before

Magistrate Judge Bryan. That is acceptance under federal practice. Defendant's assertion that the

Court "has not accepted" the filing is therefore false and misleading. A motion pending for leave

---

[3] "The only conceivable reason for Aoude's elaborate duplicity was to gain unfair advantage, first

in the dispute, **thereafter in the litigation**. The tactic plainly hindered defendant's ability to

prepare and present its case, while simultaneously throwing a large monkey wrench into the

**judicial machinery**. In our view, this gross misbehavior constituted fraud on the court. See

Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir. 1987) (fraud on

court may exist where witness and attorney conspire to present perjured testimony); Rozier v.

Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (same, where party, with counsel's

collusion, **fabricates evidence**)." **See https://law.justia.com/cases/federal/appellate-**

**courts/F2/892/1115/72189/**

is still a live filing, and its pendency prevents unilateral enforcement of subpoenas under Rule
45(d)(3).

The misconduct here lies with **Banner**. Its counsel has repeatedly misrepresented the docket,
circulated altered filings, and published defamatory falsehoods to third parties. Under the Fifth
Circuit's standard, dismissal with prejudice cannot properly be imposed against Plaintiff for
pursuing legitimate filings; instead, sanctions and dismissal should be directed against the
offending party and its counsel. To apply Rule 41(b) harshly against a pro se litigant while
excusing far more serious misconduct by defense counsel would itself be an abuse of discretion
and raise serious concerns of disparate treatment. (See **Exhibit C**, ECF 288, Court Order).
Taken together with Banner's misrepresentations to third parties, defamatory accusations against
Plaintiff's honesty, and circulation of altered docket headers, this conduct demonstrates a
continuing pattern of **fraud on the court, defamation, and abuse of discovery** that warrants
judicial intervention. As in Aoude, Banner's case now rests on a **false foundation**. Dismissal is
the only remedy that will protect the integrity of these proceedings.

**PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully requests that the Court:

1. **ACCEPT** this supplemental notice into the record of ECF 277;

2. **TAKE JUDICIAL NOTICE** of the altered header and the defamatory statements in
   Banner's September 11 email as additional evidence of misconduct;

3. **RECOGNIZE** that ECF 254 remains a valid pending motion to quash under Rule
   45(d)(3);

4. **FIND** that Defendant's conduct — including misrepresentation of filings, defamatory accusations, fraudulent subpoena practices, and alteration of court records — constitutes continuing **fraud on the court**;

5. **DISMISS Defendant's defenses with prejudice** pursuant to the Court's inherent power and Rule 41(b), as Banner's case rests on a false foundation procured through fraud; and

6. In the alternative, **GRANT Plaintiff's pending requests in ECF 277**, including sanctions, evidentiary exclusion, withdrawal of all subpoenas, and an award of $10,000,000.00 in non-economic damages for reputational harm.

7. **Reservation of Rights** Plaintiff expressly reserves all rights, including the right to seek further relief and to pursue appellate review of any adverse rulings.

**September 12, 2025**

**Respectfully submitted,**
 */s/ Kisha Peters*
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane,
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **September 12, 2025**, I served a true and correct copy of Plaintiff's Motion for Leave to Supplement ECF 277 With Additional Newly Discovered Evidence in Support ECF 277

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking**,

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

**Respectfully submitted,**

_/s/ Kisha Peters_
Kisha Peters
*Plaintiff Pro Se*
2927 Westwood Manor Lane
Houston, Texas 77047
Kipeters1107@yahoo.com
Telephone: 832-782-0199

# EXHIBIT A

**Note:** Plaintiff does not refile the documents below but cites and incorporates them by reference as already on the docket. Exhibits are identified by their prior ECF filing number for the Court's convenience.

**Exhibit C – ECF 288, Exhibit D – ECF 250, Exhibit E – ECF 254, Exhibit F– ECF 277, Exhibit G– ECF 279**

On Thursday, September 11, 2025 at 01:31:41 PM CDT, Jill Chasson <jchasson@cblawyers.com> wrote:

To all on this thread,

I write in response Ms. Peters' email sent on the evening of September 9 (below), which curiously omits my September 3 (not September 3) email to which she is objecting. I would like to provide clarification of our position regarding whether any Motion to Quash subpoenas is pending before the Court in Ms. Peters' lawsuit.

Ms. Peters' September 9 email brought to my attention, for the first time, that the document currently on file with the Court as Document 254 is not the document that the Court originally posted at that docket number and that our firm downloaded. We have attempted to determine why there is a discrepancy.

