UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**
SEP 15 2025
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **KISHA PETERS,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No: 4:24-cv-00772 |
| **BANNER HEALTH d/b/a BHT BANNER HEALTH OF TEXAS** | § § § § | Jury Demand |
| Defendant. | § | |

**MOTION OF LEAVE TO FILE NOTICE OF COMPLIANCE WITH COURT ORDER (ECF 268)**

Plaintiff **Kisha Peters**, appearing pro se, respectfully submits this Notice of Compliance regarding the Court's August 15, 2025, Order (ECF 268) governing the Rule 35 examination.

1. On September 15, 2025, Plaintiff appeared for the Rule 35 examination conducted by Dr. Erin Nelson **via Zoom** at the time set by the parties.

2. **Legal Interpretation.** In federal practice, if the Court intended to require video, it would have said so. "**Via Zoom**" includes both audio or video. Thus, appearing on Zoom with audio only satisfies the Court's directive. The Order does not say:

    - "by video";
    - "with Plaintiff's camera on"; or
    - "Plaintiff must appear visually."

    The Court specified the platform (Zoom), not the mode (video vs. audio).

3. The burden was on Banner, as the moving party, to advise the Court of any specific conditions necessary to complete their requested examination. Banner never requested,

1

and the Court never ordered, that Plaintiff appear on video or with her camera on. The Order at ECF 268 requires only that the examination occur "via Zoom."

4. The defense's own motion (ECF 253) did not request that Plaintiff appear on camera, and the Court did not order it.

5. The defense's own email of September 14, 2025, providing the Zoom link for the examination, expressly included **audio-only options** (telephone dial-in and iPhone one-tap). This confirms that Plaintiff's participation by audio satisfies the Court's directive. A copy of this email is attached hereto as **Exhibit A**.

6. Despite Plaintiff's full participation via Zoom audio, **Dr. Nelson was unable to complete the examination** as outlined in the Court's Order (ECF 268). The inability to proceed was **not due to any refusal or obstruction by Plaintiff**, but rather reflects the defense's failure to provide the court with all the elements required to carry out the examination.

7. Let the record show that the Court's Order at ECF 268 granted Banner's Rule 35 request exactly as Banner requested it in their motion, including providing the plaintiff with the option by Zoom Video or audio.

8. Because Banner failed to meet the conditions requirement for their own medical examiner, Dr. Nelson was therefore unable to complete the examination under the conditions they sought; the responsibility lies with the defense. Plaintiff should not be penalized for the defense's failure to obtain the relief they now claim was necessary. To hold otherwise would further prejudice Plaintiff, who fully complied with the Court's directive.

2

9. Plaintiff files this Notice to ensure that the record reflects her **full compliance** with ECF 268. To the extent Defendant may contend otherwise, Plaintiff respectfully notes that the Court's Order did not impose any requirement of video appearance, and Plaintiff complied in good faith with both the **letter and spirit** of the Order.

**September 15, 2025**

                                            **Respectfully submitted,**
                                            */s/ Kisha Peters*
                                            Kisha Peters
                                            *Plaintiff Pro Se*
                                            2927 Westwood Manor Lane,
                                            Houston, Texas 77047
                                            Kipeters1107@yahoo.com
                                            Telephone: 832-782-0199

## CERTIFICATE OF SERVICE

I hereby certify that on **September 15, 2025**, I served a true and correct copy of Motion Of Leave To File Notice Of Compliance With Court Order (Ecf 268)

Practices on Defendant's counsel via:

- **U.S. Certified Mail with Tracking,**

in accordance with Federal Rule of Civil Procedure **5(b)(2)(C)**.

Additionally, Defendant's counsel receives electronic notice through the **CM/ECF system**, which provides an official filed copy upon docket entry.

