United States District Court
Southern District of Texas
**ENTERED**
January 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KISHA PETERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-772 |
| | § | |
| BANNER HEALTH D/B/A BHT | § | |
| BANNER HEALTH OF TEXAS, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion for the Sanction of Dismissal.[1] ECF 374. Defendant asks the Court to dismiss Plaintiff's claims with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A). *Id.* at 2. Defendant argues that Plaintiff's "history of litigating this case on her own terms," including her recent refusal to sit for her deposition, renders "any lesser sanction . . . futile." *Id.* For the reasons discussed below, the Court RECOMMENDS the Motion be GRANTED.

### I. Factual and Procedural Background.

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. ECF 23. Plaintiff brought claims for racial

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

discrimination and retaliation against her former employer, Banner Health. *Id.* Since Plaintiff filed her original Complaint in March 2024, her litigation tactics have required the Court to spend excessive amounts of time and resources adjudicating discovery and other subsidiary disputes.

The Motion currently before the Court was filed after Plaintiff failed to appear for her deposition as ordered by the Court. Because Plaintiff obstructed Defendant's first attempt to take her deposition (*see* ECF 358) by interjecting dozens of frivolous objections to questions, the Court ordered her to appear for deposition on December 12, 2025, and refrain from objecting to individual questions.[2] ECF 365. Plaintiff did not appear. ECF 374 at 1; ECF 374-1 at 18-19, 20-21. Defendant then filed a Motion seeking dismissal of Plaintiff's suit as a sanction. ECF 374. Plaintiff filed a response to which Defendant replied. ECF 376; ECF 379.

Plaintiff's failure to appear for her deposition is the most egregious example of her refusal to follow this Court's orders and her willful flouting of the Court's authority to manage the case. A summary of Plaintiff's extensive history of obstructive behavior and disregard for the Court's authority is set forth below.

---

[2] The Court informed Plaintiff that she could make any and all objections at the beginning of her deposition, that those objections would be treated as running objections, that no objection to an individual question would be waived, and that she could assert objections for a ruling by Judge Lake if Defendant attempted to use her deposition testimony at trial. *See* ECF 365; ECF 370.

**A. Plaintiff has refused to recognize the authority of the Court and continuously asserts her own interpretation of Court orders as support for her obstructive tactics.**

At every turn, Plaintiff has resisted the Court's, especially the Magistrate Judge's (MJ's), authority to manage this case. *See, e.g.*, ECF 96 (objecting and moving to vacate MJ's rulings and reconsider discovery orders); ECF 114 (arguing MJ's discovery orders cannot be enforced while objections under Rule 72(a) are pending); ECF 118 (arguing District Judge's (DJ's) order of adoption could not be enforced while motion for reconsideration was pending); ECF 124 (same); ECF 225 (objecting to MJ's Order denying leave to file additional requests for admission); ECF 372 at 4 (refusing to appear for deposition because MJ's order setting the deposition is legally disputed and potentially void).

Plaintiff premised her refusal to appear for her deposition as ordered, like many of her acts of noncompliance, on her erroneous interpretations of this Court's orders and the law. On December 9, 2025, she emailed Defendant's counsel and explained she would not appear for deposition because the Magistrate Judge lacked authority to extend discovery deadlines set by the District Judge. ECF 374-1 at 21 (arguing MJ's deposition order improperly relied on a superseded order [ECF 205] and that MJ's order [ECF 365] could not amend the DJ's prior scheduling order). In a later-filed Motion to Stay, she brazenly stated:

> Plaintiff respectfully notifies the Court and defense counsel that: Absent a ruling [on her Motion for Reconsideration or Motion to Stay]

3

on or before December 11, 2025, Plaintiff will be unable to appear at the deposition scheduled for December 12, 2025, as enforcement of ECF 365 is legally disputed, unsupported, and potentially void . . . According to the Court's own scheduling order, all discovery was required to be completed by December 3, 2025, including depositions. The Deposition now scheduled for December 12, 2025, is in direct violation of that order. Defendant has not moved to reopen discovery, and no such leave was granted. Enforcement of ECF 365 [order requiring her to sit for a deposition] to compel post-deadline discovery would not only violate the rules, but would also amplify the prejudice caused by Defendant's misrepresentations.