Investigation has revealed that at 9:27 am MST on August 1, we received an email from the Court notifying us that Ms. Peters had filed a document, which was given number 254 on the docket. My assistant promptly logged into the e-filing system to retrieve document 254 by clicking on the link in the email, which is standard procedure. The attached 32-page document is the document that was displayed and that we downloaded at that time. It was created at 9:32 a.m. and saved to our document management system at 9:35 a.m. This is the document for which I provided an excerpt in my September 9 email. (I still believe that the portions of the document related to settlement discussions are not appropriate for Thriveworks to have, but since Ms. Peters put the information into public filings and already provided full copies of ECF 250 and 254, that horse has left the barn.)

As you can see, the document we downloaded from the Court has the blue heading applied by the CM/ECF system, reflecting the case number and document number. The reason the heading was not blue in the excerpt I circulated is because that excerpt was prepared by copying the relevant pages on a black and white copier, redacting some of them, and then scanning them in the same black and white copier. There has been no falsification or document tampering by me or anyone at my law firm.

It appears that sometime after 9:32 a.m. MST on August 1, the clerk's office realized that the wrong ← document had been posted as #254 and corrected the error by replacing what we downloaded with the 33-page *Motion for Leave to file Motion to Quash Subpoena and for Protective Order*. However, we never received any notification of the change; thus, we were unaware of it until receipt of Ms. Peters' September 9 email with a copy of the filing. I have since logged into the PACER system and confirmed that the document she provided is the document currently on file with the Court. The Court has not been terribly helpful in explaining the discrepancy; we will continue to try to get a definitive answer, but I did not want to delay further in providing this information.

Based on the above, I apologize to Ms. Peters for stating that she has not filed a Motion for Leave to file Motion to Quash. I now know that is not true. It remains true, however, that the Court has not accepted ✳ that filing, and therefore, no Motion to Quash from either Ms. Peters or Thriveworks is pending before the Court.

**Jill Chasson**

she/her

**Coppersmith Brockelman PLC**

Office: 602.381.5481

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004

cblawyers.com | Facebook | LinkedIn

# EXHIBIT B

Re: Thriveworks Subpoena [CB-MAINDOCS.FID317922]

From:  Kisha Peters (kipeters1107@yahoo.com)

To:  mary.gagliardi@thriveworks.com; jchasson@cblawyers.com

Cc:  afox@cblawyers.com

Date:  Thursday, September 11, 2025 at 03:53 PM CDT

**Subject:** Response to Banner Counsel's September 9 and September 11 Emails – Misrepresentation of Court Filings and Defamatory Statements

Dear Ms. Chasson,

I respond to your recent emails regarding ECF 254 and your prior communications to Thriveworks.

---

## 1. Attempt to Divert with "September 3"

Your reference to an September 3 communication does not address the central issue: on September 9 at 6:30PM, you told Thriveworks that Plaintiff had not filed a motion to quash, and attached a misrepresented filing as "proof." Plaintiff corrected the record by pointing to ECF 254. The September 3 date is immaterial to that misrepresentation.

---

## 2. Claim of "Clerk Error" and Docket Discrepancy

Your suggestion that the Clerk "replaced" ECF 254 is unsupported.

- When the Clerk makes an error, it is always noted on the docket (see ECF 40 "ERROR DUPLICATE FILING"; ECF 181 "DOCKETED IN ERROR").

- No such notation exists for ECF 254. It is valid, docketed, and pending.

Further, Plaintiff served ECF 254 on your office via USPS Certified Mail (Tracking No. 9502 1107 5967 5213 8488 27), signed for by E. Hahlic. Banner therefore had actual possession of the correct filing well before your September 9 statements to Thriveworks.

| 08/23/2024 | 40 | ERROR DUPLICATE FILING - EXHIBIT 5 USB re: 37 MOTION for Summary Judgment. 38 Memorandum. 39 Exhibits by Kisha Peters, filed. (cmk4) Modified on 8/26/2024 (bli4). (Entered: 08/23/2024) |
|---|---|---|
| 05/05/2025 | 181 | DOCKETED IN ERROR. THIS IS DUPLICATE OF ATTACHED EXHIBITS IN ENTRY 180 .Other EXHIBITS by Kisha Peters, filed. (hl4) Modified on 5/6/2025 (th4). (Entered: 05/05/2025) |

**3. The Court Record**

The docket entry for ECF 254 states:

> "MOTION for Leave to File Motion to Quash Subpoena and for Protective Order
> Motions referred to Christina A Bryan. by Kisha Peters, filed. Motion Docket Date
> 8/22/2025. (Attachments: #1 Exhibits) (mmm4). (Entered: 08/01/2025)."