**Andrew Fox** (Pro Hac Vice Attorney)
Email: afox@cblawyers.com
**Jill Chasson** (Pro Hac Vice Attorney)
Email: jchasson@cblawyers.com

                                                        **Respectfully submitted,**

                                                        */s/ Kisha Peters*
                                                        Kisha Peters
                                                        *Plaintiff Pro Se*
                                                        2927 Westwood Manor Lane
                                                        Houston, Texas 77047
                                                        Kipeters1107@yahoo.com
                                                        Telephone: 832-782-0199

4

# EXHIBIT A

Rule 35 Examination Tests and Zoom Link + Medical Records Matters [CB-MAINDOCS.FID317922]

From: Jill Chasson (jchasson@cblawyers.com)

To: kipeters1107@yahoo.com

Cc: afox@cblawyers.com

Date: Sunday, September 14, 2025 at 01:15 AM CDT

Dear Ms. Peters,

As required by the Court's August 15, 2025 order (ECF 268), we are providing a list of potential tests that Dr. Nelson may administer during the examination scheduled for Monday, September 15, beginning at 8:00 a.m.

1. Personality Assessment Inventory (PAI)
2. Millon Clinical Multiaxial Inventory - IV (MCMI-IV)

And here is the Zoom link for the examination:

**Join from PC, Mac, Linux, iOS or Android (audio and video):** https://tcu.zoom.us/j/91724501993

⟶ **Or iPhone one-tap (audio only):** US: +13462487799,,91724501993# or +16694449171,,91724501993#

**Or Telephone (audio only):** US: +1 346 248 7799 or +1 669 444 9171 or +1 669 900 6833 or +1 719 359 4580 or +1 253 205 0468 or +1 253 215 8782 or +1 646 876 9923 or +1 646 931 3860 or +1 689 278 1000 or +1 301 715 8592 or +1 305 224 1968 or +1 309 205 3325 or +1 312 626 6799 or +1 360 209 5623 or +1 386 347 5053 or +1 507 473 4847 or +1 564 217 2000

**Meeting ID: 917 2450 1993**
**International numbers available:** https://tcu.zoom.us/u/adnsUQpeqh

In addition, I have attached the documents we have received from CareNow and Brain & Spine Clinic (Dr. Ghosh) in response to the subpoenas we served on them, which we have numbered CN000001-02 and BSC000001-012, respectively. As you know, we also served a subpoena on

Behavioral Health Consultants, the entity with which your Ninth, Tenth and Eleventh Disclosures say your therapist Clotie Wayland is affiliated. Having received no response at all from BHC, we contacted them by phone a few days ago and were informed that BHC does not have a record of you being a patient there. Accordingly, we will be issuing a new subpoena to Providence Health & Services aka Providence Health Plan, with which Ms. Wayland also appears to be affiliated. In accordance with Fed. R. Civ. P. 45(a)(4), this email provides you with notice of same and a copy of that subpoena, which is directed to Providence's statutory agent in Texas.

Regards,

**Jill Chasson**
she/her

---

**Coppersmith Brockelman PLC**
Office: 602.381.5481
2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn


CN000001-CN000002.pdf
714.4 KB


BSC000001-BSC000012.pdf
5.6 MB


2025-09-12 DRAFT SDT to Clotie Wayland at Providence Health Services.pdf
262.3 KB

# EXHIBIT B

**AI Use Compliance Statement** - General Order 2025-04 Disclosure:

Pursuant to General Order 2025-04, Plaintiff discloses that portions of this motion were drafted with the assistance of a generative AI tool (ChatGPT) and affirms that the filing was fully reviewed, edited, and approved by Plaintiff, who accepts full responsibility for its content, accuracy, and citations.

**Parentheticals Compliance Statement** - Plaintiff affirms that all case law cited in this filing has been personally reviewed in full. Any use of quotations, summaries, or parentheticals accurately reflects the cited authority. Where paraphrasing is used, it is done in good faith to summarize the holding, consistent with standard practice in this Court and as reflected in recent filings by both Magistrate Judge Bryan and District Judge Brown.