ECF 372 at 3-4.  Plaintiff made this argument despite a specific order from the Magistrate Judge stating that "the discovery deadline in this case is extended to December 12, 2025, so that Plaintiff's deposition may be completed."  ECF 365 at 2.

Plaintiff continued to premise her noncompliance on her own interpretation of court orders and the law, despite the Court having explained to her at a hearing that she did not have the authority to decide the effect of court orders.   ECF 370 at 3-4.[3]  In prior written orders, the Court explained how objections and stays worked,

---

[3] As stated on the record at the discovery hearing:

> THE COURT: [Y]ou do not have the ability to interpret Judge Lake's orders or my orders and decide what they mean.  Orders of adoption from Judge Lake do not override my prior orders.  The only time a prior order is overridden is if it is a Scheduling Order where we extend a deadline, then the new deadline applies.  Otherwise, every order that has been issued in the case remains in place and is valid, and you do not have the ability to decide what you will and will not comply with based on your interpretation.  Understood?
>
> MS. PETERS: I object, but I understand what you're saying.

ECF 370 at 3:21-4:7.  The Court continued:

namely, that Plaintiff's remedy was to object or appeal but that she had to continue to obey an order from a magistrate judge or district judge absent action by the district or magistrate judge or a higher court.  ECF 168 (explaining how referrals operate); ECF 334; ECF 335.  Despite repeated admonishments, Plaintiff has continued to act as her own authority and refused to comply with court orders.

### B. Plaintiff obstructed her deposition and then refused to complete the deposition in violation of this Court's order.

Defendant first attempted to depose Plaintiff on December 3, 2025.  The same day, Defendant filed a discovery dispute letter stating the deposition was terminated early because Plaintiff improperly refused to answer questions and asserted baseless objections.  ECF 358.  The unedited, uncertified version of the transcript attached to the letter portrays a calculated campaign of obstruction: Plaintiff asserted over 75 frivolous "form," "asked and answered," "relevance," and "document speaks for itself" objections over the course of approximately 80 minutes.  ECF 358 at 24-81. She invoked "privilege" as a basis for refusing to answer how many people currently lived with her at her residence.  *Id.* at 35.  In response to a question about whether she has a brother, Plaintiff responded with a form objection and claimed "the

---

Secondly, if I issue an order, that order is good, even before Judge Lake adopts it or overrules it.  I don't think he's overruled any of my orders so far, but you aren't able to refuse to comply with orders based on your pending objections. Understood? *Id.* 4:24-5:4.  Plaintiff responded:
But once again, I object on the record, . . ..  To move forward, I'm going to say, okay.
*Id.* 5:5-9.

document speaks for itself" because Banner had "this information already in the medical records." *Id.* at 42. Plaintiff's obstruction reached new heights of absurdity when Defendant's counsel asked three times after a break if she was aware she was still under oath. Each time Plaintiff responded with "asked and answered." *Id.* at 63-64. Finally, on the fourth try, Plaintiff admitted she was aware she was still under oath. *Id.* at 65.

On December 8, 2025, in response to a letter from the Defendant regarding Plaintiff's conduct at the deposition, the Court held a discovery conference. *See* ECF 359. After hearing from both parties, the Court ordered the discovery deadline be extended, and that Plaintiff sit for her deposition on December 12, 2025. ECF 365. The Court also provided specific guidelines for the deposition. *Id.* The Court warned Plaintiff three times during the hearing that failure to comply with the order to sit for her deposition would result in sanctions up to and including dismissal of her case.[4] The Court explicitly inquired whether Plaintiff was aware of the gravity of the need to comply with the deposition order: "Do you understand that you're at risk for sanctions if you violate my order when your deposition resumes?" ECF 370 at 26:2-4. Plaintiff responded as follows:

---

[4] "If you violate my order, you are going to be subject to having your case dismissed, because you are making it impossible for the case to proceed, the deposition and their opportunity to get your testimony about factual information." ECF 370 at 23:6-12. "Ms. Peters, I'm just warning you. If you don't comply, you, too, are at risk for having your lawsuit dismissed. You are making it impossible to litigate this case." *Id.* at 25:21-24. "If you violate my order at your next deposition, then you will be subject to sanctions." *Id.* at 29:11-13.

> You[] already sanctioned me on it now, fraud on the Court when we
> already did that. So, I guess you would sanction me again, Your Honor.
> And you probably want to do – I feel you want to dismiss my case on a
> technicality versus merit, Your Honor. So, whatever you feel you need
> to do, I fully understand that.