No correction, substitution, or clerk error is recorded. Your contrary statement is false.

| | | |
|---|---|---|
| 08/01/2025 | 254 | MOTION for Leave to File Motion to Quash Subpoena and for Protective Order Motions referred to Christina A Bryan. by Kisha Peters, filed. Motion Docket Date 8/22/2025. (Attachments: # 1 Exhibits) (mmm4). (Entered: 08/01/2025) |

**4. The "Downloaded Document" Narrative**

You now assert that your office downloaded a different 32-page document on August 1, which
you later excerpted and circulated. Even if true, this confirms your office circulated **an altered
and incomplete version** of the docket. By redacting, re-scanning, and stripping context, your
excerpt misrepresented ECF 254 (39 pages total) to a third party. To further clarify, even if the
document was scanned in black and white, the header should still accurately reflect the official
CM/ECF docket record. Instead, the version sent to Thriveworks contained an **altered header**
that does not match the Court's records and cannot be located anywhere on the docket.

Case 4:24-cv-00772    Document 254    Filed on 08/01/25 in TXSD    Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
**FILED**

AUG 0 1 2025

**KISHA PETERS,**

§
R

Nathan Ochsner, Clerk of Court

Case 4:24-cv-00772    Document 254-1    Filed on 08/01/25 in TXSD    Page 2 of 33
Case 4:24-cv-00772    Document 250    Filed on 07/25/25 in TXSD    Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

United States Courts
Southern District of Texas
FILED

JUL 2 5 2025

Nathan Ochsner, Clerk of Court

KISHA PETERS,                §
                            §
        Plaintiff,           §
                            §

## 5. Partial Admission and Continued Defamation

You wrote:

> "*Based on the above, I apologize to Ms. Peters for stating that she has not filed a Motion... I now know that is not true. It remains true, however, that the Court has not accepted that filing, and therefore, no Motion to Quash... is pending before the Court.*"

This is self-contradictory and inaccurate:

- ECF 254 is docketed and referred to Judge Bryan. That is the process for motions for leave.

- A docketed motion is pending and accepted unless stricken.

- To claim otherwise before Thriveworks is a **material misrepresentation**.

Such statements — suggesting Plaintiff misrepresented filings or submitted "non-accepted" motions — constitute **defamation per se** because they directly impugn Plaintiff's honesty and integrity before the Court and third parties.

## 6. Conclusion and Demand

**Federal court filings are judicial records presumptively open to the public, and any party may cite, reference, or provide such documents unless they are sealed by order of the Court.**" (*See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

The record establishes:

- ECF 254 is a valid pending motion to quash.

- Banner's representation to Thriveworks that "no motion exists" was false.

- Your "clerk error" explanation is unsupported.

- The excerpts you circulated were misleading.

Accordingly, Plaintiff demands that Banner:

1. Withdraw all outstanding subpoenas;

2. Return or certify destruction of all records obtained after August 1, 2025; and

3. Issue a written retraction to Thriveworks and any other provider that received your misrepresentation.

Failure to comply will result in Plaintiff seeking sanctions for fraud on the Court and pursuing all remedies for defamation and reputational harm- which is presever for appeallate review.

Respectfully,
Kisha Peters
Pro Se Plaintiff

Case No. 4:24-cv-00772 – S.D. Tex

On Thursday, September 11, 2025 at 01:31:41 PM CDT, Jill Chasson <jchasson@cblawyers.com> wrote:

To all on this thread,

I write in response Ms. Peters' email sent on the evening of September 9 (below), which curiously omits my September 9 (not September 3) email to which she is objecting. I would like to provide clarification of our position regarding whether any Motion to Quash subpoenas is pending before the Court in Ms. Peters' lawsuit.

Ms. Peters' September 9 email brought to my attention, for the first time, that the document currently on file with the Court as Document 254 is not the document that the Court originally posted at that docket number and that our firm downloaded. We have attempted to determine why there is a discrepancy.

Investigation has revealed that at 9:27 am MST on August 1, we received an email from the Court notifying us that Ms. Peters had filed a document, which was given number 254 on the docket. My assistant promptly logged into the e-filing system to retrieve document 254 by clicking on the link in the email, which is standard procedure. The attached 32-page document is the document that was displayed and that we downloaded at that time. It was created at 9:32 a.m. and saved to our document management system at 9:35 a.m. This is the document for which I provided an excerpt in my September 9 email. (I still believe that the portions of the document related to settlement discussions are not appropriate for Thriveworks to have, but since Ms. Peters put the information into public filings and already provided full copies of ECF 250 and 254, that horse has left the barn.)

# EXHIBIT H

**AI Use Compliance Statement -** General Order 2025-04 Disclosure**:**

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement -** Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.