*Id.* at 26:5-10. After receiving multiple warnings about the risk of dismissal and in violation of the Court's order, Plaintiff refused to appear for her deposition. ECF 374-1 at 18-29.

### C. Plaintiff obstructed the Rule 35 Exam and failed to comply with a lesser monetary sanction.

In August 2025, the Court granted Defendant's motion to conduct a Rule 35 exam regarding Plaintiff's mental health. ECF 268. The original order required the parties complete the exam by September 19, 2025, with an October 10, 2025, discovery deadline. *Id.* at 16-18. Plaintiff objected to the order (ECF 278) and filed an emergency motion to stay. ECF 279. The District Judge overruled Plaintiff's objections. ECF 286. Defendant then notified the Court that Plaintiff was obstructing the scheduling of the exam (ECF 287), so the Court ordered her to complete the exam on September 15, 2025. ECF 288 (noting that failure to comply with the order could result in sanctions including dismissal). Plaintiff objected to the Magistrate Judge's order. ECF 290. Again, the District Judge overruled her objection. ECF 292.

On the day of the scheduled Rule 35 Exam, which was to be conducted via Zoom, Defendant notified the Court that Plaintiff was refusing to enable her video

for the interview. *See* ECF 295. The Court clarified in a written order that Plaintiff was required to appear by video. *Id.* Due to Plaintiff's initial refusal to appear on camera and her frequent objections to the examiner's questions, the parties were unable to complete the Rule 35 Exam on the scheduled date. ECF 301. The Court subsequently extended the relevant deadlines, ordered the exam to be completed according to specific parameters, and imposed a $1,800 monetary sanction on Plaintiff, an amount representing four hours of the examiner's time incurred as a result of Plaintiff's delay. ECF 307 at 5-6.

Plaintiff objected to the sanction order and filed an emergency motion to stay the order. ECF 309; ECF 310. While her objections and motion were pending, Plaintiff refused to comply with the Court's order to complete the Rule 35 Exam and pay the monetary sanction. ECF 314 ("Nearly two months later [the Rule 35] exam still has not been completed and Plaintiff is once again objecting to doing so."); ECF 314-1 (email from Plaintiff to Defendant falsely claiming her various objections stayed the Magistrate Judge's Order requiring her to complete the Rule 35 exam and imposing the monetary sanction). The District Judge overruled the objections and ordered the exam to go forward on a new schedule. ECF 333. Because Plaintiff refused to choose a date as required by the District Judge's order (*see* ECF 337; ECF 338), the Magistrate Judge ordered Plaintiff to complete the exam either on October 23 or 30, 2025. ECF 339. Plaintiff responded to the Magistrate Judge's order with

objections and an emergency motion to stay.  ECF 345; ECF 347.  The District

Judge overruled the objections (ECF 351), and the Court struck the motion to stay.

ECF 350.  The remainder of the Rule 35 exam took place on October 30, 2025.  *See*

*generally* ECF 357, ECF 357-6.  Plaintiff still has not paid the monetary sanction

imposed by the Magistrate Judge.  ECF 374 at 4.

> ### D. Plaintiff has continued to use false quotations and caselaw in flagrant disregard of Court orders and procedures requiring her to certify the accuracy of information in her filings.

Throughout the case, and following multiple admonishments from the Court,

Plaintiff has continued to file documents containing false quotations and case

citations, which appear to be the product of her use of generative artificial

intelligence ("A.I.") *See, e.g.*, ECF 313 (motion containing averment that Plaintiff

drafted the document with the assistance of ChatGPT).   Although the Court never

prohibited Plaintiff from using A.I. to draft her filings, it reminded her of her

obligations under Rule 11 of the Federal Rules of Civil Procedure and ordered that

> **Plaintiff may not file any document with the Court that was generated by artificial intelligence without ensuring that all of the citations are real and stand for the legal proposition for which they are cited.  Failure to comply with the Court's Order may result in sanctions up to and including dismissal of claims**.

ECF 168 at 7 (emphasis in original). The Court noted in the Order that "many harms

flow from [the use of fake citations] including wasting the opposing party's time and

money, the Court's time and resources, and reputational harms to the legal

system…." *Id*. The Court warned Plaintiff on at least five more occasions that continued inclusion of fake quotations or case citations could trigger sanctions up to and including dismissal. ECF 168 (April 2025); ECF 205 (May 2025); ECF 258 (August 2025); ECF 319 (October 2025); ECF 321 (October 2025); ECF 365 at n. 2 (December 2025 order noting verbal warning given during oral hearing).

Undeterred, Plaintiff continued to include fake citations and case quotations in her filings. *See, e.g.*, ECF 356 (Defendant noting additional fake citations and quotations). Then, on December 8, 2025, the Court ordered Plaintiff to include a certificate with all future filings stating that she had complied with the new requirement to use the Courthouse law library to verify all citations to legal authority. ECF 365. Plaintiff has failed to comply with that Order for all 15 documents she has filed since the Order was entered. *See* ECF 366; ECF 368; ECF 369; ECF 372; ECF 373; ECF 375; ECF 376; ECF 378; ECF 381; ECF 383; ECF 384; ECF 385; ECF 386; ECF 387; ECF 388.

### E. Plaintiff has repeatedly failed to comply with the Court's order requiring her to seek leave before filing a motion or document.

As of January 15, 2026, the docket sheet in this relatively straightforward employment discrimination reflects 388 entries. By the Court's estimate, Plaintiff has filed 159 motions, notices, requests, etc. in 2025 alone, which equals roughly

0.64 filings per business day or slightly more than one filing every other day.[5] Plaintiff has stretched the boundaries of zealous advocacy beyond the breaking point, as exemplified by her objections to an order from the Magistrate Judge that granted her own motions in full. *See* ECF 283.

In an attempt to staunch Plaintiff's ceaseless filings and exercise the Court's necessary and proper role of case management, the Court, in May 2025, ordered Plaintiff to move for leave of Court before filing a notice, motion, request, or other document. ECF 205. Plaintiff has flouted the order on many occasions, resulting in the Court's striking of multiple filings. *See, e.g.*, ECF 334; ECF 350. Even after the Court reiterated the requirement in December 2025 (ECF 365), Plaintiff has continued to file motions and documents without leave. *See, e.g.*, ECF 354; ECF 355; ECF 357; ECF 361; ECF 362; ECF 368; ECF 372; ECF 375. Plaintiff's intentional refusal to comply with the requirement that she seek leave of court before filing rests on her legally baseless argument that the Magistrate Judge's order imposing the requirement to obtain leave of court (ECF 205) was superseded by an order from the District Judge (ECF 333) that *does not even mention* the leave-to-file requirement. ECF 376 at 2-3.

---

[5] *See* General Order 2025-08, *In re Court Holidays*; *Federal Holidays*, U.S. OFF. OF PERS. MGMT., https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2025 (last visited January 15, 2026).

## II.    Legal Standards.

### A. Rule 41(b) dismissal.

Rule 41(b) allows courts to dismiss an action when a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order.  *See* FED. R. CIV. P. 41(b); *Saenz v. Collier*, No. CV H-20-2575, 2021 WL 4228612, at *1 (S.D. Tex. Aug. 18, 2021) ("Authority to dismiss under Rule 41(b) flows from a court's inherent power to control its docket").  Dismissal with prejudice under Rule 41(b) is a sanction reserved for the most egregious cases where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009).  When the Fifth Circuit affirms 41(b) dismissals, it typically "finds one of the following aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *In re Wood*, 199 F. App'x 328, 332 (5th Cir. 2006) (internal quotation marks and brackets omitted); s*ee also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (explaining the development of the 41(b) dismissal requirements).  A Rule 41(b) dismissal functions as an adjudication on the merits unless otherwise stated.  *See Saenz*, No. CV H-20-2575, 2021 WL 4228612, at *1.  Review is for abuse of

discretion.  *See Woods*, 313 F. App'x at 721 (Rule 41 dismissals are reviewed for abuse of discretion).

### B. Rule 37(b) dismissal as a discovery sanction.

Rule 37(b) allows a court to dismiss an action for failure to obey a discovery order.  FED. R. CIV. P. 37(b)(2)(A)(v).  When dismissing a case under Rule 37, a court must make four findings akin to the Rule 41(b) standard: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect."  *Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023) (internal quotation marks and brackets omitted).  Although an extreme sanction, "[c]ourts in this circuit have consistently shown a willingness to impose the ultimate sanction of dismissal as a penalty for those who violate discovery rules."  *Sawyer v. Geico Gen. Ins. Co.*, No. 4:15-CV-03737, 2017 WL 2427733, at *2 (S.D. Tex. May 18, 2017), *report and recommendation adopted,* No. CV H-15-3737, 2017 WL 2423068 (S.D. Tex. June 5, 2017).  Dismissal as a sanction is reviewed for abuse of discretion, with the seriousness of the sanction meriting a particularly scrupulous review.  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76–77 (5th Cir. 2011).

## III.  Analysis.

### A. Plaintiff's conduct warrants dismissal with prejudice under Rule 41(b).

#### 1.  Plaintiff has exhibited contumacious conduct.

The first requirement for Rule 41(b) dismissal is contumacious conduct or a record of clear delay. *Woods*, 313 F. App'x at 721.  Contumacious conduct includes "willful, flagrant bad faith and callous disregard for the responsibilities of a litigant." *Star-Kist Foods, Inc. v. S/S Anchorage*, 97 F.R.D. 527, 528 (S.D. Tex. 1983).  *See also Bullard v. Burlington N. Santa Fe Ry. Co.*, 368 F. App'x 574, 581 (5th Cir. 2010) (defining contumacious conduct as stubborn resistance to authority).

At nearly every turn, Plaintiff has demonstrated "the stubborn resistance to authority which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (internal quotation marks omitted).  For example, Plaintiff's refusal to obey the Court's orders regarding A.I.-generated quotations and citations has required the Court and Defendant to expend significant time and resources searching for and checking Plaintiff's quotations and citations.  *See DuBose v. Brady*, 757 F. Supp. 774, 778 (N.D. Tex. 1991) (granting sanction of dismissal where plaintiff's "refusal to obey Court orders . . . resulted in the defendants having to brief and re-brief the same issues over and over again.").  Plaintiff has consistently disobeyed the Court's attempts to manage the docket and control her deluge of filings.  *See, e.g.* ECF 205 (order requiring Plaintiff to obtain leave of court prior to

14

filing). Plaintiff's resistance to undergoing the Rule 35 exam caused Defendant to incur additional cost and needlessly consumed the Court's judicial resources in dealing with her recalcitrance.

Plaintiff's refusal to sit for her deposition represents her most serious misconduct. Despite being ordered to sit for her deposition on a specific date, Plaintiff refused to attend. Courts consistently find the refusal to sit for a deposition or the interference with scheduling of a deposition to be contumacious conduct. *See Lee v. Sw. Airlines Co.*, No. 24-20346, 2025 WL 2759559, at *4 (5th Cir. Sept. 29, 2025) (in employment discrimination case, pro se litigant's refusal to sit for two scheduled depositions without justification was contumacious conduct warranting dismissal under Rule 41(b)); *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011) (finding contumacious conduct in employment discrimination case where pro se plaintiff refused to schedule deposition "[e]ven after the Magistrate Judge carefully explained deposition requirements and procedures and ordered [plaintiff] to give his deposition at a certain place, date, and time").

A pro se litigants' willful noncompliance based on erroneous or frivolous legal positions can constitute contumacious conduct. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016). In *Nottingham,* the Fifth Circuit affirmed a sanction of dismissal, writing that a "litigant may not flout valid court orders simply because he is not independently certain of their validity[.]" In

*Lee*, the Fifth Circuit agreed that the pro se plaintiff's refusal to comply with two court orders, despite explicit warnings of dismissal, was contumacious because she "questioned [the orders'] propriety and usefulness and then purposefully defied them." *Lee*, No. 24-20346, 2025 WL 2759559, at *4. The court found that this conduct demonstrated "willful defiance . . . that challenged the integrity of the judicial process." *Id.* (internal quotation marks and citation omitted).

In this case, Plaintiff bases her willful noncompliance on erroneous or frivolous legal positions, even after the Court has explained that she cannot do so. For example, she refused to sit for her deposition because, in her opinion, the Magistrate Judge lacked authority to extend discovery. *See* ECF 372 (Plaintiff's statement to that effect); ECF 370 at 4-6 (Plaintiff's statements during discovery hearing). She has insisted that she need not follow the Magistrate Judge's orders requiring her to obtain leave of court before filing documents or prohibiting use of fake citations (ECF 205) because the orders have not been specifically adopted by the District Judge. ECF 372; ECF 370 at 5; ECF 376 at 2-3. On the record, the Magistrate Judge explained that Plaintiff's position was meritless and that she is required to follow all Court orders unless the District or Magistrate Judge, or a higher court, orders otherwise. *See* ECF 370.

During the disputes over the Rule 35 exam and her deposition, Plaintiff repeatedly took the position that Magistrate Judge orders had no legal effect while

objections or a motion to stay were pending.  ECF 334; ECF 372; ECF 374-1.  Her positions clearly constitute contumacious conduct.  *See Pegues*, 451 F. App'x at 418 (finding contumacious conduct where pro se litigant's refusal to comply with order for deposition was based "on meritless arguments about federal discovery rules even after those arguments were rejected.").  The same is true for Plaintiff's refusal to pay the monetary sanction.  *See* ECF 338.  Plaintiff takes the position that she has unilaterally stayed this case, despite the Magistrate Judge explaining that she is unable to do so.  *See* ECF 334 (explaining that merely filing objections or moving to stay a case has no impact on the legal effect of the Magistrate Judge's order); ECF 370; ECF 372; ECF 374-1.

Plaintiff's pro se status or ignorance of the law cannot justify her willful refusal to comply with court orders.  *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (collecting cases for proposition that pro se litigant's ignorance of the law is no excuse). The Court went out of its way, on multiple occasions, orally and in writing, to explain stays, referrals to magistrate judges, objections, and the legal effect of magistrate judge orders.  Even if that were not the case, courts are not always required to provide additional notice or instruction in the law to pro se litigants.  *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (holding that Court need not provide pro se litigants with particularized notice regarding consequences of a Rule 56 motion or court procedures).  In fact, when

asked if she understood the procedures the Court was ordering for her deposition, Plaintiff affirmed that she did.  *See* ECF 370 at 3-5.  Undisputably, Plaintiff's refusals to comply with court orders are knowing, willful, and based on her own erroneous legal theories.  Plaintiff's "insistence on prosecuting this case on her terms or not at all . . . is contumaciousness manifest."  *Naylor v. Town of Rayville*, No. CV 24-101, 2025 WL 3207158, at *1–2 (W.D. La. Nov. 17, 2025) (dismissing pro se plaintiff's case with prejudice where she disobeyed court orders, including an order to appear for deposition).

### 2.  Lesser sanctions have proven futile.

Before imposing dismissal with prejudice as a sanction, the court must have considered or instituted lesser sanctions and found them to be futile.  *Woods*, 313 F. App'x at 721.  Lesser sanctions include fines, costs, damages against the plaintiff, conditional dismissal, dismissal without prejudice, explicit warnings, and giving a party multiple chances to comply with an order.  *See Lee*, No. 24-20346, 2025 WL 2759559, at *4 (citing *Rogers*, 669 F.2d at 321); *Woods*, 313 F. App'x at 721.

Here, the Court has attempted various sanctions to elicit Plaintiff's compliance.  Multiple explicit warnings of dismissal were not enough to stop her from citing fake cases or including fake quotations; she further refused to comply with the requirement that she check her case quotations and citations in the Courthouse law library and include a certificate that she had done so with the filing.

The Court warned Plaintiff several times that failure to attend her deposition would result in dismissal. Those warnings were futile. She has refused to pay a monetary sanction and represents she is financially unable to do so. *See* ECF 328-1; *DuBose*, 757 F. Supp. at 778 (willful refusal to pay monetary sanction justified more extreme sanction of dismissal with prejudice); *Brown*, 664 F.3d at 78 (affirming dismissal with prejudice where court considered monetary sanction but found plaintiff's in forma pauperis status meant he would be unable to pay it). Because admonishments, monetary sanctions, filing requirements, and over 14 explicit warnings[6] have failed to dissuade Plaintiff from disobeying the Court's orders, the Court believes that dismissal without prejudice, conditional dismissal, or other lesser sanction would be ineffective. *See Lee*, No. 24-20346, 2025 WL 2759559, at *4 (affirming magistrate judge's dismissal after consideration of lesser sanctions and finding that they would not achieve desired effect given noncompliance with two separate orders and warnings of dismissal).

---

[6] ECF 69 (December 2024); ECF 108 (February 2025); ECF 168 (April 2025); ECF 205 (May 2025); ECF 209 (May 2025); ECF 258 (August 2025); ECF 288 (September 2025); ECF 295 (September 2025); ECF 319 (October 2025); ECF 321 (October 2021); ECF 334 (October 2025); ECF 339 (October 2025); ECF 365 (December 2025, referencing warnings at discovery hearing); ECF 370 (multiple warnings on record at discovery hearing).

### 3.  All of the aggravating factors are present in this case.

The Fifth Circuit affirms dismissals with prejudice when one of the following factors are present: delay or conduct by party itself, not counsel; actual prejudice; intentional conduct.  *See Rogers*, 669 F.2d at 320.

Although only one aggravating factor is needed, all three are present in this case.  First, Plaintiff is pro se, and so she "has no counsel to blame for [her] actions." *Pegues*, 451 F. App'x at 418.  Second, Plaintiff's actions have prejudiced Defendant by causing delay and additional costs which lesser sanctions have not been able to remedy.   The ability to depose Plaintiff, an alleged victim of workplace discrimination, is vital to Defendant's ability to defend the case.  *See Pegues*, 451 F. App'x at 418 (finding it was "not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial and defend [plaintiff's] sometimes vague and confusing claims"); *Singh v. Wal-Mart Stores Inc.*, No. 1:17-CV-1120-RP, 2022 WL 891969, at *4 (W.D. Tex. Mar. 25, 2022) (noting refusal to sit for deposition prejudiced defendant's ability to conduct discovery and defend case); *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005) (noting plaintiff's failure to make herself available for deposition prejudiced defendant), *aff'd,* 177 F. App'x 427 (5th Cir. 2006). Third, Plaintiff's conduct must be viewed as intentional given the number of warnings she

has received and her own statements that she is intentionally disobeying the Magistrate Judge's orders.

### B. Plaintiff's refusal to sit for her deposition warrants dismissal under Rule 37(b).

A dismissal with prejudice as a discovery sanction under 37(b) requires a finding that: (1) the discovery violation was committed willfully or in bad faith; (2) the client is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect. *See Sawyer*, No. 4:15-CV-03737, 2017 WL 2427733, at *2; *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008). Courts often conduct 41(b) and 37(b) dismissal with prejudice analyses together because the factors are similar. *See, e.g.*, *Singh*, No. 1:17-CV-1120-RP, 2022 WL 891969, at *4; *Pegues*, 451 F. App'x at 417–18; *Sawyer*, No. 4:15-CV-03737, 2017 WL 2427733, at *2. Review of the Rule 37(b) factors demonstrates support for dismissal with prejudice.

Plaintiff's refusal to attend her deposition, after being ordered to do so, and warned that noncompliance with the order would result in dismissal, can only be viewed as intentional. *See* ECF 372 at 4 (Plaintiff's filing stating she will not appear for the deposition as ordered absent a ruling on her pending motions). Because Plaintiff is pro se, she cannot blame her counsel for her disruptions during the first deposition or her refusal to appear for the second. As with the Rule 41(b) factors,

Plaintiff's failure to attend the deposition prejudices Defendant's ability to conduct discovery and prepare its defense.

Finally, as previously mentioned, the Court employed lesser sanctions to no avail. Plaintiff tellingly makes no attempt to justify her nonappearance or indicate that she would sit for her deposition in the future. ECF 376. Instead, she asserts her own erroneous interpretations regarding the legal effect of the Magistrate Judge's orders. Her past behavior convincingly demonstrates that lesser sanctions will not induce compliance. Therefore, dismissal with prejudice under 37(b) is appropriate. *See O'Neill v. AGWI Lines*, 74 F.3d 93, 96 (5th Cir. 1996) (plain meaning of Rule 37 allows a court to dismiss a case for violation of a discovery order). *See also* FED. R. CIV. P. 37(d)(1)(A)(i) (additionally allowing courts to sanction for failure to attend a deposition).

## IV. Conclusion and Recommendation.

The Court "has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law," and Plaintiff, proceeding pro se, has the same right to access the courts as a represented litigant. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). *See* 28 U.S.C. § 1654 (noting the right to appear personally or by counsel in "all courts of the United States"). Nevertheless, Plaintiff's pro se status does not give her "license to harass others, clog the judicial machinery with meritless litigation, and abuse already

overloaded court dockets," thereby depriving others of finite judicial resources. *Farguson*, 808 F.2d at 359.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 374) be GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE under Rules 41(b) and 37(b)(2)(A).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 15, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge